UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEITH JOHNSON, COLBY GOROG, JOSHUA FLINT, LOUIS ROBINSON, JAMES DUONG, FERNANDO URIZA, MICHAEL TWOMEY, and JESSICA CALKINS, individually and on behalf of all others similarly situated,<br><br>       Plaintiffs,<br><br>v.<br><br>ELON MUSK, SPACE EXPLORATION TECHNOLOGIES CORP dba SPACEX, TESLA, INC., THE BORING COMPANY, DOGECOIN FOUNDATION, INC., BILLY MARKUS, JACKSON PALMER, DOGECOIN DEVELOPERS class representative ROSS NICHOLL and DOGE ARMY class representative MATT WALLACE, individually and on behalf of all others similarly situated,<br><br>       Defendants. | Case No.: 1:22-cv-05037-AKH<br><br><br><br>**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT** |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................................2

INTRODUCTION ……………………………………………………………………….… 3

PROCEDURAL HISTORY................................................................................................... 4

FACTUAL DEVELOPMENTS ............................................................................................ 4

ARGUMENT.......................................................................................................................... 6

 A. The Requested Amendment Furthers the Interest of Justice……………...…............ 8

 B. The Requested Amendment Will Not Unduly Prejudice the Defendants............................8

 C. The Requested Amendment Is Not Unduly Delayed............................................................8

1

    D.  The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive. ..........................9

    E.  The Proposed Amendment Is Not Futile. ...................................................................7

CONCLUSION.................................................................................................................. 11

## TABLE OF AUTHORITIES

**CASES**                                                                                                                      **Page(s)**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)................................................................................................... 8

*Assam v. Deer Park Spring Water, Inc.*,
163 F.R.D. 400 (E.D.N.Y. 1995).............................................................................................. 4

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) .................................................................................................... 4

*Clark v. Dematic Corp.*,
No. 5:14-CV-750, 2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) ............................................... 6

*In re Countrywide Financial Corp. Mortgage-Backed Securities Litigation*,
934 F.Supp.2d, 1219 (C.D. Cal. Mar. 21, 2013) ...................................................................... 7

*In re Direxion Shares ETF Trust*,
No. 09-cv-08011, 2012 WL 717967 (S.D.N.Y. Mar. 6, 2012) ................................................... 7

*Gracia v. City of N.Y.*,
No. 16-CV-7329 (VEC), 2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017)..................................... 9

*United States ex rel. Hayes v. Allstate Ins. Co.*,
686 F. App'x 23 (2d Cir. 2017) ................................................................................................ 9

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
681 F.3d 114 (2d Cir. 2012).................................................................................................... 10

*Pasternack v. Shrader*,
863 F.3d 162 (2d Cir. 2017).................................................................................................... 8

*Presbyterian Church Of Sudan v. Talisman Energy, Inc.*,
582 F.3d 244 (2d Cir. 2009).................................................................................................... 9

*Ricciuti v. N.Y.C. Transit Auth.*,
941 F.2d 119 (2d Cir. 1991).................................................................................................. 6

*Shiah Yih Indus. Co. v. Sitco Importing Co.*,
No. 96 CIV. 0356, 1997 WL 304903 (S.D.N.Y. June 5, 1997)....................................... 6

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981)...................................................................................................7

*Twahir v. Vill. Care of New York, Inc.*,
No. 10 CIV. 9452, 2011 WL 2893466 (S.D.N.Y. July 12, 2011) ............................................... 6

*Williams v. Citigroup Inc.*,
659 F.3d 208 (2d Cir. 2011).................................................................................................. 6

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)..............................................................................................................7

Fed. R. Civ. P. 15(a) .................................................................................................................3

## INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiffs Keith Johnson, Colby Gorog, Joshua Flint, Louis Robinson, James Duong, Fernando Uriza, Michael Twomey, and Jessica Calkins, individually and on behalf of all others similarly situated, respectfully submit this brief in support of their motion for leave to file their second amended class action complaint ("Second Amended Complaint" or "SAC"). Defendants have yet to enter an appearance in this case, and only three months have elapsed since Plaintiffs filed their First Amended Complaint ("FAC"). In that time, new evidence has come to light that further supports Plaintiffs' claims, including evidence of continuing market manipulation by Defendant Elon Musk, and new guidance from the SEC that clarifies the status of cryptocurrency as a securities instrument. Accordingly, Plaintiffs now seek leave to file a second amended complaint that includes allegations based on these developments and conforms the requested relief to the claims

3

presented. In addition, Plaintiffs seek leave to amend to name one new Plaintiff while dismissing several other named Plaintiffs, thus reducing the overall number of parties; to dismiss all but two Defendants; to file the certifications required by PSLRA at 15 U.S.C. § 77z-1(a)(2)(A); and to simplify the pleadings to better conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

This is a ten-count securities class action arising from a textbook pump-and-dump scam Defendants Elon Musk *et al.* used to wrongfully profit to the tune of billions of dollars on the backs of thousands of working Americans. Plaintiffs filed their first Complaint with the Court on June 16, 2022. On September 6, 2022, Plaintiffs filed the FAC, containing ten causes of action including seven Securities Act violations, civil RICO violations, fraud, and unjust enrichment. Defendants have yet to enter an appearance or file a responsive pleading. For the reasons outlined herein, Plaintiffs now request leave to file a second amended complaint, pursuant to Rule 15.

## FACTUAL DEVELOPMENTS

In the three months since Plaintiffs' First Amended Complaint was filed, additional evidence has come to light that further supports Plaintiffs' claims:

- SEC Chair Gary Gensler announced on September 8, 2022, two days after the amended complaint was filed, that the SEC has made it clear that most cryptocurrencies are in fact investment contract securities subject to securities laws.[1]

---

[1] *Chair Gensler: Crypto Markets Not Incompatible With Securities Laws*. SEC.gov. (September 7, 2022). Retrieved November 26, 2022, from https://www.sec.gov/page/chair-gensler-crypto-markets-not-incompatible-securities-laws

- Since September 6, 2022, when Plaintiffs' First Amended Complaint was filed, Defendant Musk has continued his course of market-manipulative conduct alleged in the complaint:

    o On October 31, 2022, after purchasing Twitter, Musk posted a picture of a Shiba Inu dog (symbol of the Dogecoin cryptocurrency) wearing a Twitter sweater to his 117 million followers, accompanied by a winking emoji, causing the price of DOGE to spike 21.2% on rumors of Twitter integration implied by the tweet.[2] (Musk had suggested in previous tweets that DOGE should be accepted by Twitter as currency for subscription services.[3])

    o Dogecoin creator Billy Markus tweeted that he doesn't think that Twitter can be monetized easily. On November 3, 2022, Musk replied in a tweet using emojis to suggest that "shit brings money," causing the price of DOGE, and the associated cryptocurrency Shiba Inu (SHIB) to spike 3.09% and 8.3%, respectively.[4] (DOGE is regarded among crypto investors as a "shitcoin," meaning a cryptocurrency that lacks utility but has made an impression on the market.[5]) The tweet further seeded rumors that Twitter plans to accept DOGE in payment for subscription services on the platform.

---

[2] Wan, Samuel (November 1, 2022). *CryptoSlate Daily wMarket Update – Oct. 31: DOGE spikes higher on rumors of Twitter integration*. CryptoSlate. Retrieved November 26, 2022, from https://cryptoslate.com/cryptoslate-daily-wmarket-update-oct-31-dogecoin-spikes-higher-on-rumors-of-twitter-integration/

[3] Tan, Joanna. (April 11, 2022). *Elon Musk suggests people who subscribe to Twitter Blue should be able to pay with Dogecoin*. CNBC.com. Retrieved November 26, 2022, from https://www.cnbc.com/2022/04/10/elon-musk-on-changes-to-twitter-blue-says-dogecoin-should-be-accepted.html

[4] Geylan, Zeynep (November 4, 2022). *DOGE, SHIB continue trend of spikes following Musk tweets*. Cryptoslate. Retrieved November 26, 2022, from https://cryptoslate.com/doge-shib-continue-trend-of-spikes-following-musk-tweets/

[5] Radanovic, Goran. (September 9, 2022). *10 Best Shitcoins to Buy in 2022*. Cryptonews. Retrieved November 26, 2022, from https://cryptonews.com/news/best-shitcoins-buy.htm

## ARGUMENT

In light of the developments in the three months since the FAC was filed, Plaintiffs seek leave of the Court to file the proposed SAC. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Leave to amend can be denied only where it is sought in "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been "repeated failure to cure deficiencies," or if amendment would be futile. *See*, e.g., *Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Shiah Yih Indus. Co. v. Sitco Importing Co.*, No. 96 CIV. 0356, 1997 WL 304903, at *1–*4 (S.D.N.Y. June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See*, e.g., *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993). Where, as here, defendants will have an "opportunity to respond to the proposed amended complaint" and the court may consider "the merits of the motion[s] [to dismiss] in light of the amended complaint," granting leave to amend is particularly warranted. *Clark v. Dematic Corp.*, No. 5:14-CV-750, 2014 WL 6387166, at *1– 2 (N.D.N.Y. Nov. 14, 2014) (internal quotation marks and citations omitted).

A.     **The Requested Amendment Furthers the Interest of Justice**

Plaintiffs seek leave to amend their complaint to include additional allegations of fact and to conform the requested relief to the claims presented; to name one new Plaintiff while dismissing several others, thus reducing the overall number of Plaintiffs; to dismiss all but two Defendants; to file the certifications required by PSLRA at 15 U.S.C. § 77z-1(a)(2)(A); and to simplify the pleadings to better conform with the requirements of Rule 8 of the Federal Rules of Civil Procedure. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when determining whether Plaintiffs have adequately stated claims for relief.

The additional factual allegations Plaintiffs seek to provide have come to light only in the past three months, while the FAC has been pending but Defendants have yet to appear. They provide complimentary support to the facts already alleged in the FAC and help clarify the status of cryptocurrency as a securities instrument, a key question of law in this action. Reduction of the number of Plaintiffs and Defendants and simplifying the pleadings to better conform with Rule 8 will further the "important policy goal of the efficiency and economy of litigation." *In re Direxion Shares ETF Trust*, No. 09-cv-08011, 2012 WL 717967, at *6-7 (S.D.N.Y. Mar. 6, 2012)

In addition, no securities class action can go forward without the certifications required by PSLRA at 15 U.S.C. § 77z-1(a)(2)(A), which affirm, *inter alia*, that the plaintiff is not a professional plaintiff, and set forth the plaintiff's transactions in the securities subject to the complaint. This requirement expresses Congress's disposal of constitutional issues of standing that call for resolution before a plaintiff class can be certified. "[C]ourts are generally lenient in granting leave to amend the complaint to include this certification." *In re Countrywide Financial*

*Corp. Mortgage-Backed Securities Litigation*, 934 F.Supp.2d, 1219, 1231 (C.D. Cal. Mar. 21, 2013). Granting Plaintiffs leave to amend to file the certifications will enable the Court to certify the class, thus furthering the well-recognized policy of having claims "resolved upon the merits" rather than dismissed due to "procedural technicalities." *Assam v. Deer Park Spring Water, Inc.*, 163 F.R.D. 400, 404 (E.D.N.Y. 1995).

Justice requires that leave to amend be granted.

**B.     The Requested Amendment Will Not Unduly Prejudice the Defendants**

Granting Plaintiffs leave to amend will not cause unfair prejudice to the Defendants because this case remains in its incipient stages. A defendant is prejudiced by an amendment only when it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citations omitted). Undue prejudice may arise, for example, when "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

This case is far from the "eve of trial." Defendants not only have yet to file their answer; they have yet to even appear. Defendants still have ample opportunity to file a responsive pleading, submit defensive motions, and oppose class certification. No argument that Defendants would be prejudiced by the requested amendment is remotely supportable.

**C.     The Requested Amendment Is Not Unduly Delayed**

Plaintiffs cannot be faulted for undue delay in seeking leave to amend. Similar to undue prejudice analysis, courts in this Circuit have found that parties did not unduly delay their request for leave when they filed their motion prior to discovery. *See*, e.g., *Pasternack v. Shrader*, 863

8

F.3d at 174; *Gracia v. City of N.Y.*, No. 16-CV07329 (VEC), 2017 WL 4286319 at *2 (S.D.N.Y. Sept. 26, 2017). This action commenced less than six months ago, and as already stated, Defendants have yet to even appear. Therefore, there is no undue delay.

### D.     The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive

Plaintiffs' proposed amendment is not sought in bad faith or with dilatory motive. Courts have declined to find bad faith or dilatory motive when an amendment is based on the discovery of new facts. *See, e.g., Lehman Bros. Commercial Corp. v. Minmetals Int'l Non- Ferrous Metals Trading Co.*, No. 94 CIV. 8301 (JFK), 1996 WL 346426, at *2 (S.D.N.Y. June 25, 1996); *Intersource, Inc. v. Kidder Peabody & Co. Inc.*, No. 90-cv-7389 (PKL), 1992 WL 369918, at *3 (S.D.N.Y. Nov. 20, 1992).* In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint. *See*, e.g., *Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order"). Bad faith can also be found where a party engages in improper behavior in court, such as making knowing misrepresentations in a prior pleading. *See*, e.g., *United States ex rel. Hayes v. Allstate Ins. Co.*, 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, Plaintiffs seek to file their proposed SAC in good faith, in order to further support their claims with new facts discovered since the filing of the FAC, to simplify the pleadings, and to enable adjudication of class standing on the merits by filing the PSLRA certifications required by federal statute. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See Fluor Corp., 654 F.2d at 856*. Because Defendants have yet to appear or file a

9

responsive pleading, these amendments cannot be disparaged as an improper means to delay resolution of this matter.

### E. The Proposed Amendment Is Not Futile

As the additional allegations contained in the proposed SAC further support Plaintiffs' well-pleaded claims, and because the PSLRA certifications will enable the class to be certified, the amended complaint is not futile. A proposed amendment is futile only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012)*. When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and (iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id*.

The proposed amendments would not be futile because they provide further detailed factual allegations concerning Plaintiffs' claim that Defendant Elon Musk is manipulating the cryptocurrency market. First, the new allegations show that Musk caused the price of DOGE to spike 21.2% by insinuating in a tweet on October 31, 2022, that Twitter may integrate the cryptocurrency as an accepted medium of payment for subscription services. Second, when DOGE creator Billy Markus tweeted that he doesn't think Twitter can be easily monetized, Musk's November 3, 2022, reply using emojis to suggest that "shit brings money," further insinuated that Twitter may integrate DOGE, causing its price to spike 3.09%. Third, SEC Chair Gary Gensler's September 8, 2022, announcement that most cryptocurrencies are in fact investment contract securities subject to securities laws immensely strengthens Plaintiffs' allegations that by manipulating the crypto market, Defendant Musk is violating securities laws.

These additional factual allegations provide further support for Plaintiffs' claims that Musk is acting essentially as pied piper to crypto markets, and are probative of Musk's unethical, illegal, and tortious conduct.

## CONCLUSION

Plaintiffs' motion for leave to file second amended class action complaint should be granted.

Dated: December 5, 2022

By: */s Evan Spencer*
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

*/s/ Santos A. Perez*
Santos A. Perez, Esq.
The Perez Law Firm
151 W. Passaic St.
Rochelle Park, NJ 07662
Tel. 201.875.2266
sperez@NJLawCounsel.com

*Attorneys for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of December 2022, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system giving notice to all parties in this action.

*s/Evan Spencer*
Evan Spencer