UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLBY GOROG, JOSHUA FLINT,
LOUIS ROBINSON, and MICHAEL LERRO,
individually and on behalf of all others
similarly situated,

                    Plaintiffs,

     v.

ELON MUSK, TESLA, INC., and the
DOGECOIN FOUNDATION, INC.

                  Defendants.

**Civil Action No.: 1:22-cv-05037-AKH**

**PLAINTIFFS' BRIEF IN SUPPORT
OF MOTION TO STAY
BRIEFING SCHEDULE**

*Submitted By:*

EVAN SPENCER LAW, PLLC
Evan Spencer, Esq.
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Lead Attorney for Plaintiffs and the Class*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................3

INTRODUCTION...............................................................................................................5

PROCEDURAL HISTORY .................................................................................................6

ARGUMENT......................................................................................................................7

    A.  The Stay and Amendment Furthers the Interest of Justice………......................................8

    B.  The Stay and Amendment Will Not Unduly Prejudice the Defendants...........................10

    C.  The Stay and Amendment Are Not Unduly Delayed......................................................10

    D.  The Stay and Amendment Are Not Sought in Bad Faith ................................................10

    E.  The Stay and Amendment Are Not Futile. ....................................................................11

CONCLUSION..................................................................................................................12

# TABLE OF AUTHORITIES

**CASES**                                                                                                   **Page(s)**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)....................................................................................................9-10

*Assam v. Deer Park Spring Water, Inc.*,
163 F.R.D. 400 (E.D.N.Y. 1995)...................................................................................................9

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) .........................................................................................................8

*Clark v. Dematic Corp.*,
No. 5:14-CV-750, 2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) ..............................................8

*In re Direxion Shares ETF Trust*,
No. 09-cv-08011, 2012 WL 717967 (S.D.N.Y. Mar. 6, 2012) ....................................................9

*Gracia v. City of N.Y.*,
No. 16-CV-7329 (VEC), 2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017)....................................10

*United States ex rel. Hayes v. Allstate Ins. Co.*,
686 F. App'x 23 (2d Cir. 2017) ..................................................................................................11

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
681 F.3d 114 (2d Cir. 2012)........................................................................................................11

*Pasternack v. Shrader*,
863 F.3d 162 (2d Cir. 2017).........................................................................................................10

*Presbyterian Church Of Sudan v. Talisman Energy, Inc.*,
582 F.3d 244 (2d Cir. 2009).........................................................................................................11

*Quinones v. PRC Mgmt. Co., LLC*,
14-cv-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015) ………..……………………………7, 11

*Ricciuti v. N.Y.C. Transit Auth.*,
941 F.2d 119 (2d Cir. 1991).........................................................................................................8

*Shiah Yih Indus. Co. v. Sitco Importing Co.*,
No. 96 CIV. 0356, 1997 WL 304903 (S.D.N.Y. June 5, 1997).....................................................8

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981)..................................................................................10, 11

*Technomarine SA v. Giftports, Inc.*,
758 F.3d 493, 506 (2d Cir. 2014)…………………………………………………....7, 11

*Thompson v. U.S. Dep't of Educ.*,
20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021)……………...…………………………7, 11

*Twahir v. Vill. Care of New York, Inc.*,
No. 10 CIV. 9452, 2011 WL 2893466 (S.D.N.Y. July 12, 2011) ................................................8

*Williams v. Citigroup Inc.*,
659 F.3d 208 (2d Cir. 2011).........................................................................................8

OTHER AUTHORITIES

Fed. R. Civ. P. 6(b)(1)(A).........................................................................................5, 12

Fed. R. Civ. P. 12(b)(6)...........................................................................................11

Fed. R. Civ. P. 15(a) ................................................................................................7

## <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(b)(1)(A), Plaintiffs hereby respectfully submit this brief in support of their motion to stay the briefing schedule on Defendants' pending motions to dismiss the Second Amended Complaint ("SAC"): "(b) EXTENDING TIME. (1) *In General.* When an act may or must be done within a specified time, the court may, for **good cause**, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" As Plaintiffs have "good cause" for extending time, they request a stay of the pending briefing schedule.

This is a securities class action arising from an undisguised course of cryptocurrency market manipulation by Defendant Elon Musk, from which Musk and his company, Tesla, Inc., wrongfully profited to the tune of billions of dollars on the backs of millions of working Americans. Plaintiffs filed their first Complaint with the Court on June 16, 2022. On September 6, 2022, Plaintiffs filed their First Amended Complaint ("FAC"), containing ten causes of action including seven Securities Act violations, civil RICO violations, fraud, and unjust enrichment. With Defendants having yet to enter an appearance, Plaintiffs simplified their pleadings and included the certificates required under the PSLRA, by filing the SAC with leave of the Court on December 13, 2022. Plaintiffs subsequently moved for lead plaintiff certification, which the Court granted on January 3, 2023.

Fewer than two months ago, on March 31, 2023, Defendants filed their initial responses to Plaintiffs' allegations—a pair of motions to dismiss, one from Defendant Dogecoin Foundation, Inc. ("DCFI"), and one from Defendants Musk and Tesla, Inc. Those motions are now pending before the Court, with responses due from Plaintiffs May 31, 2023, and replies due by Defendants on July 18, 2023.

After having six weeks to review Defendants' combined 60-pages of legal and factual arguments for the first time, Plaintiffs concluded that it would be best to dismiss DCFI from the case. In addition, Defendant Musk has continued to engage in market manipulation for the last six months since the SAC was filed. Most notably, just weeks ago, in early April, Musk changed the iconic blue Twitter logo to the Dogecoin Shiba Inu logo for three days. This was done by Musk on the next business day after his lawyers filed their motion to dismiss in the instant case. Thus, even after being made fully aware of Plaintiffs' claims of market manipulation, Musk drove up the price of Dogecoin by 30% with this publicity stunt, increasing the market cap by billions of dollars. Plaintiffs should be allowed to plead this event and the Court should be allowed to consider this act along with several other Dogecoin market manipulative acts by Musk since December 2022 when the SAC was filed.

On May 31, 2023, Plaintiffs will file a motion to file the attached Third Amended Complaint ("TAC") **(Exhibit "A").** If the Court grants Plaintiffs' motion to file the TAC, then the SAC, accompanying briefing schedule, and any ruling on those motions would be moot. For good cause outlined herein, Plaintiffs now request a stay of the current briefing schedule—including Plaintiffs responsive brief due May 31, 2023, Defendants reply due July 18, 2023, and the Court's ruling on said motion thereafter—so the Court may rule on Plaintiffs forthcoming motion to file a TAC, which will likely render the SAC moot.

In their forthcoming, separate motion for leave to amend, Plaintiffs will seek leave to file the TAC in order to:

- Remove Defendant DCFI from the pleading.

- Dismiss all claims under RICO and Securities Exchange Act § 17(a).

- Consolidate their three 10b-5 claims into a single count against Defendant Musk only.

- To plead a single count of insider trading per § 20A of the Exchange Act, against Defendants Musk and Tesla, Inc.

- Add fact allegations showing that certain Dogecoin "wallets" belong to Defendant Musk.

- Add fact allegations to better establish that Dogecoin is a security under the *Howey* test.

- Add fact allegations showing the domesticity of Dogecoin transactions.

- Add fact allegations showing that Defendant Musk took on a fiduciary duty to the Dogecoin enterprise and its investors including Plaintiffs and the Class.

- Add fact allegations that strengthen the inference of scienter, particularly regarding Defendant Musk's manipulation of the market for the Bitcoin cryptocurrency.

For the reasons set forth below, the proposed TAC furthers the interest of justice, and the briefing schedule on Defendants' motions to dismiss should be stayed in order to allow Plaintiffs to file their motion in support of their TAC.

## ARGUMENT

Staying the briefing schedule so that Plaintiffs may amend their pleadings in light of Defendants' arguments in their motions to dismiss—their first response to Plaintiffs' allegations in nearly a year since the initial Complaint was filed—is appropriate both because it is standard practice in this District, and because leave to file the TAC is appropriate.

Courts in this district have often granted plaintiffs leave to amend when it is sought in response to a motion to dismiss. *See, e.g.*, *Thompson v. U.S. Dep't of Educ.*, 20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021); *Quinones v. PRC Mgmt. Co., LLC*, 14-cv-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015); *Technomarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014). "Where, as here, a plaintiff seeks leave to amend his complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss,

from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Clark v. Dematic Corp.*, 2014 WL 6387166, at *1 (N.D.N.Y. Nov. 14, 2014) (internal quotation marks and citations omitted).

Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). Furthermore, staying the briefing schedule to allow Plaintiffs to amend at this time promotes resolution on the merits, both because it narrows the scope of Plaintiffs' allegations (in the SAC) prevents dismissal of claims based only on the technicalities of pleading securities fraud.

Leave to amend can be denied only where it is sought in "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been "repeated failure to cure deficiencies," or if amendment would be futile. *See*, e.g., *Twahir v. Vill. Care of New York, Inc.*, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); and *Shiah Yih Indus. Co. v. Sitco Importing Co.*, 1997 WL 304903, at *1–*4 (S.D.N.Y. June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See*, e.g., *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993).

## A.    The Stay and Amendment Furthers the Interest of Justice

Plaintiffs seek leave to amend their complaint to include additional allegations of fact in order to better meet the particularity and domesticity requirements of pleading securities fraud;

to dismiss one Defendant; to reduce the overall number of causes of action while adding a claim for insider trading that better conforms to the fact allegations Plaintiffs have already made; and to add a limited number of fact allegations to support that claim. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when determining whether Plaintiffs have adequately stated claims for relief; and because, in direct response to Defendants' arguments in their motions to dismiss, the TAC will narrow the scope of Plaintiffs' allegations.

Furthermore, several of the additional factual allegations Plaintiffs seek to provide have come to light only in the past two months while Defendants' motions to dismiss have been pending; namely, Defendant Musk's renewed manipulation of the cryptocurrency market by swapping (back in early April) the logo of social media platform Twitter, a company he controls, for the logo of the Dogecoin cryptocurrency. The other factual allegations Plaintiffs seek to add will provide complimentary support to the facts already alleged in the SAC and help clarify the status of Dogecoin as a domestic security, a key question of law in this action. Furthermore, reducing of the number of Defendants and causes of action will further the "important policy goal of the efficiency and economy of litigation." *In re Direxion Shares ETF Trust*, 2012 WL 717967, at *6-7 (S.D.N.Y. Mar. 6, 2012)

Though Defendants would of course prefer technical dismissal of a less viable complaint, granting Plaintiffs leave to amend at this early stage of the litigation will advance the well-recognized policy of having claims "resolved upon the merits" rather than dismissed due to "procedural technicalities." *Assam v. Deer Park Spring Water, Inc*., 163 F.R.D. 400, 404 (E.D.N.Y. 1995). Justice therefore requires that leave to amend be granted, and the briefing schedule on Defendants' motions to dismiss must be stayed accordingly.

**B.      The Stay and Amendment Will Not Prejudice the Defendants**

Granting Plaintiffs leave to amend will not cause unfair prejudice to the Defendants because this case remains in its early stages. A defendant is prejudiced by an amendment only when it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A..*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citations omitted). Undue prejudice may arise, for example, when "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

This case is far from the "eve of trial." Defendants have yet to conduct any discovery or even file a responsive pleading. Defendants still have ample opportunity to file a responsive pleading, and submit defensive motions. No argument that Defendants would be prejudiced by the requested amendment is remotely supportable.

**C.      The Stay and Amendment Are Not Unduly Delayed**

Plaintiffs cannot be faulted for undue delay in seeking leave to amend. Similar to undue prejudice analysis, courts in this Circuit have found that parties did not unduly delay their request for leave when they filed their motion prior to discovery. *See*, e.g., *Pasternack v. Shrader*, 863 F.3d at 174; *Gracia v. City of N.Y.*, No. 16-CV07329 (VEC), 2017 WL 4286319 at *2 (S.D.N.Y. Sept. 26, 2017). Because discovery has yet to be conducted, there is no undue delay.

**D.      The Stay and Amendment Are Not Sought in Bad Faith**

Plaintiffs' proposed amendment is not sought in bad faith or with dilatory motive. Courts in this district have often granted plaintiffs leave to amend when it is sought in response to a

motion to dismiss. *See, e.g., Thompson v. U.S. Dep't of Educ.*, supra; *Quinones v. PRC Mgmt. Co., LLC*, supra; *Technomarine SA v. Giftports, Inc.*, supra.

In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint. *See*, e.g., *Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order"). Bad faith can also be found where a party engages in improper behavior in court, such as making knowing misrepresentations in a prior pleading. *See*, e.g., *United States ex rel. Hayes v. Allstate Ins. Co*., 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, Plaintiffs seek to file their proposed TAC in good faith, in order to narrow the scope of the allegations and better support their claims with additional facts, including those discovered since the filing of the SAC. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See Fluor Corp., 654 F.2d at 856*. Because Defendants have yet to conduct discovery or file a responsive pleading, these amendments cannot be disparaged as a means to delay resolution of this matter. The briefing schedule should therefore be stayed, so that Plaintiffs may file their motion in support of a TAC.

### E.      The Proposed Stay and Amendment Are Not Futile

As the additional allegations contained in the proposed TAC further support Plaintiffs' well-pleaded 10b-5 claims, the amended complaint is not futile. A proposed amendment is futile only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012)*. When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder

of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and (iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id*.

The proposed amendments would not be futile because they provide further detailed factual allegations concerning Plaintiffs' claim that Defendant Elon Musk has been manipulating the cryptocurrency market and that together with his company, Tesla, Inc., he insider traded on foreknowledge of his market manipulative moves. First, the TAC establishes that Dogecoin is a domestic security subject to the Court's jurisdiction under the Exchange Act. Second, the TAC gives rise to a stronger inference of scienter, including by plausibly alleging that Musk also manipulated the market for Bitcoin while Tesla was trading that cryptocurrency. Third, the TAC more plausibly alleges which of the top 100 Dogecoin "whale wallets" Musk and Tesla, Inc., were trading from. Fourth, the TAC shows that Musk took extensive responsibility for the Dogecoin enterprise as a whole, thus giving rise to the fiduciary relationship required to state a claim for insider trading. These additional factual allegations provide further support for Plaintiffs' claims that Musk is acting essentially as pied piper to crypto markets, and are probative of scienter in Musk's unethical, illegal, and tortious conduct.

## **CONCLUSION**

For the reasons set forth herein, the briefing schedule on Defendants' respective motions to dismiss should be stayed pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), to enable the Court the opportunity to rule on Plaintiffs motion to file a TAC.

Respectfully Submitted,

Dated: May 26, 2023

By: */s/ Evan Spencer*
Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
*Attorney for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of May 2023, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system giving notice to all parties in this action.

*s/Evan Spencer*
Evan Spencer