UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLBY GOROG, JOSHUA FLINT, LOUIS ROBINSON, and MICHAEL LERRO, individually and on behalf of all others similarly situated,<br><br>                     Plaintiffs,<br><br>v.<br><br>ELON MUSK, and TESLA, INC.,<br><br>                     Defendants. | Civil Action No.: 1:22-cv-05037-AKH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED CLASS ACTION COMPLAINT** |

*Submitted By:*

EVAN SPENCER LAW, PLLC
Evan Spencer, Esq.
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs and the Class*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................3

INTRODUCTION..................................................................................................................5

ARGUMENT..........................................................................................................................7

    A.  The Requested Amendment Furthers the Interest of Justice…………........................8

    B.  The Requested Amendment Will Not Unduly Prejudice the Defendants..........................9

    C.  The Requested Amendment Is Not Unduly Delayed..........................................................10

    D.  The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive. .......................11

    E.  The Proposed Amendment Is Not Futile. ........................................................................11

CONCLUSION..........................................................................................................................13

## TABLE OF AUTHORITIES

**CASES**                                                                                **Page(s)**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)..................................................................................................9

*Assam v. Deer Park Spring Water, Inc.*,
163 F.R.D. 400 (E.D.N.Y. 1995)...........................................................................................9

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) ..................................................................................................7

*Clark v. Dematic Corp.*,
2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) .....................................................................8

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010)…………………………………………………………9

*Gracia v. City of N.Y.*,
2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017)....................................................................10

*In re Direxion Shares ETF Trust*,
2012 WL 717967 (S.D.N.Y. Mar. 6, 2012) .........................................................................9

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
681 F.3d 114 (2d Cir. 2012)................................................................................................11

*Pasternack v. Shrader*,
863 F.3d 162 (2d Cir. 2017)................................................................................................10

*Presbyterian Church Of Sudan v. Talisman Energy, Inc.*,
582 F.3d 244 (2d Cir. 2009)................................................................................................11

*Quinones v. PRC Mgmt. Co., LLC*,
14-cv-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015) …………………………………..10

*Ricciuti v. N.Y.C. Transit Auth.*,
941 F.2d 119 (2d Cir. 1991).................................................................................................7

*Shiah Yih Indus. Co. v. Sitco Importing Co.*,
1997 WL 304903 (S.D.N.Y. June 5, 1997).........................................................................7

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981)..................................................................................................9, 11

*Technomarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)………………………………………………..................10

*Thompson v. U.S. Dep't of Educ.*,
20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021)……………………...…………………….10

*Twahir v. Vill. Care of New York, Inc.*,
2011 WL 2893466 (S.D.N.Y. July 12, 2011) ................................................................................7

*United States ex rel. Hayes v. Allstate Ins. Co.*,
686 F. App'x 23 (2d Cir. 2017) ..................................................................................................11

*Williams v. Citigroup Inc.*,
659 F.3d 208 (2d Cir. 2011).........................................................................................................7

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)................................................................................................................11

Fed. R. Civ. P. 15(a) ......................................................................................................................5

**INTRODUCTION**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs Colby Gorog, Joshua Flint, Louis Robinson, and Michael Lerro, individually and on behalf of all others similarly situated, respectfully submit this brief in support of their motion for leave to file their Third Amended Class Action Complaint ("TAC") **("Exhibit A")**.

This is a securities class action arising from an undisguised course of cryptocurrency market manipulation by Defendant Elon Musk, from which Musk and his company, Tesla, Inc., wrongfully profited to the tune of billions of dollars on the backs of millions of working Americans. Plaintiffs filed their first Complaint with the Court on June 16, 2022. On September 6, 2022, Plaintiffs filed their First Amended Complaint ("FAC"), containing ten causes of action including three Securities Exchange Act violations and four Securities Act violations, civil RICO charges, common law fraud, and unjust enrichment. With Defendants having yet to enter an appearance, Plaintiffs simplified their pleadings and included the certificates required under the PSLRA, by filing their Second Amended Complaint ("SAC") with leave of the Court on December 13, 2022. Plaintiffs subsequently moved for lead plaintiff certification, which the Court granted on January 3, 2023.

Fewer than two months ago, on March 31, 2023, Defendants filed their initial responses to Plaintiffs' allegations—a pair of motions to dismiss, one from Defendant Dogecoin Foundation, Inc. ("DCFI"), and one from Defendants Musk and Tesla, Inc. Pursuant to Rule 41(a), Plaintiffs then voluntarily dismissed DCFI on May 26, 2023. Plaintiffs submit this motion for leave to file the TAC.

Since Plaintiffs filed their SAC in December 2022, new evidence has come to light that further supports Plaintiffs' claims, namely, further acts of market manipulation by Defendant

Elon Musk, which Plaintiffs should be permitted to plead. This includes Defendant Musk's act of posting the Dogecoin Shiba Inu symbol on the Twitter homepage for three days in April 2022, spiking the price 30%, only to cause the price to fall when he restored the Twitter blue bird logo. Furthermore, in light of Defendants' arguments in their motion to dismiss, Plaintiffs seek leave to amend in order to accomplish the following objectives:

- Dismiss all claims under RICO and Securities Exchange Act § 17(a).

- Remove the Dogecoin Foundation, Inc. as a Defendant.

- Refine Plaintiffs' class allegations.

- Consolidate Plaintiffs' three 10b-5 claims into a single count against Defendant Musk only.

- Plead a single count of insider trading per § 20A of the Exchange Act, against Defendants Musk and Tesla, Inc., consistent with facts already alleged in the SAC.

- Plead additional fact allegations—extant at the time the SAC was filed but only recently uncovered by Plaintiffs—showing that certain large Dogecoin "wallets" belong to Defendant Musk and/or to Tesla, Inc.

- Plead additional fact allegations that have occurred since Plaintiffs' Second Amended Complaint was filed in December 2022, including the continued market manipulation of Dogecoin by Defendant Musk.

- Add fact allegations to better clarify that Dogecoin is a security under the *Howey* test.

- Add fact allegations of domestic transactions in Dogecoin by Plaintiffs and the Class.

- Add fact allegations showing that Defendant Musk took on a fiduciary duty to the Dogecoin enterprise and its investors including Plaintiffs and the Class.

6

- Add fact allegations that strengthen the inference of scienter, particularly regarding Defendant Musk's manipulation of the market for the Bitcoin cryptocurrency.

Defendants filed their first responses scarcely two months ago, and the parties have yet to conduct any discovery. Because a clear preference exists for cases to be adjudicated on the merits, because the interest of justice requires it, and for the reasons stated herein, below, Plaintiffs respectfully request that the Court grant them leave to file their Third Amended Class Action Complaint, appended as Exhibit A. The TAC is scarcely longer than the SAC and significantly shorter than the FAC.

Defendants notified Plaintiffs and the Court of their opposition to this motion.

## **ARGUMENT**

In light of developments since Plaintiffs filed their SAC in December 2022, and in light of Defendants' arguments in their motion to dismiss, Plaintiffs seek leave of the Court to file their proposed TAC. Under Rule 15(a) of the Federal Rules of Civil Procedure, a court "should freely give leave" to amend a complaint "when justice so requires." That permissive standard for granting leave to amend promotes a "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted). Under that standard, leave to amend "should ordinarily be granted," and "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

Leave to amend can be denied only where it is sought in "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been "repeated failure to cure deficiencies," or if amendment would be futile. *See*, e.g., *Twahir v. Vill. Care of New York, Inc.*, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); and *Shiah Yih Indus. Co. v. Sitco Importing Co.*, 1997 WL 304903, at *1–*4 (S.D.N.Y.

June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See*, e.g., *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993). "Where, as here, a plaintiff seeks leave to amend his complaint while a motion to dismiss is pending, a court has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Clark v. Dematic Corp.*, 2014 WL 6387166, at *1 (N.D.N.Y. Nov. 14, 2014) (internal quotation marks and citations omitted).

For the reasons outlined herein, below, granting Plaintiffs leave to file the TAC at this incipient stage of the litigation is appropriate.

### A. The Requested Amendment Furthers the Interest of Justice

Plaintiffs seek leave to amend their complaint to include additional allegations of fact in order to refine their class allegations; to remove the Dogecoin Foundation, Inc. as a Defendant; to better meet the particularity and domesticity requirements of pleading securities fraud; to reduce the overall number of causes of action while adding a claim for insider trading that better conforms to the fact allegations Plaintiffs have already pleaded; and to add a limited number of fact allegations to support that claim. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when determining whether Plaintiffs have adequately stated claims for relief.

Several of the additional factual allegations Plaintiffs seek to provide have come to light only over the past six months, since Plaintiffs filed the SAC, namely, Defendant Musk's manipulation of the cryptocurrency market by swapping the logo of social media platform Twitter, a company he controls, for the logo of the Dogecoin cryptocurrency for a period of three days beginning almost immediately after his attorneys moved to dismiss the instant case. He has

8

also tweeted in support of Dogecoin multiple times since December 2022, manipulating the price. The other factual allegations Plaintiffs seek to add will provide complimentary support to the facts already alleged in the SAC and help clarify the status of Dogecoin as a domestic security, and Plaintiffs' transactions in Dogecoin as domestic, both key questions of law in this action. Furthermore, reducing of the number of causes of action will further the "important policy goal of the efficiency and economy of litigation." *In re Direxion Shares ETF Trust*, 2012 WL 717967, at *6-7 (S.D.N.Y. Mar. 6, 2012).

Granting Plaintiffs leave to amend at this early stage of the litigation will also advance the well-recognized policy of having claims "resolved upon the merits" rather than dismissed due to "procedural technicalities." *Assam v. Deer Park Spring Water, Inc*., 163 F.R.D. 400, 404 (E.D.N.Y. 1995). Justice therefore requires that leave to amend be granted.

**B.     The Requested Amendment Will Not Unduly Prejudice the Defendants**

Granting Plaintiffs leave to amend will not cause unfair prejudice to the Defendants because this case remains in its early stages. A defendant is prejudiced by an amendment only when it would "require the opponent to expend significant additional resources to conduct discovery and prepare for trial" or "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am*., *N.A..*, 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citations omitted). Undue prejudice may arise, for example, when "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981).

This case is far from the "eve of trial." Defendants have yet to conduct any discovery or even file a responsive pleading. Defendants still have ample opportunity to file a responsive pleading, and submit defensive motions. As to Plaintiffs' new claim for insider trading,

9

"Courts… consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim." *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 99 (S.D.N.Y. 2010). Here, Plaintiffs' proposed new claim is closely related to the claims pleaded in the SAC, namely, Plaintiffs' 10b-5, common law fraud, and unjust enrichment claims, which are based in part upon fact allegations therein, that during the class period Musk and Tesla traded Dogecoin at a profit concurrent with Plaintiffs and the Class. Furthermore, Defendants were given prior notice of the proposed TAC when Plaintiffs provided them with an advance copy on May 23, 2023, and had sufficient time to review the new allegations, because they notified the Court of their intended opposition to this motion just three days later, on May 26, 2023.

Because the TAC will not require Defendants to expend significant additional resources nor delay a resolution of the dispute (Defendants will only have to slightly revise their brief in support of a new motion to dismiss), and because Plaintiffs' new claim is closely related to their prior ones, and sufficient notice was given, no argument that Defendants would be prejudiced by the requested amendment is remotely supportable.

### C.     The Requested Amendment Is Not Unduly Delayed

Plaintiffs cannot be faulted for undue delay in seeking leave to amend. Similar to undue prejudice analysis, courts in this Circuit have found that parties did not unduly delay their request for leave when they filed their motion prior to discovery. *See*, e.g., *Pasternack v. Shrader*, 863 F.3d at 174; *Gracia v. City of N.Y.*, No. 16-CV07329 (VEC), 2017 WL 4286319 at *2 (S.D.N.Y. Sept. 26, 2017). Defendants entered their first appearances less than five months ago. Not only has no discovery been conducted, but Defendants have yet to even file a responsive pleading. Thus, there is no undue delay.

10

D. **The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive**

Plaintiffs' proposed amendment is not sought in bad faith or with dilatory motive. Courts in this district have often granted plaintiffs leave to amend when it is sought in response to a motion to dismiss. *See, e.g.*, *Thompson v. U.S. Dep't of Educ.*, 20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021); *Quinones v. PRC Mgmt. Co., LLC*, 14-cv-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015); *Technomarine SA v. Giftports, Inc.*, 758 F.3d 493, 506 (2d Cir. 2014).

In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint. *See*, e.g., *Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order"). Bad faith can also be found where a party engages in improper behavior in court, such as making knowing misrepresentations in a prior pleading. *See*, e.g., *United States ex rel. Hayes v. Allstate Ins. Co.*, 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, Plaintiffs seek to file their proposed TAC in good faith, in order to remove a Defendant, reduce their claims, and in order to better support their remaining claims with additional fact allegations, including those discovered since the filing of the SAC. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See Fluor Corp.*, 654 F.2d at 856. Because Defendants have yet to conduct discovery or file a responsive pleading, these amendments cannot be disparaged as a means to delay resolution of this matter.

E. **The Proposed Amendment Is Not Futile**

As the additional allegations contained in the proposed TAC further support Plaintiffs' well-pleaded 10b-5 claims, the amended complaint is not futile. A proposed amendment is futile

only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119 (2d Cir. 2012)*. When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and (iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id*.

The proposed amendments would not be futile because they provide further detailed factual allegations concerning Plaintiffs' claim that Defendant Elon Musk has been manipulating the cryptocurrency market and that together with his company, Tesla, Inc., he insider traded on foreknowledge of his market manipulative moves. First, the new allegations establish that Dogecoin is a domestic security subject to the Court's jurisdiction under the Exchange Act. Second, the new allegations give rise to a strong inference of scienter by plausibly alleging that Musk also manipulated the market for Bitcoin while Tesla was trading that cryptocurrency. Third, the new allegations show which of the top 100 Dogecoin "whale wallets" Musk and Tesla, Inc., were trading from. Fourth, the new allegations show that Musk took extensive responsibility for the Dogecoin enterprise as a whole, thus giving rise to the fiduciary relationship required to state a claim for insider trading.

No remotely colorable argument can possibly be made that these additional factual allegations are futile. On the contrary, the TAC provides further support for Plaintiffs' claims that Musk is acting essentially as pied piper to the Dogecoin market, and are probative of scienter in Musk's and Tesla's unethical, illegal, and tortious conduct. Far from being futile, the TAC puts forward a stronger, albeit reduced, set of claims against Defendants.

It is obvious why Defendants would prefer a technical dismissal of a strengthened complaint, but it is equally obvious that the law does not support such a result. By choosing to oppose Plaintiffs' motion for leave to file the TAC, Defendants knowingly place themselves on the wrong side of well-settled case law promoting judicial economy and the strong judicial preference for resolution of disputes upon the merits. The interests of justice require that leave to amend be granted.

## CONCLUSION

Plaintiffs' Motion for Leave to File the Third Amended Class Action Complaint should be granted.

Respectfully Submitted,

Dated: May 31, 2023

By: */s/ Evan Spencer*
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 31st day of May 2023, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer