# EXHIBIT A

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

June 9, 2023

**VIA E-MAIL**
**EVAN@EVANSPENCERLAW.COM**

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007

Re:   Johnson v. Musk et al., No. 1:22-cv-05037-AKH

Dear Mr. Spencer:

We write on behalf of our clients Elon Musk and Tesla ("Defendants") to advise you that the Third Amended Class Action Complaint, Dkt. 77 (the "Third Amended Complaint"), contains allegations without evidentiary support or legal basis that are sanctionable under Rule 11. Specifically, despite amending your complaint a third time, the Third Amended Complaint baselessly alleges that Mr. Musk sold nearly $10 billion of Dogecoin. ¶¶ 196-98, 200, 202, 206, 209. These allegations are *demonstrably false*. We demand that you immediately withdraw the Third Amended Complaint. If you refuse to do so, then Defendants intend to serve you with a formal motion under Rule 11 and seek sanctions, fees, and costs.

Rule 11(b) provides in relevant part that an attorney filing a pleading with a court is certifying that to the best of that attorney's knowledge, formed after a reasonable inquiry:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  A pleading violates Rule 11 "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law[.]"  *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007).  Here, the Third Amended Complaint contains allegations so frivolous and unsupported by law or fact that they violate Rule 11(b) and must be withdrawn.

The Third Amended Complaint purports to assert claims against Mr. Musk and Tesla for "insider trading" and "market manipulation."  The foundational factual allegation in purported support of those claims is that certain Dogecoin wallets—which you assert without a good-faith basis "belong" to Defendants—were used to "trade profitably ... using foreknowledge then unknown and undisclosed to Dogecoin investors generally or publicly, of [Musk's] intended moves to manipulate the market."  Third Am. Compl. ¶ 204.  You specifically allege, without basis, that the following wallets "belong" to Defendants:

- DJ6Kc, ¶ 179;
- DH5ya, ¶ 185;
- DPDL, ¶ 201;
- DRSq, ¶ 204;
- DSP3, ¶ 204;
- D6dq, ¶ 204;
- DDux, ¶ 206;
- D8ZEV, ¶ 208.

You are wrong.  Moreover, you were well-aware, ***before*** filing the Third Amended Complaint, that there was zero factual basis for these allegations.  And, based on your awareness, no competent attorney could form a reasonable belief that the Third Amended Complaint is well-grounded in fact.

Specifically, before filing the Third Amended Complaint, you were aware based on Defendants' March 31, 2023 memorandum in support of the motion to dismiss that the wallet beginning in "DH5ya" does not belong to Mr. Musk, but rather belongs to Robinhood—a fact confirmed by sources you cited in the First Amended Complaint. Dkt. 62 at 4 ("But that wallet does not belong to Mr. Musk, and indeed the website that Plaintiffs relied upon in their First Amended Complaint ... states that the wallet in question belongs to Robinhood.").  For each of the other wallets you falsely allege "belong" to Defendants, the sole basis for your claim is that these wallets sold Dogecoin at a time when, according to the Third Amended Complaint, prices were up. Third Am. Compl. ¶¶ 143-44, 201-09.  This does not meet the Rule 8 standard for pleading.  Moreover, the wallet beginning in "DJ6Kc," is not even ***alleged*** to have sold Dogecoin; your sole allegation is that Dogecoin was "sent" by this wallet.  *Id*. ¶ 183.  And again, the Third Amended

2

Complaint contains no plausible factual allegations whatsoever establishing that this wallet, or any other, belongs to Defendants. *See Marom v. City of N.Y.*, 2016 WL 916424, at *19 (S.D.N.Y. Mar. 7, 2016) ("Rule 8(a) requires a party to set forth or 'show[]' facts that make the allegation plausible."); *see also Galin v. Hamada*, 283 F. Supp. 3d 189, 203 (S.D.N.Y. 2017), aff'd, 753 F. App'x 3 (2d Cir. 2018) ("[C]ounsel had an obligation under Rule 11 to withdraw the Complaint because they knew—by that point if not earlier—that their allegations on the central (and dispositive) issue in the case were 'utterly lacking in support.'").

In sum, your allegations that Defendants sold Dogecoin—and therefore all of the allegations of the Third Amended Complaint—are pure fabrications. These verifiably false allegations are material—the Third Amended Complaint relies on allegations that Defendants sold Dogecoin to support the purported claim of insider trading, Third Am. Compl. ¶¶ 238, 239, to purportedly establish that Mr. Musk had the opportunity to commit fraud, *id.* ¶ 257, and to purportedly show that Mr. Musk and Tesla were unjustly enriched, *id.* ¶ 261.

If you had made a reasonable inquiry under Rule 11 before seeking leave to file the Third Amended Complaint, as the Federal Rules require, that inquiry would have revealed that neither Mr. Musk nor Tesla owns the wallets alleged to have sold Dogecoin, and further that neither Mr. Musk nor Tesla have *ever* sold Dogecoin. Failure to make an inquiry revealing these fundamental deficiencies of your complaint violated Rule 11.

Please voluntarily withdraw the Third Amended Complaint no later than 9 a.m. ET on June 12, 2023. If you do not do so, we will serve you with a formal motion under Rule 11.

Sincerely,

*Alex Spiro*


Alex Spiro