# EXHIBIT C2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

COLBY GOROG, JOSHUA FLINT, LOUIS ROBINSON, and MICHAEL LERRO, individually and on behalf of all others similarly situated,

      Plaintiffs,

v.

ELON MUSK and TESLA, INC.,

      Defendants.

Civil Action No.: 1:22-cv-05037-AKH

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

## **TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

BACKGROUND ....................................................................................................................3

LEGAL STANDARD .............................................................................................................5

ARGUMENT ..........................................................................................................................6

I.  The Claims In The Third Amended Complaint Rely On Allegations That Are Demonstrably False or Entirely Lack Evidentiary Support .................................8

II. The Court Should Dismiss The Third Amended Complaint And Sanction Spencer ...................................................................................................................11

CONCLUSION .....................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page**

**Cases**

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   579 F.3d 143 (2d Cir. 2009) ................................................................................. 2, 6, 9, 10

*In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*,
   712 F. Supp. 2d 255 (S.D.N.Y. 2010) .................................................................. 1, 2, 6, 11

*Avalos v. IAC/Interactivecorp.*,
   2014 WL 5493242 (S.D.N.Y. Oct. 30, 2014) ....................................................................... 4

*Carlton Grp., Ltd. v. Tobin*,
   2003 WL 21782650 (S.D.N.Y. July 31, 2003) ..................................................................... 5

*Dimond v. Darden Restaurants, Inc.*,
   2014 WL 3377105 (S.D.N.Y. July 9, 2014) ......................................................................... 4

*Dwyer v. Allbirds, Inc.*,
   598 F. Supp. 3d 137 (S.D.N.Y. 2022) ................................................................................ 10

*ECA & Loc. 134 Ibew Joint Pension Tr. v. Jp Morgan Chase Co.*,
   553 F.3d 187 (2d Cir. 2009) ............................................................................................... 10

*Fries v. N. Oil & Gas, Inc.*,
   285 F. Supp. 3d 706 (S.D.N.Y. 2018) ................................................................................ 10

*Galin v. Hamada*,
   283 F. Supp. 3d 189 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018) ....................... 5, 6

*Gurary v. Nu-Tech Bio-Med, Inc.*,
   303 F.3d 212 (2d Cir. 2002) ............................................................................................... 11

*Innovative Custom Brands, Inc. v. Minor*,
   2016 WL 308805 (S.D.N.Y. Jan. 25, 2016) ......................................................................... 2

*Klein v. Aicher*,
   2020 WL 4194823 (S.D.N.Y. July 21, 2020) ....................................................................... 6

*Levine v. F.D.I.C.*,
   2 F.3d 476 (2d Cir. 1993) ..................................................................................................... 5

*Marom v. City of New York,*
   2016 WL 916424 (S.D.N.Y. Mar. 7, 2016) .......................................................................... 6

*Newman v. Fam. Mgmt. Corp.*,
    530 F. App'x 21 (2d Cir. 2013) ................................................................................................10

*O'Malley v. N.Y. City Transit Auth.*,
    896 F.2d 704 (2d Cir. 1990) ......................................................................................................5

*Rotunno v. Wood*,
    2022 WL 14997930 (2d Cir. Oct. 27, 2022)..............................................................................9

*Safe-Strap Co., Inc. v. Koala Corp.*,
    270 F. Supp. 2d 407 (S.D.N.Y. 2003) .....................................................................................11

*Seagrape Invs. v. Tuzman*,
    2020 WL 5751232 (S.D.N.Y. Sep. 25, 2020)............................................................................2

*Suero v. NFL*,
    2022 WL 17985657 (S.D.N.Y. Dec. 16, 2022) .........................................................................4

**Rules / Statutes**

15 U.S.C. § 78u-4 ............................................................................................................. passim

Fed. R. Civ. P. 8.........................................................................................................................2

Fed. R. Civ. P. 9(b) ....................................................................................................................2

Fed. R. Civ. P. 11 ............................................................................................................. passim

Defendants Elon Musk and Tesla, Inc. respectfully submit this memorandum of law in support of their Motion for Rule 11 Sanctions against Plaintiffs' counsel, Evan Spencer at Evan Spencer Law, PLLC.

## INTRODUCTION[1]

This Motion seeks sanctions under Rule 11 against Plaintiffs' counsel, Evan Spencer at Evan Spencer Law, PLLC ("Spencer"), for failing to conduct any reasonable investigation, making and pursuing claims that lack any foundation in fact, and brazenly disregarding evidence that disproves core allegations of the Third Amended Complaint. Despite amending the complaint a third time (Spencer's fourth attempt to state a claim in this case), the Third Amended Complaint nonetheless baselessly alleges that Mr. Musk and Tesla sold nearly $10 billion of Dogecoin through eight cryptocurrency wallets that ***do not belong*** to either Mr. Musk or Tesla. By filing the Third Amended Complaint, Spencer "certifie[d] that to the best of [his] knowledge, information, and belief, ***formed after an inquiry reasonable under the circumstances*** … the factual contentions have evidentiary support." Fed. R. Civ. P. 11(b). This certification was false, and Spencer violated Rule 11 by including and refusing to withdraw baseless allegations.[2] Accordingly, Mr. Musk and Tesla seek: (i) dismissal with prejudice of the Third Amended Complaint; and (ii) attorney's fees and costs associated with this motion.

The Third Amended Complaint hinges on a theory that Mr. Musk allegedly made material misrepresentations and omissions that impacted the price of Dogecoin and then Defendants sold

---

[1] Citations to "¶ __" refer to Plaintiffs' Third Amended Class Action Complaint ("Third Amended Complaint") filed June 7, 2023. Dkt. 77. All emphasis is added and quotations and citations omitted unless otherwise noted.

[2] Mr. Musk and Tesla reserve all rights to seek sanctions for Spencer's violations of Rule 11(b)(1), 11(b)(2), and the PSLRA in this and prior pleadings. *In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 266 (S.D.N.Y. 2010) (granting sanctions under Rule 11 and the PSLRA for an initial complaint even after an amended complaint was filed).

1

Dogecoin to profit from alleged manipulation of the market and alleged material non-public information. This theory rests *entirely* on allegations that certain wallets *belong* to Mr. Musk and Tesla, a purported fact for which *no* evidentiary support is alleged and that is belied by other facts known to Spencer at the time of his amended pleading. Not only do the wallets identified in the Third Amended Complaint *not* belong to Mr. Musk or Tesla, neither Mr. Musk nor Tesla has *ever* sold Dogecoin. *See* Birchall Decl.; Patel Decl. The allegations of the Third Amended Complaint that purport to establish otherwise are demonstrably false and, more importantly, would have been obviously false to Spencer upon the barest of investigations. Without these allegations, the claims in the Third Amended Complaint are without legal basis.

The majority of the unfounded allegations in the Third Amended Complaint do not rely on "information and belief," and the claims in this case are not subject to Rule 8's more lenient pleading standard. *Seagrape Invs. v. Tuzman*, 2020 WL 5751232, at *17 (S.D.N.Y. Sep. 25, 2020) ("Claims of common law fraud, like federal securities claims, must satisfy the requirements of Rule 9(b)."); *Innovative Custom Brands, Inc. v. Minor*, 2016 WL 308805, at *7 (S.D.N.Y. Jan. 25, 2016) ("If an unjust enrichment claim is premised on fraudulent conduct, it is subject to Rule 9(b)'s particularity requirement."). Plaintiffs' claims for securities fraud subject the Third Amended Complaint's allegations to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), rendering sanctions even more appropriate. This Court should sanction Spencer to give effect to Congress' intent "to increase the frequency of Rule 11 sanctions in the securities context," *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 152 (2d Cir. 2009), and "tilt the balance toward greater deterrence of frivolous securities claims," *In re Austl. & N.Z. Banking Grp. Ltd. Sec. Litig.*, 712 F. Supp. 2d 255, 263 (S.D.N.Y. 2010).

## BACKGROUND

On June 7, 2023 Plaintiffs filed the Third Amended Complaint asserting claims for securities fraud, insider trading, common law fraud, and unjust enrichment. ¶¶ 210-63. The Third Amended Complaint is the latest in a series of pleadings that have included *different* plaintiffs, *different* defendants, and *different* theories of the case. On June 16, 2022, Plaintiff Keith Johnson filed a class action complaint against Elon Musk, Space Exploration Technologies Corp. dba SpaceX, and Tesla, Inc. Dkt. No. 1. The initial complaint asserted claims for alleged violations of Civil RICO, common law fraud, negligence, false advertising, deceptive practices, products liability, and unjust enrichment. *Id.* ¶¶ 146-210. After an email exchange with counsel to Mr. Musk and Tesla (and marking the first fundamental shift in the theory of the case), on September 6, 2022, Plaintiff Keith Johnson filed an amended complaint, Dkt. 9 ("Amended Complaint"), adding several named plaintiffs and additional defendants the Boring Company; Dogecoin Foundation, Inc.; Billy Markus; Jackson Palmer; Dogecoin Developers class representative, Ross Nichol; and Doge Army class representative, Matt Wallace. *Id.* at 6-8. Dropping the initial complaint's claims for negligence, false advertising, deceptive acts, and products liability, the Amended Complaint was styled as a putative securities class action, including claims under Sections 10(b) and 17(a) of the Securities Exchange Act of 1934, and Sections 5 and 12(a)(1) of the Securities Act of 1933. *Id.* ¶¶ 382-523. On December 13, 2022, after counsel to Mr. Musk and Tesla alerted Spencer to myriad obligations under the PSLRA, Spencer amended yet again. Dkt. 39 ("Second Amended Complaint"). The Second Amended Complaint included factual allegations that arose *after* the Amended Complaint, and dismissed all but three defendants. Dkt. 39 at 3-4. Mr. Musk and Tesla moved to dismiss, as did the Dogecoin Foundation. Dkt. 59-62. Shortly after Defendants moved to dismiss the Second Amended Complaint on March 31, 2023, Spencer told a news outlet:

3

> After reviewing Defendants' motions to dismiss we are more confident than ever that we will prevail in this case .... Our opposition brief will be filed within 60 days. After the court rules in our favor, we will be filing a motion to add Twitter as a Defendant.

Ex. 1 (Jim Edwards, *Twitter Will Be Added To Dogecoin Ponzi Scheme Litigation If Elon Musk Cannot Get Case Dismissed*, The Block (Apr. 12, 2023)).[3]

Despite having expressed the intent to oppose – and win – the motion to dismiss in early April, on May 23, 2023, just over one week before Plaintiffs' opposition was due, Spencer requested leave to stay the briefing schedule on the motion to dismiss pending resolution of his forthcoming motion for leave to file the Third Amended Complaint. Ex. 2 (Email correspondence from E. Spencer to S. Concannon et al. dated May 23, 2023). In response to an inquiry from counsel to Mr. Musk and Tesla, Spencer stated that he could not provide a redlined copy of the proposed Third Amended Complaint "because it was **drafted from scratch**." Ex. 3 (Email correspondence from E. Spencer to S. Concannon et al. dated May 24, 2023). On June 7, Spencer filed Plaintiffs' Third Amended Complaint, dropping the Dogecoin Foundation as a defendant, dropping the Civil RICO claim, and adding – for the first time – a claim for insider trading. Dkt. 77.

These tactics by Spencer are nothing new. Spencer has a history of repeatedly seeking leave to amend complaints, making sweeping changes to the parties, legal theories, and causes of action with each amendment, and accompanying each new complaint with a press release, until the cases ultimately are dismissed after multiple rounds of pleadings. *E.g.*, *Dimond v. Darden Restaurants, Inc.*, 2014 WL 3377105, at *15 (S.D.N.Y. July 9, 2014) (detailing lengthy history of amendments filed by Spencer and noting "plaintiff has amended his complaint three times … [i]t

---

[3] Cites to "Ex. __" are to exhibits to the Declaration of Alex Spiro In Support of Defendants' Motion for Rule 11 Sanctions filed simultaneously herewith.

4

goes without saying that he has had ample opportunity to perfect his pleading, yet has failed to do so."); *Suero v. NFL*, 2022 WL 17985657, at *1 (S.D.N.Y. Dec. 16, 2022) (recommending that the complaint be dismissed for failure to state a claim and noting that Spencer waited to file an amended complaint until the motion to dismiss had been filed); *Avalos v. IAC/Interactivecorp.*, 2014 WL 5493242, at *2 (S.D.N.Y. Oct. 30, 2014) (dismissing pleading filed by Spencer after history of repeated amendments, noting one argument did "not pass the laugh test, let alone the plausibility test").  This case is no different.

Before serving this Rule 11 motion on Spencer—with the goal of avoiding Rule 11 motion practice—counsel to Mr. Musk and Tesla made meaningful efforts to explain to Spencer certain fundamental and blatant errors in the Third Amended Complaint relating to Mr. Musk and Tesla's alleged ownership of certain cryptocurrency wallets.  On June 9, 2023, counsel to Mr. Musk and Tesla informed Spencer that the Third Amended Complaint "contains allegations without evidentiary support or legal basis that are sanctionable under Rule 11" and requested that Spencer voluntarily withdraw the Third Amended Complaint by 9 a.m. on June 12, 2023.  Ex. 4 (Letter from A. Spiro to E. Spencer on June 12, 2023).  Spencer did not respond.  On June 22, 2023, counsel to Mr. Musk and Tesla served Spencer with a Rule 11 motion and memorandum of law substantially the same as these pleadings, triggering the running of the 21-day safe harbor period.

## LEGAL STANDARD

Rule 11 provides:

> By presenting to the court a pleading, … an attorney … certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances … the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  "[A]n attorney may not transcend the facts of a given case," and counsel may not "concoct[] facts that [are] not well grounded." *Levine v. F.D.I.C.*, 2 F.3d 476, 479 (2d

5

Cir. 1993). Moreover, Rule 11 imposes an "affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading" before filing. *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990).

Counsel has a "continuing obligation" under Rule 11. *Galin v. Hamada*, 283 F. Supp. 3d 189, 202 (S.D.N.Y. 2017), *aff'd*, 753 F. App'x 3 (2d Cir. 2018). Even if counsel has a "reasonable basis" when filing an initial pleading to believe that the claims are valid, they may be sanctioned for "refus[ing] to withdraw" the pleading "after it was shown to be inaccurate." *Id.*; *see also Carlton Grp., Ltd. v. Tobin*, 2003 WL 21782650, at *6 (S.D.N.Y. July 31, 2003) ("Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim upon an express request by his or her adversary after learning that [the claim] was groundless.").

The PSLRA provides that when Rule 11(b) is violated, sanctions are "mandatory," and the court "shall adopt a presumption" of awarding "the opposing party [its] reasonable attorney's fees and other expenses." 15 U.S.C. § 78u-4(c); *see also Klein v. Aicher*, 2020 WL 4194823, at *12 (S.D.N.Y. July 21, 2020) (imposing Rule 11 sanctions and awarding attorney's fees, including attorney's fees incurred from separate motion to dismiss briefing).

## ARGUMENT

The allegations in the Third Amended Complaint that purportedly provide the factual basis for Plaintiffs' claims of securities fraud, insider trading, common law fraud, and unjust enrichment are woefully "lacking in support." *In re Austl. & N.Z.*, 712 F. Supp. 2d at 263. These claims all rely on the fundamental premise that Mr. Musk and Tesla sold Dogecoin—they did not. Similarly, the Third Amended Complaint purports to establish that Mr. Musk and Tesla sold Dogecoin through allegations that wallets that appear to have sold Dogecoin **belong** to Mr. Musk and Tesla— they do not. Moreover, the Third Amended Complaint contains **no plausible factual allegations** whatsoever to support these false claims of ownership and the barest of investigations would have

6

shown that the allegations are false, providing grounds to sanction Spencer under Rule 11. *See Marom v. City of New York*, 2016 WL 916424, at *19 (S.D.N.Y. Mar. 7, 2016) ("Rule 8(a) requires a party to set forth or show[] facts that make the allegation plausible."); *see also Galin*, 283 F. Supp. 3d at 203 ("[C]ounsel had an obligation under Rule 11 to withdraw the Complaint because they knew—by that point if not earlier—that their allegations on the central (and dispositive) issue in the case were utterly lacking in support.").

Specifically, Plaintiffs' insider trading claim hinges on the allegation that Mr. Musk and Tesla "purchased and sold Dogecoin securities while in possession of material, non-public information." ¶ 237. Plaintiffs' claim for common law fraud similarly relies on allegations of trading through *specific wallets* in a purported attempt to establish that Mr. Musk had an opportunity to commit fraud. ¶ 257. Plaintiffs' claim for unjust enrichment relies on an allegation that Mr. Musk and Tesla engaged in "undisclosed sales of Dogecoin." ¶ 261. Plaintiffs also assert securities fraud, which requires a finding of scienter through either motive and opportunity or conscious misbehavior or recklessness. *ATSI*, 493 F.3d at 99. But in the absence of any plausible allegations that Mr. Musk and Tesla in fact *sold* Dogecoin, the Third Amended Complaint provides no theory of motive and opportunity "to artificially inflat[e] the price and/or value of Dogecoin," ¶ 223, nor does it provide facts to support a theory of recklessness, ¶ 225, or loss causation.

The foundational factual allegations in purported support of each of the Third Amended Complaint's counts are *false*. In particular, Spencer's Third Amended Complaint asserts – without a good faith basis – that eight Dogecoin wallets "belong" to Mr. Musk and Tesla and were used to "trade[] profitably ... using foreknowledge then unknown and undisclosed to Dogecoin investors generally or publicly, of [Musk's] intended moves to manipulate the market." ¶ 204. For six of

7

these wallets,[4] the strained inference of ownership is based on nothing more than the fact that these wallets sold Dogecoin at a time when, according to the Third Amended Complaint, prices were up. ¶¶ 143-44, 201-09. One wallet is not even alleged to have sold Dogecoin at all.[5] ¶ 183. And as for the final wallet,[6] sources cited by Plaintiffs' counsel in the First Amended Complaint confirm that this wallet ***does not belong to Mr. Musk or Tesla*** but, in fact, belongs to ***Robinhood***, a large consumer-facing exchange that permits retail buyers to buy and sell cryptocurrencies—a fact pointed out by Mr. Musk and Tesla in support of their motion to dismiss. Dkt. 62 at 4-5. The Third Amended Complaint contains no plausible factual allegations whatsoever establishing that any of these wallets belongs to Mr. Musk or Tesla.

No attorney who conducted an inquiry reasonable under the circumstances would have presented to the Court such frivolous allegations, *see* Fed. R. Civ. P. 11(b)(3), nor could an attorney properly maintain these erroneous allegations after being informed they were false. Spencer's conduct here is sanctionable, and Mr. Musk and Tesla seek: (i) dismissal with prejudice of the Third Amended Complaint; and (ii) attorney's fees and costs associated with this motion.

**I.    The Claims In The Third Amended Complaint Rely On Allegations That Are Demonstrably False or Entirely Lack Evidentiary Support**

The Third Amended Complaint contains allegations so frivolous and unsupported by law or fact that they violate Rule 11(b)(3). The Third Amended Complaint asserts without a good-

---

[4]  DPDLBAe3RGQ2GiPxDzhgjcmpZCZD8cSBgZ, ¶ 201; DRSqEwcnJX3GZWH9Twtwk8D5ewqdJzi13k, ¶ 204; DSP3H2VZ8hKAGhhAhQnasu4YMFpEwzeXy2, ¶ 204; D6dqAr2G8EmhA1zDnJKr1AfkkHmowy3PvN, ¶ 204; DDuXGMFNGpGjaAqyDunSMvceMBruc1wwKF, ¶ 206; and D8ZEVbgf4yPs3MK8dMJJ7PpSyBKsbd66TX, ¶ 208.

[5]  DJ6KcPsxiWQAXigrk3xwoq1xYb1ZNCxB3o. ¶ 179.

[6]  DH5yaieqoZN36fDVciNyRueRGvGLR3mr7L. ¶ 185.

8

faith basis that certain Dogecoin wallets "belong" to Mr. Musk and Tesla and were used to "trade profitably ... using foreknowledge then unknown and undisclosed to Dogecoin investors generally or publicly, of [Musk's] intended moves to manipulate the market." ¶ 204. The Third Amended Complaint specifically alleges that the following wallets "belong" to Mr. Musk or Tesla:

- DJ6KcPsxiWQAXigrk3xwoq1xYb1ZNCxB3o ("DJ6Kc"), ¶ 179;
- DH5yaieqoZN36fDVciNyRueRGvGLR3mr7L ("DH5ya"), ¶ 185;
- DPDLBAe3RGQ2GiPxDzhgjcmpZCZD8cSBgZ ("DPDL"), ¶ 201;
- DRSqEwcnJX3GZWH9Twtwk8D5ewqdJzi13k ("DRSq"), ¶ 204;
- DSP3H2VZ8hKAGhhAhQnasu4YMFpEwzeXy2 ("DSP3"), ¶ 204;
- D6dqAr2G8EmhA1zDnJKr1AfkkHmowy3PvN ("D6dq"), ¶ 204;
- DDuXGMFNGpGjaAqyDunSMvceMBruc1wwKF ("DDuX"), ¶ 206;
- D8ZEVbgf4yPs3MK8dMJJ7PpSyBKsbd66TX ("D8ZEV"), ¶ 208.

Spencer was well-aware, ***before*** filing the Third Amended Complaint, that there was no factual basis for these allegations. Perhaps most egregiously, in support of Defendants' motion to dismiss filed on March 31, 2023, Mr. Musk and Tesla made clear that DH5ya does not belong to Mr. Musk, but rather belongs to ***Robinhood***—a fact confirmed by sources cited by ***Spencer*** in the First Amended Complaint. Dkt. 62 at 4 ("But that wallet does not belong to Mr. Musk, and indeed the website that Plaintiffs relied upon in their First Amended Complaint ... states that the wallet in question belongs to Robinhood."). Spencer nevertheless doubled down on the assertion that the wallet belongs to Mr. Musk in the Third Amended Complaint. Spencer's allegations are also ***facially contradictory*** because DH5ya is alleged to have sold $6.4 billion to DPDL, another wallet that is alleged to be owned by Mr. Musk. ¶¶ 201, 203.

9

For each of the other wallets that Spencer falsely alleges "belong" to Defendants, the sole basis for that claim is that these wallets sold Dogecoin at a time when, according to the Third Amended Complaint, prices were up. ¶¶ 143-44, 201-09. Moreover, the wallet beginning in DJ6Kc is not even alleged to have sold Dogecoin; the sole allegation is that Dogecoin was "sent" by this wallet. ¶ 183. And again, the Third Amended Complaint contains no plausible factual allegations whatsoever establishing that this wallet, or any other, belongs to Mr. Musk or Tesla.

The allegations in the Third Amended Complaint that Mr. Musk and Tesla sold Dogecoin hinge on Spencer's baseless assertion that these wallets belong to Mr. Musk and Tesla. As a result, the allegations that Defendants sold Dogecoin—and therefore all of the allegations of the Third Amended Complaint—are pure fabrications. These verifiably false allegations are material—the Third Amended Complaint relies on allegations that Defendants sold Dogecoin to support the purported claim of insider trading, ¶¶ 238-39, to purportedly establish that Mr. Musk had the opportunity to commit fraud, ¶ 257, and to purportedly show that Mr. Musk and Tesla were unjustly enriched, ¶ 261.

Setting aside the many other deficiencies in the Third Amended Complaint, removing all false allegations of sales of Dogecoin destroys the foundations of each count of the Third Amended Complaint. To succeed on a claim for securities fraud, the Third Amended Complaint must meet the PSLRA's heightened pleading standard by alleging facts demonstrating that "defendants had both motive and opportunity to commit the fraud," or "constituting strong circumstantial evidence of conscious behavior or recklessness." *ATSI*, 493 F.3d at 99. Without the false allegations that Defendants sold Dogecoin, there is no discernable motive alleged. *Rotunno v. Wood*, 2022 WL 14997930, at *2 (2d Cir. Oct. 27, 2022) ("[T]he kind of personal financial motive that [the Second Circuit has] found sufficient" to plead scienter is "typically evidenced by insider trading for

significant financial gain."). Nor are there any allegations of recklessness or conscious misbehavior beyond conclusory statements. *ECA & Loc. 134 Ibew Joint Pension Tr. v. Jp Morgan Chase Co.*, 553 F.3d 187, 203 (2d Cir. 2009) ("To plead recklessness through circumstantial evidence, Plaintiffs would have to show at the least, conduct which is highly unreasonable and which represents an extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it."). Plaintiffs' claim for common law fraud fails for the same reasons. *Newman v. Fam. Mgmt. Corp.*, 530 F. App'x 21, 24 (2d Cir. 2013) ("The elements of claims for federal securities fraud and New York common law fraud are nearly identical."). The claim for insider trading is frivolous without the wallet ownership because there are no allegations that Defendants traded at all. *Fries v. N. Oil & Gas, Inc.*, 285 F. Supp. 3d 706, 720 n.5 (S.D.N.Y. 2018) ("Insider trading liability arises when an insider ***trades*** shares based on material nonpublic information without disclosing that information"). Finally, Plaintiffs' claim for unjust enrichment contains no allegations that Defendants were enriched at all other than the false claims of sales of Dogecoin through these wallets. ¶ 261; *Dwyer v. Allbirds, Inc.*, 598 F. Supp. 3d 137, 156 (S.D.N.Y. 2022) ("To state a claim for unjust enrichment under New York law, a Plaintiff must show that [] the defendant was enriched….").

Plaintiffs' claims are not grounded in fact, and the failure to withdraw these material and false allegations violates Rule 11.

## II.     The Court Should Dismiss The Third Amended Complaint And Sanction Spencer

Under Rule 11(c), "the court may impose an appropriate sanction on any attorney, law firm, or party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c). The PSLRA goes further and ***requires*** courts to impose sanctions for Rule 11 violations. *ATSI*, 579 F.3d at 152 (citing 15 U.S.C. § 78u–4(c)(2)). The PSLRA establishes a presumption that "for

11

***substantial*** failure of any complaint to comply with any requirement of Rule 11(b)," the opposing party is entitled to receive its "reasonable attorneys' fees and costs."  *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 215 (2d Cir. 2002) (quoting 15 U.S.C. § 78u–4(c)(3)(A)) (emphasis in original).

Here, Spencer filed a Third Amended Complaint premised on allegations known by Spencer to be false and allegations that lack any evidentiary support.  After being informed of these fundamental inaccuracies, Spencer chose not to withdraw the Third Amended Complaint, even though the inaccuracies and errors refute the very claims asserted.  Indeed, the substantial violation of Rule 11(b)(3) in the Complaint is evident as Defendants' alleged sale of Dogecoin "was the cornerstone of plaintiff's theory of the case and thereby infected the entire pleading."  *In re Austl. & N.Z.*, 712 F. Supp. 2d at 269 (granting sanctions because without a false allegation, "there [was] no colorable basis whatsoever for alleging scienter").

In cases like this, where false factual allegations form the crux of a plaintiff's claim, the Court should exercise its "discretion to dismiss an action with prejudice as a sanction pursuant to Rule 11."  *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 417-18 (S.D.N.Y. 2003) (collecting cases).

## CONCLUSION

For the reasons stated above, the Third Amended Complaint should be dismissed with prejudice and Spencer should be sanctioned for his violations of Rule 11.  Mr. Musk and Tesla respectfully request that the Court direct the parties to confer regarding a briefing schedule for the determination of Defendants' reasonable attorney's fees and costs.

DATED: June 22, 2023                                      Respectfully submitted,


                                                          */s/ Alex Spiro*
                                                          Alex Spiro
                                                          Sarah Heaton Concannon
                                                          Brenna Nelinson
                                                          QUINN EMANUEL URQUHART &
                                                          SULLIVAN, LLP
                                                          51 Madison Avenue, 22nd Floor
                                                          New York, New York 10038
                                                          Tel: 202-538-8122
                                                          Fax: 202-538-8100
                                                          Email: alexspiro@quinnemanuel.com
                                                                    sarahconcannon@quinnemanuel.com
                                                                    brennanelinson@quinnemanuel.com

                                                          Allison Huebert (*pro hac vice*)
                                                          TESLA, INC.
                                                          1 Tesla Road
                                                          Austin, TX 78725
                                                          Tel: (347) 417-4940
                                                          Email: ahuebert@tesla.com


                                                          *Attorneys for Defendants Elon Musk and Tesla, Inc.*

13