EXHIBIT C4

# EXHIBIT 1

Get The Scoop from The Block's Frank Chaparro. The new biweekly crypto markets newsletter. Sign Up Now

EXCLUSIVE

# Twitter will be added to dogecoin Ponzi scheme litigation if Elon Musk cannot get case dismissed

by Jim Edwards

PEOPLE • APRIL 12, 2023, 8:05AM EDT



Patrick T. Fallon/Bloomberg via Getty Images

   

 Cantaso 230202 30 DogT… by Abogados de 1800Cantaso    Learn More

## QUICK TAKE

- Lawyers who claim Elon Musk manipu... add Twitter as

   

### Access Web3 with MetaMask Institutional and Fireblocks

Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.

Advertisement

Advertisement



Twitter will be added as a defendant in the class action lawsuit that alleges dogecoin is a Ponzi scheme being manipulated by Elon Musk, if the plaintiffs get their way, a lawyer in the case told The Block.

Lawyers for Tesla, the Dogecoin Foundation, and Musk asked a U.S. federal district court in New York to dismiss the case against them on March 31. The case was brought by investors who lost money when the price of dogecoin collapsed between 2019 and 2021, after Musk appeared to stop supporting the memecoin. During that period, Musk made many supportive tweets of the coin. But in May 2021, he appeared on Saturday Night Live and called dogecoin "a hustle".

The dogecoin price plummeted, wiping out $86 billion in value as a result, the suit claims.

THE BLOCK



**Access Web3 with MetaMask Institutional and Fireblocks**

Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.

Advertisement

Although Musk had been named personally as a defendant Twitter itself has not yet been sued. But in October, Musk acquired Twitter and named himself as chief executive officer. In early April, he changed Twitter's logo for that of a shiba inu dog — the icon of dogecoin. The price of DOGE rallied 30% before collapsing again a few days later when Musk reverted the logo back to the blue bird.

The Block asked lawyers on both sides if Musk's recent antics would complicate the pre-existing lawsuit. Lawyers for Musk and Tesla did not respond.

## Twitter's logo change

Perhaps unsurprisingly, Evan Spencer, who represents the investors who claim they lost money on dogecoin due to Musk's manipulation of its price, said he believed Musk's logo change could drag Twitter into the case.

"After reviewing Defendants motions to dismiss, we are confident that we will prevail in this case," he told the Block. "Our opposition will be filed shortly, and when the court rules in our favor, we will be filing a motion to add Twitter as a defendant."

He declined further comment.


THE BLOCK
**Access Web3 with MetaMask Institutional and Fireblocks**
Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.
Advertisement

- Tesla CEO Elon Musk accused of dogecoin Ponzi scheme in new class action lawsuit

© 2023 The Block Crypto, Inc. All Rights Reserved. This article is provided for informational purposes only. It is not offered or intended to be used as legal, tax, investment, financial, or other advice.

ELON MUSK     LAWSUITS

    

**ABOUT AUTHOR**

Jim is the former editor-in-chief of Insider's news division and the founding editorial director of DL News. Previously he was the founding editor of Business Insider UK. He has also been managing editor at Adweek, an advertising columnist at CBS Interactive, and a Knight-Bagehot Fellow at Columbia Business School. His work has appeared in Slate, Salon, The Independent, MTV, The Nation and AOL. His investigative journalism changed the law in the US First Circuit Court of Appeals (U.S. v. Kravetz), the Third Circuit Court of Appeals (North Jersey Media v. Ashcroft), New Jersey (In Re El-Atriss), and New York State (Mosallem v. Berenson). The US Supreme Court cited his work on the death penalty in the concurrence to Baze v. Rees, on the issue of whether lethal injection is cruel or unusual. He won the Neal award for business journalism in 2005 for a series investigating bribes and kickbacks in the advertising business. You can reach him on Twitter @Jim_Edwards or Linkedin https://www.linkedin.com/in/jimedwards123/

**EDITOR**

To contact the editor of this story:
Larry DiTore at
lditore@theblock.co

MORE BY JIM EDWARDS


**Access Web3 with MetaMask Institutional and Fireblocks**
Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.
Advertisement



**Ledger CTO on Recover private key access: 'The tradeoff, I think, is acceptable'**

May 18, 2023, 12:35PM EDT     COMPANIES



**CFTC chair says DeFi crypto exchanges will be regulated even if they are 'just code'**

May 18, 2023, 6:54AM EDT     POLICY



Work smarter, not harder.

THE BLOCK PRO

Research, news, and data for institutions evaluating opportunities in digital assets.



**Access Web3 with MetaMask Institutional and Fireblocks**

Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.

Advertisement

# THE BLOCK

## CONTENT

News
Data
PRO
Newsletters

## MULTIMEDIA

Events
Reports
Podcasts

## CONNECT

Google News
Twitter
LinkedIn
Instagram
Telegram
Facebook
Spotify

## COMPANY

About Us
Editorial Team
Advertise
Careers
Conflicts of interest
Disclosures
Press

© 2023 THE BLOCK. ALL RIGHTS RESERVED.
PRIVACY POLICY ▪ TERMS OF SERVICE ▪ SECURITY
DO NOT SELL OR SHARE MY PERSONAL INFORMATION




**Access Web3 with MetaMask Institutional and Fireblocks**

Institutional investors get unrivaled web3 access, enhanced portfolio management tools, and enterprise-grade security and key management. Sign up for the integration.

Advertisement

# EXHIBIT 2

**Brenna Nelinson**

| | |
|---|---|
| **From:** | Evan Spencer <evan@evanspencerlaw.com> |
| **Sent:** | Tuesday, May 23, 2023 2:19 AM |
| **To:** | Sarah Heaton Concannon; Alex Spiro; Brenna Nelinson; amehes@tesla.com; ManagingClerk@blbglaw.com; Nathan.Donlon@blbglaw.com; Chad Albert; slevine@levinelee.com; managingclerk@levinelee.com |
| **Cc:** | Rob Kimtis |
| **Subject:** | Dogecoin Class Action - Request to File Third Amended Complaint |
| **Attachments:** | Dogecoin Third Amended Complaint 5.22.23.docx; Dogecoin Third Amended Complaint 5.22.23.pdf |

**[EXTERNAL EMAIL from evan@evanspencerlaw.com]**

Dear Counselors:

I am writing to request permission to file the attached Third Amended Complaint and for permission to stay the current briefing schedule of the motion to dismiss the Second Amended Complaint until Plaintiffs' forthcoming motion is decided. While the complaint has been previously amended, we have not had the opportunity to amend since Defendants filed their motions to dismiss. There are also supplemental facts that have occurred since December 2022 that Plaintiffs have a right to plead under FRCP Rule 15(d). We have removed the Dogecoin Foundation as a Defendant, removed Civil RICO and other allegations, and have pleaded Domesticity and other matters raised in Defendants' briefs with greater specificity.

In the Southern District of New York, parties are always given at least one opportunity to amend their pleading after receiving a motion to dismiss. Plaintiffs are only prohibited from amending when they have have already previously amended in response to a motion to dismiss. "Pursuant to the Court's individual rules, after Defendant filed a motion to dismiss on June 5, 2020, the Court gave Plaintiff the option of amending his complaint in response to the motion to dismiss. *See* Dkt. No. 14." *Thompson v. U.S. Dep't of Educ.*, 20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021) However, after "Plaintiff amended the complaint in response to Defendants' first motion to dismiss. Plaintiff shall not be provided leave to amend a second time." *Quinones v. PRC Mgmt. Co., LLC*, 14-CV-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015)

Please let me know on or before Thursday May, 25th by 6:00 pm, if a stay of the pending briefing schedule is acceptable and if Plaintiffs have permission to file the attached Third Amended Complaint.

Sincerely,

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

# EXHIBIT 3

**Brenna Nelinson**

| | |
|---|---|
| **From:** | Evan Spencer <evan@evanspencerlaw.com> |
| **Sent:** | Wednesday, May 24, 2023 2:19 AM |
| **To:** | Sarah Heaton Concannon |
| **Cc:** | Rob Kimtis; Alex Spiro; Brenna Nelinson; amehes@tesla.com; ahuebert@tesla.com; ManagingClerk@blbglaw.com; Nathan.Donlon@blbglaw.com; Chad Albert; slevine@levinelee.com; managingclerk@levinelee.com |
| **Subject:** | Re: Dogecoin Class Action - Request to File Third Amended Complaint |

**[EXTERNAL EMAIL from evan@evanspencerlaw.com]**

Dear Ms. Concannon:

Unfortunately, I am unable to provide a redline copy of the Third Amended Complaint because it was drafted from scratch. I apologize for the inconvenience. I can extend the deadline five days until Tuesday, May 30th to let me know if Defendants oppose our motion to file the Third Amended Complaint.

As far as our request for a stay of the pending briefing schedule, I will still need an answer from all Defendants by Thursday, May 25th at 6:00 pm. Voluntarily staying the briefing schedule will save the Court and parties time and money and is reasonable under the circumstances.

Opposed or unopposed, Plaintiffs will file a motion to stay the briefing schedule on Friday, May 26th and a motion to file the Third Amended Complaint on Wednesday, May 31st. If a stay is not granted, Plaintiffs will file opposition briefs to Defendants' motions to dismiss on May 31st.

Sincerely,

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY  10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

On Tue, May 23, 2023 at 9:03 AM Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com> wrote:

> Evan,
>
> It appears that there was not a redline attached to your initial email. Can you please provide ASAP, given your request that we revert by Thursday at 6 p.m.?
>
> Also, please ensure that you copy both Adam Mehes (amehes@tesla.com) and Allison Huebert (ahuebert@tesla.com) on communications going forward.

1

Thank you,
Sarah



**Sarah Heaton Concannon**
*Partner and Co-Chair of SEC Enforcement Practice*
**Quinn Emanuel Urquhart & Sullivan, LLP**

1300 I Street, NW, Suite 900
Washington, D.C. 20005



51 Madison Ave., 22nd Floor

New York, N.Y. 10010



202.538.8122 Direct

703.554.5521 Cell
sarahconcannon@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Evan Spencer <evan@evanspencerlaw.com>
**Sent:** Tuesday, May 23, 2023 2:19 AM
**To:** Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>; Alex Spiro <alexspiro@quinnemanuel.com>; Brenna Nelinson <brennanelinson@quinnemanuel.com>; amehes@tesla.com; ManagingClerk@blbglaw.com; Nathan.Donlon@blbglaw.com; Chad Albert <calbert@levinelee.com>; slevine@levinelee.com; managingclerk@levinelee.com
**Cc:** Rob Kimtis <rob@evanspencerlaw.com>
**Subject:** Dogecoin Class Action - Request to File Third Amended Complaint

**[EXTERNAL EMAIL from evan@evanspencerlaw.com]**

Dear Counselors:

I am writing to request permission to file the attached Third Amended Complaint and for permission to stay the current briefing schedule of the motion to dismiss the Second Amended Complaint until Plaintiffs'

forthcoming motion is decided. While the complaint has been previously amended, we have not had the opportunity to amend since Defendants filed their motions to dismiss. There are also supplemental facts that have occurred since December 2022 that Plaintiffs have a right to plead under FRCP Rule 15(d). We have removed the Dogecoin Foundation as a Defendant, removed Civil RICO and other allegations, and have pleaded Domesticity and other matters raised in Defendants' briefs with greater specificity.

In the Southern District of New York, parties are always given at least one opportunity to amend their pleading after receiving a motion to dismiss.  Plaintiffs are only prohibited from amending when they have have already previously amended in response to a motion to dismiss. "Pursuant to the Court's individual rules, after Defendant filed a motion to dismiss on June 5, 2020, the Court gave Plaintiff the option of amending his complaint in response to the motion to dismiss. *See* Dkt. No. 14." *Thompson v. U.S. Dep't of Educ.*, 20-cv-693 (AJN), at *7 (S.D.N.Y. Mar. 30, 2021) However, after "Plaintiff amended the complaint in response to Defendants' first motion to dismiss. Plaintiff shall not be provided leave to amend a second time." *Quinones v. PRC Mgmt. Co., LLC*, 14-CV-9064 (VEC), at *11 n.7 (S.D.N.Y. July 7, 2015)

Please let me know on or before Thursday May, 25th by 6:00 pm, if a stay of the pending briefing schedule is acceptable and if Plaintiffs have permission to file the attached Third Amended Complaint.

Sincerely,

Evan Spencer

Evan Spencer Law, PLLC

305 Broadway, 7th Floor

New York, NY   10007

Tel. 917.547.4665

Evan@EvanSpencerLaw.com

EvanSpencerLaw.com

3

# EXHIBIT 4

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7364**

WRITER'S EMAIL ADDRESS
**alexspiro@quinnemanuel.com**

June 9, 2023

**VIA E-MAIL**
**EVAN@EVANSPENCERLAW.COM**

Evan Spencer
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007

Re:   Johnson v. Musk et al., No. 1:22-cv-05037-AKH

Dear Mr. Spencer:

    We write on behalf of our clients Elon Musk and Tesla ("Defendants") to advise you that the Third Amended Class Action Complaint, Dkt. 77 (the "Third Amended Complaint"), contains allegations without evidentiary support or legal basis that are sanctionable under Rule 11. Specifically, despite amending your complaint a third time, the Third Amended Complaint baselessly alleges that Mr. Musk sold nearly $10 billion of Dogecoin. ¶¶ 196-98, 200, 202, 206, 209. These allegations are ***demonstrably false***. We demand that you immediately withdraw the Third Amended Complaint. If you refuse to do so, then Defendants intend to serve you with a formal motion under Rule 11 and seek sanctions, fees, and costs.

    Rule 11(b) provides in relevant part that an attorney filing a pleading with a court is certifying that to the best of that attorney's knowledge, formed after a reasonable inquiry:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b).  A pleading violates Rule 11 "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law[.]"  *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007).  Here, the Third Amended Complaint contains allegations so frivolous and unsupported by law or fact that they violate Rule 11(b) and must be withdrawn.

The Third Amended Complaint purports to assert claims against Mr. Musk and Tesla for "insider trading" and "market manipulation."  The foundational factual allegation in purported support of those claims is that certain Dogecoin wallets—which you assert without a good-faith basis "belong" to Defendants—were used to "trade profitably ... using foreknowledge then unknown and undisclosed to Dogecoin investors generally or publicly, of [Musk's] intended moves to manipulate the market."  Third Am. Compl. ¶ 204.  You specifically allege, without basis, that the following wallets "belong" to Defendants:

- DJ6Kc, ¶ 179;
- DH5ya, ¶ 185;
- DPDL, ¶ 201;
- DRSq, ¶ 204;
- DSP3, ¶ 204;
- D6dq, ¶ 204;
- DDux, ¶ 206;
- D8ZEV, ¶ 208.

You are wrong.  Moreover, you were well-aware, ***before*** filing the Third Amended Complaint, that there was zero factual basis for these allegations.  And, based on your awareness, no competent attorney could form a reasonable belief that the Third Amended Complaint is well-grounded in fact.

Specifically, before filing the Third Amended Complaint, you were aware based on Defendants' March 31, 2023 memorandum in support of the motion to dismiss that the wallet beginning in "DH5ya" does not belong to Mr. Musk, but rather belongs to Robinhood—a fact confirmed by sources you cited in the First Amended Complaint.  Dkt. 62 at 4 ("But that wallet does not belong to Mr. Musk, and indeed the website that Plaintiffs relied upon in their First Amended Complaint ... states that the wallet in question belongs to Robinhood.").  For each of the other wallets you falsely allege "belong" to Defendants, the sole basis for your claim is that these wallets sold Dogecoin at a time when, according to the Third Amended Complaint, prices were up.  Third Am. Compl. ¶¶ 143-44, 201-09.  This does not meet the Rule 8 standard for pleading.  Moreover, the wallet beginning in "DJ6Kc," is not even ***alleged*** to have sold Dogecoin; your sole allegation is that Dogecoin was "sent" by this wallet.  *Id.* ¶ 183.  And again, the Third Amended

2

Complaint contains no plausible factual allegations whatsoever establishing that this wallet, or any other, belongs to Defendants. *See Marom v. City of N.Y.*, 2016 WL 916424, at *19 (S.D.N.Y. Mar. 7, 2016) ("Rule 8(a) requires a party to set forth or 'show[]' facts that make the allegation plausible."); *see also Galin v. Hamada*, 283 F. Supp. 3d 189, 203 (S.D.N.Y. 2017), aff'd, 753 F. App'x 3 (2d Cir. 2018) ("[C]ounsel had an obligation under Rule 11 to withdraw the Complaint because they knew—by that point if not earlier—that their allegations on the central (and dispositive) issue in the case were 'utterly lacking in support.'").

In sum, your allegations that Defendants sold Dogecoin—and therefore all of the allegations of the Third Amended Complaint—are pure fabrications. These verifiably false allegations are material—the Third Amended Complaint relies on allegations that Defendants sold Dogecoin to support the purported claim of insider trading, Third Am. Compl. ¶¶ 238, 239, to purportedly establish that Mr. Musk had the opportunity to commit fraud, *id.* ¶ 257, and to purportedly show that Mr. Musk and Tesla were unjustly enriched, *id.* ¶ 261.

If you had made a reasonable inquiry under Rule 11 before seeking leave to file the Third Amended Complaint, as the Federal Rules require, that inquiry would have revealed that neither Mr. Musk nor Tesla owns the wallets alleged to have sold Dogecoin, and further that neither Mr. Musk nor Tesla have *ever* sold Dogecoin. Failure to make an inquiry revealing these fundamental deficiencies of your complaint violated Rule 11.

Please voluntarily withdraw the Third Amended Complaint no later than 9 a.m. ET on June 12, 2023. If you do not do so, we will serve you with a formal motion under Rule 11.

Sincerely,

*Alex Spiro*


Alex Spiro

3