# EXHIBIT A

# Hannah Odenthal

| | |
|---|---|
| **From:** | Evan Spencer <evan@evanspencerlaw.com> |
| **Sent:** | Friday, July 14, 2023 10:59 PM |
| **To:** | Alex Spiro |
| **Cc:** | Rob Kimtis; Sarah Heaton Concannon; Brenna Nelinson; ahuebert@tesla.com |
| **Subject:** | FRCP Rule 11 Letter Regarding Defendants' Motion for Sanctions |
| **Attachments:** | Rule 11 Letter 7.14.23.pdf |

**[EXTERNAL EMAIL from evan@evanspencerlaw.com]**

Counselors,

Please see attached 21-day safe harbor letter regarding your frivolous motion filed today.

Sincerely,

Evan Spencer

Evan Spencer Law, PLLC

305 Broadway, 7th Floor

New York, NY  10007

Tel. 917.547.4665

Evan@EvanSpencerLaw.com

EvanSpencerLaw.com

1

**Evan Spencer Law, PLLC**
305 Broadway, 7th Floor
New York, NY   10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com
www.EvanSpencerLaw.com

July 14, 2023

**VIA EMAIL**
Alex Spiro
Quinn Emanuel
51 Madison Ave., 22nd Floor
New York, NY   10010
alexspiro@quinnemanuel.com

cc: sarahconcannon@quinnemanuel.com; brennanelinson@quinnemanuel.com;
    ahuebert@tesla.com

Re: **1:22-cv-05037-AKH: Notice to Withdraw Your Improper Motion**

Dear Mr. Spiro,

This letter is to provide you notice as of today's date that Defendants' motion for sanctions filed today, July 14, 2023, is itself sanctionable under Rule 11, as its arguments and other assertions are frivolous and cannot have been made in good faith. For the reasons outlined herein, below, on August 6, 2023, Plaintiffs will file their own motion to sanction you and your colleagues, should your July 14th motion not be withdrawn by August 5, 2023. I have no illusions that you and your colleagues are likely to withdraw your improper motion, but as a courtesy, and in fulfillment of my duty under Rule 11, I am going to furnish you with proper notice anyway.

The Private Securities Litigation Reform Act (PSLRA), at 15 U.S.C. § 78u-4(c)(1), requires mandatory review of the parties' and their attorneys' compliance with Rule 11 as to pleadings and dispositive motions *after* final adjudication of the action. Because your motion alleges Rule 11 violations at the pleading stage, it is unripe. Furthermore, your motion makes clear (at p. 7, second unnumbered paragraph) that you were well aware of this and chose to file anyway.

As to the substance of your motion, most of what it alleges is that Plaintiffs have failed to state a claim, and that their allegations are untrue. If you have a good faith basis for believing Plaintiffs failed to state a claim, the proper avenue for disposition would be a motion under Rule 12(b)(6), not Rule 11. To the extent your motion simply denies Plaintiffs' allegations, this also cannot be a basis for a Rule 11 finding. These things are so obvious that they raise very troubling doubts about whether your motion was filed in good faith.

In page after page, your motion willfully persists in conflating frivolousness with (alleged) meritlessness. Smuggling a 12(b)(6) motion in through Rule 11 is itself a Rule 11 violation, as it can serve no purpose other than harassment, vexation, delay—and to learn Plaintiffs' arguments in rebuttal of Defendants' impending motion to dismiss before you have even filed it.

Your motion for sanctions makes numerous false assertions that can only have been willful, to include:

"[R]emoving all… allegations of sales of Dogecoin destroys the foundations of each count of the Third Amended Complaint." Dk. 87, p. 11. False. The evidence of Musk's market manipulation is overwhelming, TAC, ¶¶ 64-102, 160-165, and he has publicly admitted that both he and Tesla own Dogecoin (e.g., ¶¶ 85, 146, 174). All this furnishes a good faith basis for Counts I and III regardless of which Dogecoin wallets your clients own. You are also unable to refute Musk's charity donation which revealed one of his wallets with over 700,000 transactions since 2017, totaling billions of dollars in trades.

"Without the… allegations that Defendants sold Dogecoin, there is no discernable motive alleged." False. Ownership of Dogecoin is enough, and other plausible motives are also alleged. See TAC, ¶¶ 222, 227. Furthermore, your clients bought Dogecoin at a fraction of a penny and it now trades at 7 cents per coin, an exponential increase based upon Defendants' market manipulation. "Nor are there any allegations of recklessness or conscious misbehavior beyond conclusory statements." False. See ¶¶ 64-102.

While I realize that your motion makes several arguments that go beyond alleging failure to state a claim, these are also frivolous—because they fail to provide a basis for the sanctions you seek—and are themselves sanctionable under Rule 11. First, you point out that Plaintiffs have amended their pleadings several times before. By itself, that is not grounds for sanctions. Second, you point out that I have amended the pleadings in prior cases. Again, this furnishes no basis for any kind of finding as to the Third Amended Complaint, under Rule 11, Rule 12, or any other rule.

At page 10, you persist in alleging that Plaintiffs' allegation that the Dogecoin wallet beginning in DH5ya belongs to Elon Musk is without factual basis. But the TAC posits a robust, good faith basis for this allegation and more than adequately debunks the idea that it belongs to Robinhood. You were well aware of all this prior to moving for sanctions; both from the TAC at ¶¶ 186-191, from Plaintiffs' motion to disqualify, Dk. 83, p. 8, and from their reply brief in support of that motion. Dk. 85, pp. 15-16.

Thus, you have no good faith basis for stating that these allegations fail as a matter of law, much less that they are frivolous. And your averment, at p. 10 (that "Spencer's allegations are also facially contradictory because DH5ya is alleged to have sold $6.4 billion to DPDL, another wallet that is alleged to be owned by Mr. Musk") also cannot furnish grounds for sanctions, because as your clients know, profiting from a sale is hardly the only plausible motive for transferring crypto assets from one wallet to another.

Your clients deny that they own the Dogecoin wallets the TAC alleges they own. Since it is undisputed that your clients own Dogecoin, I think it would save the parties and the Court a great deal of time and resources if you would simply inform Plaintiffs which Dogecoin wallets your clients *do* own. Should you wish to dispel Plaintiffs' allegations, please provide us with that information at your earliest convenience.

Meanwhile, your willfully false allegations make your improper Rule 11 motion sanctionable, and Plaintiffs will move for sanctions promptly on August 6, 2023, if your motion is not withdrawn by August 5, 2023.

Sincerely,

*s/ Evan Spencer*

Evan Spencer, Esq.
*Attorney for Plaintiffs*