UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COLBY GOROG, JOSHUA FLINT,
LOUIS ROBINSON, and MICHAEL LERRO,
individually and on behalf of all others
similarly situated,

                                 Plaintiffs,

                v.

ELON MUSK and TESLA, INC.,

                                 Defendants.

Civil Action No.: 1:22-cv-05037-AKH

**MEMORANDUM OF LAW IN
SUPPORT OF PLAINTIFFS'
CROSS-MOTION FOR LEAVE TO
FILE FOURTH AMENDED CLASS
ACTION COMPLAINT**

*Submitted By:*

EVAN SPENCER LAW, PLLC
Evan Spencer, Esq.
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Lead Attorney for Plaintiffs and the Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................3

LEGAL STANDARD ......................................................................................................5

ARGUMENT...................................................................................................................5

    A.  The Requested Amendment Furthers the Interest of Justice ...............................................6

    B.  The Requested Amendment Will Not Unduly Prejudice the Defendants .........................7

    C.  The Requested Amendment Is Not Unduly Delayed .........................................................7

    D.  The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive .........................8

    E.  The Requested Amendment Is Not Futile .......................................................................11

    F.  Leave to Amend and Denial of Defendants' Motion to Dismiss Is Appropriate .............13

CONCLUSION...............................................................................................................13

# TABLE OF AUTHORITIES

**Cases**          **Page(s)**

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)............................................................................................7

*Assam v. Deer Park Spring Water, Inc.*,
163 F.R.D. 400 (E.D.N.Y. 1995).................................................................................6-7

*Baskin v. Hawley*,
807 F.2d 1120 (2d Cir. 1986) .........................................................................................8

*Block v. First Blood Assocs.*,
988 F.2d 344 (2d Cir. 1993) ...........................................................................................5

*China Auto. Sys., Inc.*,
2012 WL 3205062 ..........................................................................................................11

*Clark v. Dematic Corp.*,
No. 5:14-CV-750, 2014 WL 6387166 (N.D.N.Y. Nov. 14, 2014) ............................5-6

*Degroote v. City of Troy*,
2010 WL 2696400 (N.D.N.Y. June 25, 2010) ..............................................................13

*Felton v. Local Union 804, Int'l Bhd. of Teamsters*,
2020 WL 3104048 (E.D.N.Y. June 11, 2020) ...............................................................7

*Foman v. Davis*,
371 U.S. 178, 182 (1962) ................................................................................................5

*Gracia v. City of N.Y.*,
2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017) ...............................................................8

*Guan v. Lash Princess 56 Inc.*,
 2023 WL 2242050 (S.D.N.Y. Feb. 27, 2023) ..............................................................13

*In re Agent Orange Prod. Liability Litigation*,
787 F.2d 822 (2d Cir. 1986) ...........................................................................................8

*In re Direxion Shares ETF Trust*,
No. 09-cv-08011, 2012 WL 717967 (S.D.N.Y. Mar. 6, 2012) ......................................6

*McLaughlin v. Pezzolla*,
2007 WL 676674 (N.D.N.Y. Feb. 28, 2007) ...............................................................13

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*,
681 F.3d 114 (2d Cir. 2012) ............................................................................................11

*Pasternack v. Shrader*,
863 F.3d 162 (2d Cir. 2017)...............................................................................................8

*Presbyterian Church Of Sudan v. Talisman Energy, Inc.*,
582 F.3d 244 (2d Cir. 2009) ..............................................................................................9

*Ricciuti v. N.Y.C. Transit Auth.*,
941 F.2d 119 (2d Cir. 1991)...............................................................................................5

*Sankara v. City of N.Y.*,
15-CV-6928 (VSB) (S.D.N.Y. Feb. 22, 2018) ..................................................................8

*Shiah Yih Indus. Co. v. Sitco Importing Co.*,
No. 96 CIV. 0356, 1997 WL 304903 (S.D.N.Y. June 5, 1997).........................................5

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981)...........................................................................................7, 9

*Twahir v. Vill. Care of New York, Inc.*,
No. 10 CIV. 9452, 2011 WL 2893466 (S.D.N.Y. July 12, 2011) .....................................5

*United States ex rel. Hayes v. Allstate Ins. Co.*,
686 F. App'x 23 (2d Cir. 2017) .........................................................................................9

*Williams v. Citigroup Inc.*,
659 F.3d 208 (2d Cir. 2011)...............................................................................................5

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(6)..........................................................................................11, 12, 13

Fed. R. Civ. P. 15(a) ...........................................................................................................5

Plaintiffs Colby Gorog, Joshua Flint, Louis Robinson and Michael Lerro, having concurrently filed their separate brief in opposition to Defendants' motion to dismiss the Third Amended Complaint, hereby respectfully submit this memorandum of law in support of Plaintiffs' cross-motion for leave to file the accompanying Fourth Amended Class Action Complaint (Exhibit "A").

## LEGAL STANDARD

Under Rule 15(a) of the Federal Rules of Civil Procedure a court, "should freely give leave," to amend a complaint, "when justice so requires." That permissive standard for granting leave to amend promotes a, "strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (internal quotation marks omitted). Under that standard leave to amend, "should ordinarily be granted," and, "it is rare that such leave should be denied." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991).

## ARGUMENT

Leave to amend can be denied only where it is sought in, "bad faith or [with] dilatory motive," where it will prejudice the defendant, where there has been, "repeated failure to cure deficiencies," or if amendment would be futile. *See*, e.g., *Twahir v. Vill. Care of New York, Inc.*, No. 10 CIV. 9452, 2011 WL 2893466, at *1 (S.D.N.Y. July 12, 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Shiah Yih Indus. Co. v. Sitco Importing Co.*, No. 96 CIV. 0356, 1997 WL 304903, at *1–*4 (S.D.N.Y. June 5, 1997). Mere delay or the burdens of litigation caused by amendment do not, without more, furnish grounds to deny leave to amend. *See*, e.g., *Block v. First Blood Assocs.*, 988 F.2d 344, 350–51 (2d Cir. 1993).

Where, as here, defendants will have an, "opportunity to respond to the proposed amended complaint," and the court may consider, "the merits of the motion [to dismiss] in light

of the amended complaint," granting leave to amend is particularly warranted. *Clark v. Dematic Corp.*, No. 5:14-CV-750, 2014 WL 6387166, at *1– 2 (N.D.N.Y. Nov. 14, 2014) (internal quotation marks and citations omitted).

    A.    **The Requested Amendment Furthers the Interest of Justice**

The Fourth Amended Complaint ("4AC") neither adds nor subtracts any parties or causes of action. Rather, Plaintiffs seek leave to amend their complaint to include additional allegations of fact only recently come to light. These amendments are in the interest of justice because they will provide this Court with additional factual allegations to consider when determining whether there are any genuine disputes of material fact, and when determining the relevance of discovery matters.

The additional factual allegations Plaintiffs seek to provide have come to light only in the past three months, while Defendants' motion to dismiss the Third Amended Complaint ("TAC") was pending. They provide complimentary support to the facts already alleged in the TAC while clarifying Defendant Elon Musk's scienter in "pumping" Dogecoin, a key element of all four causes of action in this matter. These facts also give a clearer picture of the nature and function of the Dogecoin blockchain and what Musk knew about its scalability, lending significant strength to Plaintiffs' misstatements claims under Rule 10b-5. Furthermore, reduction of the number of particular Dogecoin "wallets" Defendants are alleged to own (as recently demanded by Defendants) will serve to better notify Defendants of exactly what information is likely to be sought in discovery, furthering the, "important policy goal of the efficiency and economy of litigation." *In re Direxion Shares ETF Trust*, No. 09-cv-08011, 2012 WL 717967, at *6-7 (S.D.N.Y. Mar. 6, 2012).

Granting Plaintiffs leave to amend will also enable Plaintiffs to plead both materiality of misstatements and transaction causation (reliance) with greater particularity, thus furthering the well-recognized policy of having claims "resolved upon the merits" rather than dismissed due to "procedural technicalities." *Assam v. Deer Park Spring Water, Inc*., 163 F.R.D. 400, 404 (E.D.N.Y. 1995).

Justice requires that leave to amend be granted.

### B.      The Requested Amendment Will Not Unduly Prejudice the Defendants

Granting Plaintiffs leave to amend will not cause unfair prejudice to the Defendants, who have yet to even submit a responsive pleading. A defendant is prejudiced by an amendment only when it would, "require the opponent to expend significant additional resources to conduct discovery and prepare for trial," or, "significantly delay the resolution of the dispute." *AEP Energy Servs. Gas Holding Co. v. Bank of Am*., *N.A.*., 626 F.3d 699, 725-26 (2d Cir. 2010) (internal quotation marks and citations omitted). Undue prejudice may arise for example when, "an amendment [comes] on the eve of trial and would result in new problems of proof." *State Teachers Ret. Bd. v. Fluor Corp*., 654 F.2d 843, 856 (2d Cir. 1981).

This case is far from the "eve of trial." Not only do Defendants have yet to file their answer, but amendment at this stage would not require expenditure of significant additional resources for discovery or trial preparation, and would in fact help to narrow the issues for discovery. Defendants still have ample opportunity to file a responsive pleading, submit additional defensive motions, and oppose class certification. No argument that Defendants would be prejudiced by the requested amendment is remotely supportable.

### C.      The Requested Amendment Is Not Unduly Delayed

Plaintiffs cannot be faulted for undue delay in seeking leave to amend. The standard for amending a complaint is permissive, and Courts in this Circuit have allowed parties to amend as many as seven, eight, and even nine times. *See*, e.g., *Felton v. Local Union 804, Int'l Bhd. of Teamsters*, 2020 WL 3104048 at *1 (E.D.N.Y. June 11, 2020) ("I deemed the ninth amended complaint the operative complaint"); *Baskin v. Hawley*, 807 F.2d 1120, 1124 (2d Cir. 1986) ("On the strength of this discovery Baskin promptly moved for and eventually received permission to file… the Eighth Amended Complaint); *In re Agent Orange Prod. Liability Litigation*, 787 F.2d 822, 823 (2d Cir. 1986) ("the district court ordered plaintiffs to serve a seventh amended complaint"); *Sankara v. City of N.Y.*, 15-CV-6928 (VSB), at *5 (S.D.N.Y. Feb. 22, 2018) ("Plaintiff filed his Fifth Amended Complaint.")

Similar to undue prejudice analysis, courts in this Circuit have found that parties did not unduly delay their request for leave when they filed their motion prior to discovery. *See*, e.g., *Pasternack v. Shrader*, 863 F.3d at 174; *Gracia v. City of N.Y.*, No. 16-CV07329 (VEC), 2017 WL 4286319 at *2 (S.D.N.Y. Sept. 26, 2017). This case has not yet reached the discovery stage. Indeed, Defendants have yet to even file a responsive pleading. Therefore, there is no undue delay.

**D.    The Amendment Is Not Sought in Bad Faith or with a Dilatory Motive**

Plaintiffs' proposed amendment is not sought in bad faith or with dilatory motive. Courts have declined to find bad faith or dilatory motive when an amendment is based on the discovery of new facts. *See, e.g., Lehman Bros. Commercial Corp. v. Minmetals Int'l Non- Ferrous Metals Trading Co.,* 1996 WL 346426, at *2 (S.D.N.Y. June 25, 1996); *Intersource, Inc. v. Kidder Peabody & Co. Inc.,* 1992 WL 369918, at *3 (S.D.N.Y. Nov. 20, 1992)*.* In instances where plaintiffs discover new facts relating to and supporting claims asserted in an earlier pleading,

courts in this District and Circuit routinely permit amendment on the basis of such new information. *See*, e.g., *In re Facebook*, *Inc*., 986 F. Supp. 2d 428, 472 (S.D.N.Y. 2014); *Phillips v. Kidder, Peabody & Co*., No. 87 Civ. 4936 (DLC), 1994 WL 570072, at *4 (S.D.N.Y. Oct. 13, 1994); *Uhlein v. Seymour*, 7:03-CV-1147 (TJM/GHL), at *31 (N.D.N.Y. Ap. 6. 2006).

In contrast, bad faith may be found when a party fails to follow a court's instructions when filing an amended complaint. *See*, e.g., *Presbyterian Church Of Sudan v. Talisman Energy, Inc*., 582 F.3d 244, 267 (2d Cir. 2009) (finding bad faith when plaintiff sought leave to amend "three years after the deadline for amendment specified in the scheduling order.") Bad faith can also be found where a party engages in improper behavior in court, such as making knowing misrepresentations in a prior pleading. *See*, e.g., *United States ex rel. Hayes v. Allstate Ins. Co*., 686 F. App'x 23, 27–28 (2d Cir. 2017).

Here, Plaintiffs seek to file the 4AC in good faith, in order to further support their claims with new facts discovered since the filing of the TAC. The Second Circuit has found that even a three-year delay in moving to amend a complaint, where new factual bases for claims have come to light, does not support a finding of bad faith. *See State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d at 843, 856 (2d Cir. 1981). Here, Plaintiffs seek to plead the following new facts less than six months after Defendants filed their first response:

- Defendant Musk's market manipulation of Dogecoin is ongoing since the Third Amended Complaint was filed. *See* Fourth Amended Complaint, ¶¶ 194-200.

- Since the Third Amended Complaint was filed, hundreds of Dogecoin-promoting tweets have been posted on Twitter (now rebranded as "X") by accounts that appear to be paid shills for Elon Musk, and the extent of Musk's influence operations were further revealed when a number of these accounts were employed

in August 2023, to promote X's recently announced ad revenue sharing policy for so-called "content creators." *Id*., ¶¶ 207-215.

- In support of their motion for sanctions filed after the TAC was submitted, Defendants on July 14, 2023, filed non-party declarations by their employees, ECF Nos. 89, 90, denying Plaintiffs' allegations that Defendants own several specific Dogecoin "whale wallets," i.e., addresses on the Dogecoin blockchain that hold very large amounts of Dogecoin. In response, Plaintiffs have refined their allegations regarding Defendants' trading of Dogecoin by removing some allegations denied by Defendants, and pleading others on information and belief. *Id*., ¶¶ 237-280.

- A spate of reporting from reputable news sources since the TAC was filed strongly suggests that Musk is pursuing a megalomaniacal long-term project for control of the internet, to include the transformation of X into an "everything app" akin to China's WeChat.[1] As part of this transformation, Musk intends to add numerous functions to X, including crypto payment processing. It was first reported only two weeks ago that X has obtained licensing to process cryptocurrency from seven states.[2] 4AC, ¶¶ 316-345.

- This recent reporting further suggests that Musk's intimate relationship to the Dogecoin Foundation and Dogecoin's core developers (TAC, ¶¶ 68, 127-128) is

---

[1] *See*, e.g., "Elon Musk's Shadow Rule." Farrow, Ronan. Aug. 21, 2023. *The New Yorker*. Retrieved Sept. 2, 2023. https://www.newyorker.com/magazine/2023/08/28/elon-musks-shadow-rule; *see also* "Elon Musk's Quixotic Quest to Turn X Into an 'Everything App.'" Jul. 27, 2023. *The New York Times*. Mac, Ryan. Retrieved Sept. 2, 2023. https://www.nytimes.com/2023/07/27/technology/elon-musk-x-everything-app.html
[2] *See,* "Elon Musk's X Has Licenses in Multiple U.S. States to Process Payments, Including Crypto." Handagama, Sandali. Aug. 31, 2023. *Coin Desk*. Retrieved Sept 2, 2023. https://www.coindesk.com/business/2023/08/31/elon-musks-x-has-licenses-in-multiple-us-states-to-process-payments-including-crypto/

in fact *managerial* in nature, and Plaintiffs wish to plead additional facts to support that inference. 4AC, ¶¶ 91, 321-323, 328-330, 336-346, 368.

Plaintiffs seek to amend in order to plead these new developments. This voluminous amount of new evidence regarding Defendants' market manipulation of Dogecoin warrants an amendment of the pleadings before or after the Court denies Defendants' now-pending motion to dismiss. Because the proposed amendment is made in good faith, based on the discovery of new facts, it cannot be disparaged as an improper means to delay resolution of this action.

**E.      The Requested Amendment Is Not Futile**

As the additional allegations contained in the proposed 4AC further support Plaintiffs' well-pleaded claims, the amended complaint is not futile. A proposed amendment is futile only if it fails to state a claim under Rule 12(b)(6). *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.,* 681 F.3d 114, 119 (2d Cir. 2012). When determining whether an amended complaint states a claim, a court must (i) consider the proposed amendments and the remainder of the complaint, (ii) "accept as true all non-conclusory factual allegations therein," and (iii) "draw all reasonable inferences in plaintiff's favor to determine whether the allegations plausibly give rise to an entitlement to relief." *Id.*

Recent news reports suggesting that Musk plans to implement crypto payment processing on X (formerly Twitter) strongly supports Plaintiffs' earlier scienter allegations (TAC, ¶ 227) that Musk has been promoting Dogecoin, in part, to cultivate it as a crypto brand he can control. It also supports the inference that using Dogecoin, Musk seeks to develop plausible deniability and skirt federal securities laws. 4AC, ¶¶ 335-336. Obviously, pleading these new allegations is not futile.

Leave to amend has been granted in this District, "where additional allegations, proffered in plaintiff's opposition brief, might, if properly plead, raise a strong inference of scienter sufficient to state a Section 10(b) claim." *China Auto. Sys.,* 2012 WL 3205062, at *16. Here, Plaintiffs have *already* raised a strong inference of scienter they wish to strengthen by alleging facts revealed only in the past six weeks, during the pendency of a motion to dismiss. Because these facts reveal a broader set of business goals motivating Defendant Musk's pumping of Dogecoin, they are not only highly probative of scienter but are critical to giving a full picture of Defendants' behavior and the full extent of danger it presents.

The proposed amendments are not futile for the further reason that they are made in response to new arguments introduced for the first time in Defendants' motion to dismiss filed August 7, 2023. There, Defendants argue that under the traditional theory of insider trading, Plaintiffs supposedly fail to allege a predicate act because the TAC does not allege that Musk was a corporate insider of Dogecoin. While on the contrary, the TAC alleges numerous facts that show Musk is indeed a corporate insider within the Dogecoin Foundation, Inc. (e.g., TAC, ¶¶ 62, 65-68, 102, 118, 127), new reports of Musk's plans for crypto payment integration on X indicate further reasons why Musk's intimate involvement with this organization goes far beyond mere advisory status. The 4AC pleads these reasons accordingly, and with greater particularity. ¶¶ 91, 321-323, 328-330, 336-346, 368.

The proposed amendments are also not futile because they provide further detailed factual allegations concerning Plaintiffs' claim that Defendant Elon Musk is manipulating the cryptocurrency market. First, the new allegations show that Musk's "pumping" of Dogecoin is ongoing and has continued during the pendency of Defendants' motion to dismiss. Second, they show that Musk's pumping of Dogecoin has involved the deployment of bots and shills. Third,

they narrow the allegations around ownership of Dogecoin wallets by Defendants and what trading Defendants conducted concurrent with Plaintiffs and the Class. These additional factual allegations provide further support for Plaintiffs' claims that Musk engaged in wanton manipulation of the Dogecoin market, that Defendants profited from this manipulation, and are probative of Defendants' unethical, illegal, and tortious conduct.

### F.   Leave to Amend and Denial of Defendants' Motion to Dismiss Is Appropriate

As stated above, leave to amend is not futile where the proposed amendment would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under the instant circumstances, namely, a cross-motion for leave to amend in response to a motion to dismiss, it is appropriate both in this District and this Circuit to deny Defendants' motion to dismiss without further briefing if no new causes of action or parties are added, and the amendments would survive a motion to dismiss. *See McLaughlin v. Pezzolla*, No. 06-CV-00376, 2007 WL 676674, at *8 (N.D.N.Y. Feb. 28, 2007) ("Amendment would not futile because the claims would survive a Rule 12(b)(6) challenge. Accordingly, Defendants' motion to dismiss is denied and Plaintiff's cross-motion to amend is granted.") *See also Guan v. Lash Princess 56 Inc*., No. 22 CIV. 2552 (KPF), 2023 WL 2242050, at *14 (S.D.N.Y. Feb. 27, 2023) ("Plaintiff's cross-motion to amend is GRANTED and Defendants' motion to dismiss is DENIED. Plaintiff is directed to file the SAC [and] Defendants are directed to file an answer…") *And see Degroote v. City of Troy*, No. 1:09-CV-413, 2010 WL 2696400, at *2 (N.D.N.Y. June 25, 2010) ("[D]efendants' motion to dismiss is denied and DeGroote's cross-motion to amend is granted.")

For this reason, the Court should deny Defendants' motion to dismiss the TAC, grant Plaintiffs' cross motion to file the 4AC, "because it would survive a Rule 12(b)(6) challenge," *McLaughlin v. Pezzolla*, supra, and order Defendants to answer.

## CONCLUSION

Plaintiffs' motion for leave to file the Fourth Amended Class Action Complaint should be granted.

Respectfully Submitted,

Dated:  September 6, 2023

By:*/s Evan Spencer*
Evan Spencer Law, PLLC
305 Broadway, 7th Floor
New York, NY 10007
Tel. 917.547.4665
Evan@EvanSpencerLaw.com

*Lead Attorney for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 6th day of September 2023, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer, Esq.