**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COLBY GOROG, JOSHUA FLINT,
LOUIS ROBINSON, and MICHAEL
LERRO, individually and on behalf of all
others similarly situated,

              Plaintiffs,

       v.

ELON MUSK and TESLA, INC.,

          Defendants.

Civil Action No.: 1:22-cv-05037-AKH


ECF CASE


**DEFENDANTS' OPPOSITION TO PLAINTIFFS' CROSS-MOTION**
**FOR LEAVE TO FILE FOURTH AMENDED CLASS ACTION COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<strong><u>Page</u></strong>

PRELIMINARY STATEMENT ................................................................................................. 1

BACKGROUND ...................................................................................................................... 3

    A.    Plaintiffs' Prior Four Complaints ........................................................... 4

    B.    Plaintiffs' Current Motion for Leave to File the Proposed Fourth Amended Complaint ............................................................................................ 5

LEGAL STANDARD ............................................................................................................... 6

ARGUMENT ........................................................................................................................... 6

I.    PLAINTIFFS' MOTION FOR LEAVE IS FUTILE BECAUSE THE PROPOSED FOURTH AMENDED COMPLAINT WOULD BE SUBJECT TO DISMISSAL ................................................................................................................. 6

    A.    The Proposed Fourth Amended Complaint Does Not Solve the Ownership Problem .............................................................................................. 8

    B.    The Proposed Fourth Amended Complaint Does Not Solve the Loss Causation Problem ............................................................................. 10

    C.    The Proposed Fourth Amended Complaint Does Not Solve Any of the Other Deficiencies More Fully Detailed in Defendants' Motion to Dismiss ........ 11

II.    THE PROPOSED AMENDMENT SHOULD BE DENIED BECAUSE IT WOULD CAUSE DEFENDANTS UNDUE PREJUDICE ............................................. 12

III.    THE PROPOSED AMENDMENT SHOULD BE DENIED ON GROUNDS OF UNDUE DELAY ............................................................................................. 13

IV.    THIS COURT SHOULD DENY LEAVE TO AMEND ON GROUNDS OF BAD FAITH AND DILATORY MOTIVE ................................................................... 15

CONCLUSION ...................................................................................................................... 18

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Acito v. IMCERA Grp.*,
   47 F.3d 47 (2d Cir. 1995) ................................................................................8

*In re Agent Orange Prod. Liab. Litig.*,
   787 F.2d 822 (2d Cir. 1986) ...........................................................................14

*In re AOL, Inc.*,
   966 F. Supp. 2d 307 (S.D.N.Y. 2013) ...........................................................10

*Baskin v. Hawley*,
   807 F.2d 1120 (2d Cir. 1986) .........................................................................14

*Billy Baxter, Inc. v. Coca-Cola Co.*,
   47 F.R.D. 345 (S.D.N.Y. 1969) .....................................................................17

*Boluka Garment Co. v. Canaan, Inc.*,
   547 F. Supp. 3d 439 (S.D.N.Y. 2021) ...........................................................10

*BrainBuilders LLC v. EmblemHealth, Inc.*,
   2022 WL 17156714 (S.D.N.Y. Nov. 22, 2022)........................................7, 13

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*,
   148 F. Supp. 2d 321 (S.D.N.Y. 2001) ...........................................................18

*Chuchuca v. Creative Customs Cabinets Inc.*,
   2014 WL 6674583 (E.D.N.Y. Nov. 25, 2014)..................................................9

*City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v.
Ryanair Holdings PLC*,
   2022 WL 4377898 (S.D.N.Y. Sept. 22, 2022).................................................15

*Clark Oil Trading Co. v. Amerada Hess Trading Co.*,
   1993 WL 300039 (S.D.N.Y. Aug. 4, 1993).....................................................15

*Cresswell v. Sullivan & Cromwell*,
   922 F.2d 60 (2d Cir. 1990) .............................................................................15

*Felton v. Loc. Union 804, Int'l Bhd. of Teamsters*,
   2020 WL 3104048 (E.D.N.Y. June 11, 2020) ................................................14

*Foman v. Davis*,
   371 U.S. 178 (1962) .........................................................................................6

*Gamm v. Sanderson Farms, Inc.*,
  944 F.3d 455 (2d Cir. 2019) ..........................................................................13

*Gracia v. City of N.Y.*,
  2017 WL 4286319 (S.D.N.Y. Sept. 26, 2017) ................................................14

*Johnson v. Univ. of Rochester Med. Ctr.*,
  642 F.3d 121 ......................................................................................................9

*Kuriakose v. Fed. Home Loan Mortg. Corp.*,
  897 F. Supp. 2d 168 (S.D.N.Y. 2012) .............................................................13

*Lentell v. Merrill Lynch & Co.*,
  396 F.3d 161 (2d Cir. 2005) ............................................................................10

*Lin v. Toyo Food, Inc.*,
  2016 WL 4502040 (S.D.N.Y. Aug. 26, 2016) ..................................................6

*In re Magnum Hunter Res. Corp. Sec. Litig.*,
  26 F. Supp. 3d 278 (S.D.N.Y. 2014) ...............................................................11

*In re Manulife Fin. Corp. Sec. Litig.*,
  276 F.R.D. 87 (S.D.N.Y. 2011) .......................................................................11

*Martin v. Dickson*,
  100 Fed. Appx. 14 (2d Cir. 2004) ......................................................................6

*McCullough v. World Wrestling Ent.*,
  2018 WL 4425977 (D. Conn. Sept. 17, 2018) ...................................................9

*Morales v. New York Univ.*,
  585 F. Supp. 3d 610 (S.D.N.Y. 2022) ...............................................................6

*Nat. Res. Def. Council v. Pruitt*,
  2017 WL 5900127 (N.D. Cal. Nov. 30, 2017) ...................................................6

*Oneida Indian Nation of N.Y. State v. Cnty. of Oneida, N.Y.*,
  199 F.R.D. 61 (N.D.N.Y. 2000).................................................................6, 15

*Pasternack v. Shrader*,
  863 F.3d 162 (2d Cir. 2017) ............................................................................14

*PI, Inc. v. Quality Prods., Inc.*,
  907 F. Supp. 752 (S.D.N.Y. 1995)...................................................................12

*Sankara v. City of N.Y.*,
  2018 WL 1033236 (S.D.N.Y. Feb. 22, 2018)..................................................14

*SEC v. Alexander,*
    160 F. Supp. 2d 642 (S.D.N.Y. 2001) ............................................................. 10

*In re Skechers USA, Inc. Sec. Litig.,*
    444 F. Supp. 3d 498 (S.D.N.Y. 2020) ............................................................... 8

*State Tchs. Ret. Bd. v. Fluor Corp.,*
    654 F.2d 843 (2d Cir. 1981) .......................................................................... 12

*Vining v. Oppenheimer Holdings Inc.,*
    2010 WL 3825722 (S.D.N.Y. Sept. 29, 2010) ................................................... 7

*Wimm v. Jack Eckerd Corp.,*
    3 F.3d 137 (5th Cir. 1993) ............................................................................ 13

## **Rules / Statutes**

15 U.S.C. § 78u-4 ............................................................................................ 7, 8

Fed. R. of Civ. P. 9(b) ................................................................................... passim

Fed. R. of Civ. P. 11 ..................................................................................... passim

Fed. R. of Civ. P.15(a) ......................................................................................... 12

Securities Act of 1933 ............................................................................................ 4

Securities Exchange Act of 1934 ............................................................................ 4

Defendants Elon Musk and Tesla, Inc. ("Defendants") submit this opposition to Plaintiffs' cross-motion for leave to file a fourth amended complaint.  Dkt. Nos. 97-98.  This Court should deny Plaintiffs' motion because amendment would be futile, would cause Defendants undue prejudice, was unduly delayed, and is brought in bad faith and with a dilatory motive.  Any **one** of these factors alone is sufficient for this Court to exercise its discretion to deny leave.  Together, they are irrefutable.

## PRELIMINARY STATEMENT

Plaintiffs' proposed Fourth Amended Complaint—Plaintiffs' **fifth** attempt to state a claim on which relief may be granted—is an exercise in futility.  The proposed Fourth Amended Complaint does nothing to fix the glaring holes in Plaintiffs' first four attempts to plead claims for alleged violations of federal securities law and state law by Defendants.  As Defendants' memoranda in support of Defendants' motions to dismiss and motion for Rule 11 sanctions make clear, Plaintiffs' claims are fatally flawed—Plaintiffs do not, and cannot, allege with particularity that the cryptocurrency wallets about which Plaintiffs complain **belong to Defendants or that Defendants ever sold Dogecoin**.  Dkt. Nos. 61-62, 86-90, 94-95.  Full stop.  Because the sale of Dogecoin is necessary to each of Plaintiffs' securities fraud, insider trading, common law fraud, and unjust enrichment claims, the current Third Amended Complaint and the proposed Fourth Amended Complaint necessarily fail.  *See* Dkt. Nos. 94-95 (motion to dismiss briefing); Nos. 86-90 (Rule 11 briefing, including sworn declarations refuting Plaintiffs' allegations about ownership and trading).  Even with a fifth bite at the apple, Plaintiffs continue to ignore this threshold issue.

The proposed Fourth Amended Complaint—despite a full rhetorical overhaul—also fails to correct **any** of the many deficiencies detailed in Defendants' motion to dismiss the Third Amended Complaint, namely:   (i) no domestic transactions;  (ii) no actionable material misstatements or omissions; (iii) no duty to disclose; (iv) no scienter; (v) no deceptive act; (vi) no

loss causation; (vii) no insider trading; (viii) duplicative and inadequately pleaded common law fraud and unjust enrichment claims; and (ix) no well-pleaded allegations against Tesla. Dkt. Nos. 94-95. For these reasons, amendment would be futile.

Futility of amendment *alone* would be sufficient to defeat Plaintiffs' motion for leave, but this Court also should deny Plaintiffs' motion because it would cause Defendants undue prejudice, was unduly delayed, and was brought in bad faith and with a dilatory motive, as detailed below:

*First*, Defendants would be prejudiced by the delay of dismissal of this action that would occur if Plaintiffs' meritless Fourth Amended Complaint is allowed. Defendants already have moved to dismiss *two* prior iterations of the complaint *and* have moved for sanctions against Plaintiffs' counsel under Rule 11, yet this Court has not had the opportunity to reach the merits due to Plaintiffs' bait-and-switch tactics and seriatim pleadings. To be clear, Plaintiffs' action—whatever iteration of the complaint one chooses to consider—is a baseless work of fiction. It ought to have been dismissed over a year ago. Plaintiffs' repeated practice of filing a complaint, waiting until the cusp of a decision on the merits, and then replacing the operative complaint with one that is equally frivolous, but requires completely new briefing by Defendants, is a drain on this Court's and Defendants' resources. Defendants are entitled to have this Court reach the merits of Plaintiffs' operative complaint *now* so that this action can be dismissed with prejudice.

*Second*, Plaintiffs have engaged in undue delay by failing to file their motion for leave to amend until after Defendants *twice* moved to dismiss. Plaintiffs argue that there is no delay because other courts have granted multiple motions to amend, as long as discovery has not started. But this is not the case where, as here, Plaintiffs' claims are subject to the PSLRA and amendment would be futile. Moreover, Plaintiffs provide this Court with no explanation, much less a credible

one, for why they ignored Defendants' repeated exhortations to timely fix the deficiencies in their pleadings and waited until the eleventh hour (again) to re-plead.

*Third*, Plaintiffs' proposed Fourth Amended Complaint and motion for leave reflect Plaintiffs' bad faith and dilatory motive.  Plaintiffs' proposed Fourth Amended Complaint—like each of its four predecessors—continues to reflect Plaintiffs' abject failure to conduct a reasonable investigation (or counsel's disregard for the results of that investigation), Plaintiffs' insistence on presenting false claims to this Court that lack any foundation in fact, and Plaintiffs' brazen disregard of ***sworn evidence*** that disproves the core of their purported claims.  Plaintiffs insist that the proposed Fourth Amended Complaint was brought close in time to the discovery of "new facts."  Not true.  All of the purported "facts" potentially relevant to Plaintiffs' claims have long been known to Plaintiffs.  Rather, Plaintiffs appear intent on amending their complaint every single time Mr. Musk posts to social media or makes a public announcement regarding business plans and strategies for any of his entities.  But these purported "new" facts are irrelevant to the sole question before this Court:  Whether Defendants engaged in market manipulation or insider trading contemporaneous with Plaintiffs' purchases and sales of Dogecoin.  (*nota bene*:  They did not.)

This Court should deny Plaintiffs' cross-motion for leave to file a fourth amended class action complaint and grant Defendants' motion to dismiss the Third Amended Complaint with prejudice, putting an end to this action once and for all.

## **BACKGROUND**[1]

The proposed Fourth Amended Complaint is Plaintiffs' ***fifth*** attempt since June 2022 to state a claim, yet comes no closer to doing so than the prior four.  Indeed, rather than seeking to meet their pleading burden, Plaintiffs have focused on waging a media campaign and

---

[1]   All emphasis is added and quotations and citations omitted unless noted.

manufacturing claims for sanctions.  This Court should put a stop to Plaintiffs' continuing attempts to delay this Court's engagement with the merits and to prolong the inevitable dismissal of this action with prejudice.

### A.      Plaintiffs' Prior Four Complaints

On June 16, 2022, the plaintiff Keith Johnson (represented by the same plaintiffs' counsel) filed the initial complaint, purporting to assert  claims against Mr. Musk, Tesla, and Space X for (i) civil RICO, (ii) common law fraud, (iii) negligence, (iv) false advertising, (v) deceptive practices, (vi) products liability, and (vii) unjust enrichment.  Dkt. No. 1 ¶¶ 146-210.

On September 6, 2022, following an email exchange with Defendants' counsel, Plaintiffs filed the first in a series of amended complaints, Dkt. No. 9 ("Amended Complaint").  The Amended Complaint added several plaintiffs, and added as defendants (i) the Boring Company, (ii) Dogecoin Foundation, Inc., (iii) Billy Markus, (iv) Jackson Palmer, (v) "Dogecoin Developers class representative," Ross Nichol, and (vi) "Doge Army class representative," Matt Wallace.  *Id.* at 6-8.  The Amended Complaint also abandoned claims for (i) negligence, (ii) false advertising, (iii) deceptive acts, and (iv) products liability, in aid of reinventing itself as a securities class action with putative claims under Sections 10(b) and 17(a) of the Securities Exchange Act of 1934, and Sections 5 and 12(a)(1) of the Securities Act of 1933.  *Id.* ¶¶ 382-523.

On December 13, 2022, after further engagement with Defendants' counsel concerning the Amended Complaint's failure to satisfy various obligations under the PSLRA, Plaintiffs filed their Second Amended Complaint.  Dkt. No. 39.  The Second Amended Complaint included factual allegations that arose *after* the Amended Complaint and dismissed all defendants apart from Mr. Musk, Tesla, and the Dogecoin Foundation.  *Id.* at 3-4.  On March 31, 2023, all three defendants moved to dismiss, Dkt. Nos. 59-62, but approximately a week before oppositions were due, Plaintiffs sought leave to file a Third Amended Complaint, Dkt. Nos 65-66.  Although, in

Defendants' view, the Third Amended Complaint failed to remedy the deficiencies in the Second Amended Complaint and added a sanctionable insider trading claim, Dkt. No. 67, Defendants stipulated to its filing in light of the Court's Minute Entry indicating Plaintiffs' motion for leave to amend would likely be granted.  Dkt. No. 71.

Plaintiffs filed the Third Amended Complaint—the current operative complaint—on June 7, 2023.  Dkt. No. 77.  The Third Amended Complaint dropped the Dogecoin Foundation as a defendant, dropped the Civil RICO claim, and added, for the first time, a claim for insider trading. *Id*.  On June 9, 2023, Defendants' counsel informed Plaintiffs that the Third Amended Complaint "contains allegations without evidentiary support or legal basis that are sanctionable under Rule 11," including the allegation that Defendants *sold* nearly $10 billion of Dogecoin through eight cryptocurrency wallets that *do not belong* to either Mr. Musk or Tesla.  Dkt. No. 88-4.  Plaintiffs did not respond.

On June 22, 2023, Defendants served a Rule 11 motion and memorandum of law.  *See* Dkt. No. 87 at 5.  Rather than engage in good faith discussion, on June 25, 2023, Plaintiffs filed an unsubstantiated and frivolous motion to disqualify and sanction defense counsel.  Dkt. No. 83 (motion); *see* Dkt. No. 84 (Opposition).  On July 14, 2023, the 21-day waiting period having elapsed, Defendants filed their Rule 11 motion.  Dkt. Nos. 86-90.  Both motions are fully briefed.

As of September 20, 2023, Defendants' motion to dismiss the Third Amended Complaint also is fully briefed.  For the reasons stated therein, this Court should dismiss with prejudice.

### B.    Plaintiffs' Current Motion for Leave to File the Proposed Fourth Amended Complaint

On September 6, 2023—the one-year anniversary of their first amendment—Plaintiffs cross-moved for leave to file a Fourth Amended Complaint without meeting and conferring or providing Defendants with a copy of the proposed complaint.  The proposed Fourth Amended

Complaint does not include any well-pleaded allegations that remedy any of the Third Amended Complaint's myriad deficiencies.

## LEGAL STANDARD

The decision whether to grant leave to amend a complaint rests within this Court's discretion and "should not be granted automatically or reflexively." *Oneida Indian Nation of N.Y. State v. Cnty. of Oneida, N.Y.*, 199 F.R.D. 61, 73 (N.D.N.Y. 2000).  In evaluating motions for leave to amend, courts consider:  (i) undue delay, (ii) improper motive, (iii) repeated failure to cure deficiencies by amendment, (iv) undue prejudice to the opposing party, and (v) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Not all factors are equal, however.  *Lin v. Toyo Food, Inc.*, 2016 WL 4502040, at *2 (S.D.N.Y. Aug. 26, 2016).  "[I]t is well established that leave to amend a complaint need not be granted when amendment would be futile." *Morales v. New York Univ.*, 585 F. Supp. 3d 610, 613 (S.D.N.Y. 2022); *Nat. Res. Def. Council v. Pruitt*, 2017 WL 5900127, at *6 (N.D. Cal. Nov. 30, 2017) ("Futility of amendment can, ***by itself***, justify the denial of a motion for leave to amend.").  Amendment is futile when the proposed amended complaint fails to state a claim and would be subject to dismissal.  *See Martin v. Dickson*, 100 Fed. Appx. 14, 16 (2d Cir. 2004).

## ARGUMENT

### I.      PLAINTIFFS' MOTION FOR LEAVE IS FUTILE BECAUSE THE PROPOSED FOURTH AMENDED COMPLAINT WOULD BE SUBJECT TO DISMISSAL

Defendants' motion to dismiss Plaintiffs' Third Amended Complaint is fully briefed and before this Court for consideration.  That motion makes clear that Plaintiffs fail to state any claim for violation of federal securities or common law.  Plaintiffs' meandering and often incomprehensible Third Amended Complaint does not come close to stating a claim, much less one meeting the exacting standards of Federal Rule of Civil Procedure 9(b) and the Private

Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA").  Moreover, Defendants have shown that the Third Amended Complaint must be dismissed with prejudice because its defects with regard to wallet ownership and sales of Dogecoin cannot be cured.  Dkt. Nos. 86-90. Because Plaintiffs' proposed Fourth Amended Complaint—though completely rewritten[2]—fails to fix the fundamental deficiencies Defendants already identified in both the Second Amended Complaint and the Third Amended Complaint, it would be immediately subject to dismissal and therefore futile.  *BrainBuilders LLC v. EmblemHealth, Inc.*, 2022 WL 17156714, at *17 (S.D.N.Y. Nov. 22, 2022) (pleading is not "an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges"). Plaintiffs thus cannot meet their burden of stating a plausible claim for relief to support leave to amend.

The proposed Fourth Amended Complaint does not state a claim because (like the Third Amended Complaint and the Second Amended Complaint) it does not satisfy the particularized pleading requirements of Rule 9(b) and the PSLRA.  *See Vining v. Oppenheimer Holdings Inc.*, 2010 WL 3825722, at *5, *16 (S.D.N.Y. Sept. 29, 2010).  The purpose of Rule 9(b) is, in part, to "deter the filing of complaints as a pretext for the discovery of unknown wrongs" in recognition of the fact that "it is a serious matter to charge a person with fraud and . . . no one is permitted to do so unless he is in a position and is willing to put himself on record as to what the alleged fraud consists of specifically."  *In re Axis Cap. Holdings Ltd.*, 456 F. Supp. 2d 576, 584 (S.D.N.Y. 2006). Similarly, the PSLRA requires Plaintiffs to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding

---

[2]    *See* Ex. 1 (redline of proposed Fourth Amended Complaint against Third Amended Complaint).  Citations to "Ex. _" are to exhibits to the Declaration of Alex Spiro in Support of Defendants' Opposition to Plaintiffs' Cross-Motion for Leave to File Fourth Amended Complaint.

the statement or omission is made on information or belief," to "state with particularity all facts on which that belief is formed."  15 U.S.C. § 78u–4(b)(1); *see also In re Skechers USA, Inc. Sec. Litig.*, 444 F. Supp. 3d 498, 511 (S.D.N.Y. 2020) ("The PSLRA expanded on the Rule 9(b) standard . . . .").  As fully detailed in Defendants' motion to dismiss the Third Amended Complaint, Dkt. Nos. 94-95, and Defendants' Rule 11 motion for sanctions, Dkt. Nos. 86-90, the Fourth Amended Complaint cannot survive a motion to dismiss for failure to satisfy these exacting pleading standards and would be subject to sanctions.  Accordingly, amendment is futile.

## A.   The Proposed Fourth Amended Complaint Does Not Solve the Ownership Problem

In their motion for Rule 11 sanctions and accompanying declarations, Defendants make clear that they ***do not own*** the wallets that underpin Plaintiffs' claims, and ***have never sold*** Dogecoin.  Dkt. Nos. 86-90.  This undisputed sworn evidence is fatal to all of Plaintiffs' claims.

In the proposed Fourth Amended Complaint, Plaintiffs continue to ignore this evidence and base all of their claims on purported trading in ***five*** of the ***same eight wallets*** that Defendants already definitively have shown ***are not theirs***.  Dkt. Nos. 89-90.  In other words, Plaintiffs persist on disregarding ***known facts*** in favor of speculation, innuendo, and circumstantial evidence such as purported proximity in time between Mr. Musk's social media posts and Dogecoin trading by certain wallets.  Dkt. No. 98-1 ¶¶ 251-79.  But ***anyone*** could be following Mr. Musk's posts and trading close in time to those posts.  Therefore, proximity in time is incapable of pleading anything, much less with the particularity required by Rule 9(b) and the PSLRA.  More importantly, Plaintiffs cannot simply choose to ignore sworn, unrebutted evidence, and the proposed Fourth Amended Complaint (like the Third Amended Complaint) would be subject to dismissal and sanctions on this ground alone.  *See Chuchuca v. Creative Customs Cabinets Inc.*, 2014 WL 6674583, at *5 (E.D.N.Y. Nov. 25, 2014) ("[A] fact is not well-pleaded if it . . . is contrary to

uncontroverted material in the file of the case."). *Cf., e.g.*, *Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124 (affirming award of sanctions where attorney "knowingly included a false statement in the proposed amended complaint").

Further, Plaintiffs' submission of the proposed Fourth Amended Complaint and motion for leave is tantamount to an admission that Plaintiffs have no ***particularized facts*** regarding wallet ownership or Dogecoin sales by the Defendants. Rather, Plaintiffs appear to believe they can fulfill their pleading obligations—and their obligations under Rule 11—by alleging "on information and belief" what they ***acknowledge to be untrue***:

> In support of their motion for sanctions filed after the TAC was submitted, Defendants on July 14, 2023, filed non-party declarations by their employees, ECF Nos. 89, 90, denying Plaintiffs' allegations that Defendants own several specific Dogecoin "whale wallets," i.e., addresses on the Dogecoin blockchain that hold very large amounts of Dogecoin. In response, ***Plaintiffs have refined their allegations regarding Defendants' trading of Dogecoin by removing some allegations denied by Defendants, and pleading others on information and belief.***

Pls.' Mem. at 10 (internal citation omitted). "[R]efin[ing] allegations" that have been ***proven false*** does not meet the pleading standard. *See McCullough v. World Wrestling Ent.*, 2018 WL 4425977, at *5 (D. Conn. Sept. 17, 2018) (denying further leave to amend where plaintiffs had "removed or edited some of the most egregiously false allegations, [but] still fell well short of the requirements set forth in Rules 8, 9, and 11"). Similarly, "information and belief pleading" (on which Plaintiffs expressly rely ***25 times*** in the proposed Fourth Amended Complaint, Dkt. Nos. 98-1 ¶¶ 52, 55, 58, 65, 91, 94, 109, 131, 207, 213, 220, 225, 237, 248, 254, 261, 262, 280, 282, 287, 290, 308, 316, 322, 337), by definition is not ***particularized***. *In re AOL, Inc.*, 966 F. Supp. 2d 307, 313 (S.D.N.Y. 2013) ("Under the PSLRA, a complaint that is based on information and belief cannot survive a

motion to dismiss unless it states with particularity facts that are sufficient to support the belief in question.").[3]

### B.     The Proposed Fourth Amended Complaint Does Not Solve the Loss Causation Problem

To plead loss causation, Plaintiffs must allege that a "misstatement or omission **concealed** something from the market that, when disclosed, negatively affected the value of the security." *Lentell v. Merrill Lynch & Co. Inc*., 396 F.3d 161, 173 (2d Cir. 2005).  It is not enough to allege that misstatements "artificially inflated" the value of a security—Plaintiffs also must allege that the "subject of those false [statements] or any corrective disclosure regarding the falsity of those [statements] is the cause of the decline in [the security's] value that plaintiffs claim as their loss." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 175 (2d Cir. 2005) (emphasis omitted).

In their motion to dismiss the Third Amended Complaint, Defendants demonstrate that Plaintiffs' extension of the Class Period "until the present" and their failure to plead a corrective disclosure that resulted in a decline in the price of Dogecoin or caused Plaintiffs' alleged losses, defeat Plaintiffs' claim of loss causation.  Dkt. No. 95 at 26-27.  Defendants also show that Plaintiffs fail to plead a corrective disclosure that "reveal[s] to the market some part of the truth regarding the alleged fraud."  *Id.* at 26.  The proposed Fourth Amended Complaint doubles down on—and does not correct—these defects.

To start, the proposed Fourth Amended Complaint alleges a putative Class Period that lasts "until the present," Dkt. No. 98-1 ¶ 7, and so repeats the error of "set[ting] forth no corrective

---

[3] Although in certain contexts, courts have "relaxed" Rule 9(b) requirements "to allow circumstantial evidence to plead the specific content and circumstances" where certain facts are "peculiarly within the knowledge of defendants," *SEC v. Alexander*, 160 F. Supp. 2d 642, 649 (S.D.N.Y. 2001), that is not appropriate here, where Plaintiffs acknowledge facts that dispose of their claims but nonetheless speculate that they still have a cause of action.  They do not, and their continued pursuit is sanctionable.

disclosure demonstrating that the alleged fraud caused" Plaintiffs' losses.  Dkt. No. 95 at 26 (emphasis omitted).   Like the Third Amended Complaint, the proposed Fourth Amended Complaint includes only one attempt to plead a corrective disclosure:  Mr. Musk's appearance on *Saturday Night Live* ("SNL") in ***May 2021***, ***over two years ago***.  As Defendants already have explained, this "disclosure" cannot qualify as "corrective" because the proposed Fourth Amended Complaint does not allege that the SNL appearance revealed the falsity of any alleged misstatements to the market.  Dkt. No. 95 at 26 (citing *In re Manulife Fin. Corp. Sec. Litig.*, 276 F.R.D. 87, 104 (S.D.N.Y. 2011)).   Indeed, Plaintiffs do not plead which supposed prior misstatements the SNL appearance is meant to have corrected; the speculative nature of Dogecoin was, by then, well-known.  *Id.* (citing *In re Magnum Hunter Res. Corp. Sec. Litig.*, 26 F. Supp. 3d 278, 300 (S.D.N.Y. 2014) (holding statement that caused stock price decline revealed no new information to market)).   Further, Plaintiffs do not allege ***any*** additional corrective disclosure between May 2021 and the present that would establish any basis to extend the putative Class Period to present.

### C.   The Proposed Fourth Amended Complaint Does Not Solve Any of the Other Deficiencies More Fully Detailed in Defendants' Motion to Dismiss

In addition to the two gross pleading deficiencies detailed above, because the proposed Fourth Amended Complaint does not cure any of the Third Amended Complaint's defects, it likewise would be subject to dismissal.[4]  Accordingly, if this Court were to grant leave to amend, then Defendants would move to dismiss the Fourth Amended Complaint for failure to plead with

---

[4]   As with Plaintiffs' prior two amendments, the proposed Fourth Amended Complaint is a complete rewrite.  Accordingly, even though the proposed Fourth Amended Complaint is subject to dismissal on the same grounds as the Third Amended Complaint, allowing Plaintiffs to amend ***again*** would require Defendants to expend unnecessary time and effort briefing their motion to dismiss again—to at last achieve dismissal with prejudice.  *See* Ex. 1.

the requisite particularity: (i) a domestic transaction; (ii) *any* actionable claim against Tesla; (iii) material misstatements or omissions; (iv) market manipulation; (v) scienter; (vi) insider trading; and (vii) any basis for Plaintiffs' state law claims for common law fraud and unjust enrichment. Dkt. Nos. 95-96. Because the proposed Fourth Amended Complaint would be immediately subject to dismissal, the amendment is futile.

## II.   THE PROPOSED AMENDMENT SHOULD BE DENIED BECAUSE IT WOULD CAUSE DEFENDANTS UNDUE PREJUDICE

Prejudice is the touchstone of the inquiry under Rule 15(a). *State Tchs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) ("prejudice to the opposing party" is "perhaps [the] most important" factor). Defendants would be prejudiced if Plaintiffs' cross-motion for leave to amend is granted. This case has been pending since June 2022. Plaintiffs have filed *four* complaints— each a complete rewrite (often changing plaintiffs, defendants, and claims and shifting between federal securities law and state common law)—and Defendants have *twice* moved to dismiss with prejudice and have moved for Rule 11 sanctions. Plaintiffs' belated attempt to file a *fifth* complaint is intended to delay a ruling on the merits and a timely dismissal, once and for all, with prejudice. Any further delay is prejudicial to Defendants. *See, e.g.*, *PI, Inc. v. Quality Prods., Inc.*, 907 F. Supp. 752, 764 (S.D.N.Y. 1995) ("When it appears that leave to amend is sought in anticipation of an adverse ruling on the original claims . . . the court is free to deny leave to amend."); *accord Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 141 (5th Cir. 1993).

Plaintiffs argue that "[g]ranting Plaintiffs leave to amend will not cause unfair prejudice to the Defendants, who have yet to even submit a responsive pleading," Pls.' Mem. at 7, but Plaintiffs' notion that there can be no prejudice from endless amendments because Defendants have not yet answered is nonsense. *See BrainBuilders*, 2022 WL 17156714, at *17 (pleading is not "an interactive game in which plaintiffs file a complaint, and then bat it back and forth with

the Court over a rhetorical net until a viable complaint emerges").  Defendants have expended substantial time and resources in filing two motions to dismiss, Dkt. Nos. 61-62, 94-95, and a Rule 11 motion for sanctions, Dkt. Nos. 86-90, responding to Plaintiffs' completely baseless and retaliatory motion for sanctions, Dkt. Nos. 82-85, and addressing Plaintiffs' series of baseless attacks, subterfuges, and seriatim pleadings to keep this case alive in the media—and away from adjudication—as long as possible.

This case need not be on the eve of trial for this Court to exercise its discretion to deny Plaintiffs' motion and fully and finally resolve the action on the motion to dismiss the Third Amended Complaint.  *See, e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 466 (2d Cir. 2019) (affirming dismissal with prejudice before discovery); *Kuriakose v. Fed. Home Loan Mortg. Corp.*, 897 F. Supp. 2d 168, 175 (S.D.N.Y. 2012), *aff'd sub nom. Cent. States, Se. & Sw. Areas Pension Fund v. Fed. Home Loan Mortg. Corp.*, 543 F. App'x 72 (2d Cir. 2013) (granting motion to dismiss with prejudice before discovery).  Plaintiffs' proposed Fourth Amended Complaint should be rejected as an improper attempt to circumvent anticipated adverse orders on Defendants' motion to dismiss the Third Amended Complaint and Defendants' motion for Rule 11 sanctions.

## III.   THE PROPOSED AMENDMENT SHOULD BE DENIED ON GROUNDS OF UNDUE DELAY

Plaintiffs' sole explanation for their delay is the protestation (based on nothing more than legal boilerplate) that "[t]he standard for amending a complaint is permissive, and Courts . . . have allowed parties to amend as many as seven, eight, and even nine times."  Pls.' Mem. at 8 (citing cases).  The cases on which Plaintiffs rely are readily distinguishable, including because they involve *pro se* plaintiffs proceeding without the guidance of counsel (not cases brought by counsel whose websites tout that they have "recovered millions of dollars and obtained justice and legal relief for over 1,000 clients during . . . 23 years of practice in a variety of legal fields" and a

purported win against "George Lucas creator of *Star Wars*").[5]  *See Sankara v. City of N.Y.*, 2018 WL 1033236, at *1 (S.D.N.Y. Feb. 22, 2018) (*pro se* plaintiff); *Felton v. Loc. Union 804*, *Int'l Bhd. of Teamsters*, 2020 WL 3104048, at *1 (E.D.N.Y. June 11, 2020) (denying leave to amend after allowing opportunities to replead "in light of the plaintiff's *pro se* status"); *see also Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (overturning denial of amendment based "**solely** on delay and litigation expense"); *In re Agent Orange Prod. Liab. Litig.*, 787 F.2d 822, 823 (2d Cir. 1986) (amendment permissible because corrected jurisdictional defects); *Baskin v. Hawley*, 807 F.2d 1120, 1124 (2d Cir. 1986) ("newly discovered information . . . led [the Court] to permit" amendment); *Gracia v. City of N.Y.*, 2017 WL 4286319, at *2 (S.D.N.Y. Sept. 26, 2017) (amending answer to add affirmative defense before discovery).

More importantly, Plaintiffs offer this Court **no** explanation why their delay ought be excused in **this** case.  Plaintiffs waited until **after** Defendants filed a **second** motion to dismiss to attempt to correct deficiencies that Defendants identified in Rule 11 correspondence with Plaintiffs' counsel three months ago, on June 9, 2023, Dkt. No. 88-4, and again in briefing to this Court two months ago on July 14, 2023.  Dkt. Nos. 86-90.

And, as detailed below in Section III, Plaintiffs fail truthfully to inform this Court when they first learned of the purported "new facts" underlying the proposed Fourth Amended Complaint and when Defendants' first informed Plaintiffs that there is no basis for their claims of wallet ownership or sales of Dogecoin by Defendants.  To be clear, Plaintiffs have known many of these facts for **months** (even **years**)—well-before filing their cross-motion for leave.  The remaining facts are irrelevant to Plaintiffs' claims.  The burden is on Plaintiffs to provide this Court

---

[5]  EVAN SPENCER, http://www.evanspenceresq.com/ (last visited Sept. 19, 2023).

with "a satisfactory explanation for the delay." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990). Plaintiffs have not done so.

## IV.   THIS COURT SHOULD DENY LEAVE TO AMEND ON GROUNDS OF BAD FAITH AND DILATORY MOTIVE

This Court also should deny Plaintiffs' motion because Plaintiffs' proposed amendment is sought in bad faith and with a dilatory motive. *See City of Birmingham Firemen's & Policemen's Supplemental Pension Sys. v. Ryanair Holdings PLC,* 2022 WL 4377898, at *2 (S.D.N.Y. Sept. 22, 2022) ("The possibility of bad faith is, in and of itself, reason to deny motion for leave to amend."); *Clark Oil Trading Co. v. Amerada Hess Trading Co.*, 1993 WL 300039, at *11, 14 (S.D.N.Y. Aug. 4, 1993) (denying leave to amend answer in part on basis of "bad faith and dilatory motive"); *see also, e.g.*, *Oneida Indian Nation of New York State*, 199 F.R.D. at 81 (same). The evidence of Plaintiffs' bad faith and dilatory motive here is legion.

*First*, Plaintiffs aver that they "seek to file the [Fourth Amended Complaint] in good faith, in order to further support their claims with new facts discovered since the filing of the TAC." Pls.' Mem. at 9, but this is demonstrably false. Plaintiffs filed their Third Amended Complaint on June 7, 2023. The "new" facts set forth on pages 9 through 11 of Plaintiffs' memorandum either were known to Plaintiffs well before the date the Third Amended Complaint was filed, or are events that happened after the date of the Third Amended Complaint, but that are ***wholly irrelevant*** to any of Plaintiffs' actual claims, which solely concern purported securities and common law misconduct ***contemporaneous*** with Lead Plaintiffs' purchases and sales of Dogecoin. Specifically, Plaintiffs seek to add:

- a handful of tweets by Musk that post-date Lead Plaintiffs' purchases and sales and are therefore irrelevant, Dkt. No. 98-1 ¶¶ 194-200;

- allegations "on information and belief" that other Twitter accounts were bots and paid influencers, *id.* ¶¶ 207-215;

- allegations about Mr. Musk's plans for the X platform, which are both irrelevant **and** primarily rely on allegations that pre-date the Third Amended Complaint, *id.* ¶¶ 316-345; and

- allegations in support of Musk's purportedly "managerial" relationship with the Dogecoin Foundation and Dogecoin developers, relying almost exclusively on allegations that pre-date the ***initial June 2022*** complaint; *id.* ¶¶ 91, 321-323, 328-330, 336-346, 368.

And Plaintiffs seek to remove:

- some, but not all, of the allegations of wallet ownership from the Third Amended Complaint and add no new facts in support of the remaining wallets, relying instead on inadequate "on information and belief" pleading, *id.* ¶¶ 237-280.

Thus, none of Plaintiffs' purported "newly discovered" facts is both ***new*** and ***relevant***.  Plaintiffs' lack of candor with the Court about what facts they knew when, and what facts actually are relevant to any claim at issue, evidences their bad faith and dilatory motive.

*Second*, Plaintiffs did not meet and confer with Defendants before filing their motion for leave and do not provide this Court or Defendants with any explanation for their failure to do so. Indeed, in their notice of motion, Plaintiffs expressly state that this motion is "opposed by Defendants," Dkt. No. 97 at 4, but Plaintiffs ***never contacted*** Defendants in advance of the motion to request Defendants' position.  Plaintiffs' failure to confer with Defendants in an attempt to narrow any issues for the Court before submission of their motion for leave further evidences their bad faith and dilatory motive.

*Third*, as detailed above in Section I, Plaintiffs' failure to correct three inescapable errors and deficiencies in the Third Amended Complaint—specifically, that: (i) Defendants ***do not own*** the wallets subject to Plaintiffs' claims; (ii) Defendants ***never sold*** Dogecoin; and (iii) Plaintiffs do not and cannot plead loss causation or a corrective disclosure—underscores Plaintiffs' bad faith and dilatory motive.  By pleading "on information and belief" 25 times in the proposed Fourth Amended Complaint, Plaintiffs' concede that they ***do not have the evidence to proceed***.  *See Billy*

*Baxter, Inc. v. Coca-Cola Co.*, 47 F.R.D. 345, 346 (S.D.N.Y. 1969) ("A finding of good faith" to amend complaint requires "at least *prima facie* showing of a possibility of the amender's ability to establish factual support for the new matters sought to be pleaded.").  These defects, and numerous others detailed in Defendants' motion to dismiss the Third Amended Complaint and Defendants' motion for Rule 11 sanctions, have real and inescapable consequences in this litigation.  Plaintiffs' failure to address serious errors and deficiencies in their proposed Fourth Amended Complaint demonstrates the lack of reasonable investigation and bad faith with which Plaintiffs (and their counsel) are proceeding.

*Fourth*, Plaintiffs' bad faith is further evidenced by their bizarre suggestion that "it is appropriate both in this District and this Circuit to deny Defendants' motion to dismiss without further briefing if no new cause of action or parties are added, and the amendments would survive a motion to dismiss."  Pls.' Mem. at 13.  In other words, Plaintiffs invite this Court to ***deny*** a yet-to-be-filed motion to dismiss on a yet-to-be-accepted Fourth Amended Complaint.  Not surprisingly, none of the cases cited by Plaintiffs remotely supports Plaintiffs' assertion that the Court can simultaneously grant leave to amend ***and*** moot a related motion to dismiss, nor permits Plaintiffs' end-run around due process.

Rather than litigate the merits of their case, Plaintiffs ask the Court to ignore the strictures of Rule 9(b) and the PSLRA and permit them to proceed to discovery in hope they might uncover the non-speculative factual support for purported wrongdoing that Plaintiffs ***were required to have at the time they filed their Complaint***.  *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 706 (2d Cir. 1990) ("Rule 11 imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before actually signing it."); *see also Holsworth v. BProtocol Found.*, 2021 WL 706549, at *3 (S.D.N.Y. Feb. 22, 2021) (Hellerstein, J.) (rejecting plaintiffs'

attempt to amend their complaint and seek jurisdictional discovery because "there is no basis for such fishing expedition"). Plaintiffs' failure to conduct a reasonable investigation, their insistence on ignoring known facts, and their barrage of pleadings, each more frivolous than the last, does not counter well-established law. Plaintiffs' bad faith and dilatory motive provide an independent basis on which this Court should deny Plaintiffs' cross-motion for leave to amend. *See Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 148 F. Supp. 2d 321 (S.D.N.Y. 2001) ("Delay as a predicate for a finding of bad faith is a sufficient reason to deny leave to amend.").

## <u>CONCLUSION</u>

For the reasons stated herein, Defendants respectfully request that the Court deny Plaintiffs' cross-motion for leave to amend. Further, for the reasons stated in Defendants' memorandum in support of Defendants' motion to dismiss the Third Amended Complaint, Dkt. No. 95, and contemporaneously-filed reply memorandum in support of Defendants' motion to dismiss the Third Amended Complaint, this Court should dismiss this action in its entirety and with prejudice for once and for all. It is past time to say "enough is enough."

DATED:  September 20, 2023        QUINN EMANUEL URQUHART &
SULLIVAN, LLP


By  */s/ Alex Spiro*
     Alex Spiro
     Sarah Heaton Concannon
     Brenna Nelinson
     51 Madison Avenue, 22nd Floor
     New York, New York 10038
     Tel: 202-538-8122
     Fax: 202-538-8100
     alexspiro@quinnemanuel.com
     sarahconcannon@quinnemanuel.com
     brennanelinson@quinnemanuel.com

     Allison Huebert (*pro hac vice*)
     TESLA, INC.
     1 Tesla Road Austin, TX 78725
     Tel: (512) 557-8797
     ahuebert@tesla.com

     *Attorneys for Defendants Tesla, Inc. and Elon
     Musk*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2023, I electronically served a copy of the foregoing to all counsel of record.

*/s/ Alex Spiro*
Alex Spiro