UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
COLBY GOROG, JOSHUA FLINT, LOUIS                              :
ROBINSON, and MICHAEL LERRO, individually                     :  **ORDER GRANTING**
and on behalf of all others similarly situated,               :  **DEFENDANTS' MOTION TO**
                                                              :  **DISMISS**
                                        Plaintiffs,           :
        -against-                                             :  22 Civ. 5037 (AKH)
                                                              :
ELON MUSK and TESLA, INC.,                                    :
                                                              :
                                        Defendants.           :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendants move to dismiss the Fourth Amended Complaint ("4AC") for a number of reasons, only one of which needs to be discussed. The 4AC contains the allegations of material misrepresentations by Defendants for Elon Musk's tweets about Dogecoin, in violation of Section 10(b) of the Securities and Exchange Act and Rule 10b-5, that Defendants Elon Musk and Tesla manipulated the Dogecoin market in violation of Section 10(b) and Rules 10b-5(a) and (c), that Defendants traded on insider information in violation of 15 U.S.C. § 78t-1, and state law claims. For the reasons below, Defendants' motion to dismiss is granted.

        Plaintiffs allege false and misleading statements at FAC ¶¶ 60, 68, 82, 84, 85, 87, 90, 92–94, 98, 103, 120, 124, and 223. ECF No. 108. These paragraphs allege statements by Musk on "Twitter" to the effect that Dogecoin might be his favorite currency and that he had purchased some for his son, that Dogecoin is the people's crypto and the future currency of Earth, that Dogecoin might become the standard for the global financial system and the currency of the internet, that Musk agreed to become Dogecoin's CEO, and that Musk might put a "literal" Dogecoin in SpaceX and fly it to the moon and that Dogecoin would pay for the mission, that Tesla vehicles could be bought with Dogecoin, and the like. These statements are aspirational

1

and puffery, not factual and susceptible to being falsified. They cannot be the basis of 10b-5 lawsuit, *City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 183 (2d Cir. 2014), and no reasonable investor could rely upon them. *Time Warner Cable, Inc. v. DIRECTV, Inc.*, 497 F.3d 144, 159 (2d Cir. 2007).

As for Musk and Tesla's alleged "pump and dump" scheme, it is not possible to understand the allegations that form the basis of Plaintiffs' conclusion of market manipulation, a "pump and dump" scheme, a breach of a fiduciary duty amounting to insider trading, or the state law claims. *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 177 (2d Cir. 2005).

Defendants' motion to dismiss the Fourth Amended Complaint is granted with prejudice. The Clerk shall enter judgment in Defendants' favor and tax costs, dismiss the Fourth Amended Complaint with prejudice, terminate all open motions, and mark the case closed.

SO ORDERED.

Dated:   August 29, 2024
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge