UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLBY GOROG, JOSHUA FLINT, LOUIS ROBINSON, and MICHAEL LERRO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELON MUSK and TESLA, INC.,<br><br>Defendants. | Civil Action No.: 1:22-cv-05037-AKH<br><br><br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION TO DISQUALIFY, SANCTION, AND SEAL DOCUMENT** |

*Submitted By:*

EVAN SPENCER LAW, PLLC
Evan Spencer, Esq.
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs*

1

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................................3-5

INTRODUCTION...................................................................................................................5

FACTUAL AND PROCEDURAL BACKGROUND....................................................................6

ARGUMENT.........................................................................................................................9

   I.    DEFENSE COUNSEL SHOULD BE DISQUALIFIED……………..………………9

   II.   DEFENSE COUNSEL SHOULD BE MONETARILY SANCTIONED…………..…...13

   III.  DEFENSE COUNSEL HAVE A HISTORY OF MISCONDUCT……………………...16

CONCLUSION....................................................................................................................17

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                     **Page(s)**

*Apple v. Samsung*
12-cv-0630-LHK (N.D.C. 2014)………………………………………………………………15

*Bedoya v. Aventura Limousine & Transp. Service, Inc.*
861 F.Supp.2d 1346 S.D.Fla. ...................................................................................11

Bravia Capital Partners, Inc. v. Fike
No. 09-cv-6375-JFK (S.D.N.Y. 2015)………………………………… …………………..13-14

*Glueck v. Jonathan Logan, Inc.,*
653 F.2d 746 (2d Cir.1981)......................................................................................8

*GSA Commerce Solutions v. BabyCenter LLC,*
618 F.3d 204 (2d Cir.2010) ......................................................................................9

*Health Republic Insurance Co v. United States*
No. 22-1018 (Fed. Cir. 2023) …………………………………………….…………….13

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,*
409 F.3d 127 (2d Cir.2005)...........................................................................8, 9, 11

*Hull v. Celanese Corp.,*
513 F.2d 568 (2d Cir.1975) ......................................................................................8

*In re Bank,*
20-90010-am, at *5 (2d Cir. May 3, 2021)……………………………………………..8

*Kortright Capital Partners LP*
327 F. Supp. 3d at 688 (S.D.N.Y. 2018)………………………………...………………13

*Matter of Stone*
230 A.D.2d 481 (1997)……………………………………………………………………..14

*McMunn v. Memorial Sloan-Kettering Cancer Center*
191 F. Supp. 2d 440 (S.D.N.Y.2002)…………………………………….....……………..13

*Oliveri v. Thompson*,
803 F.2d 1265 (2d Cir. 1986) ................................................................................12

*Papanicolaou v. Chase Manhattan Bank, N.A.,*
720 F. Supp. 1080 (S.D.N.Y. 1989) .....................................................................9, 11

*Pergament v. Ladak*,
2013 WL 3810188 (E.D.N.Y. July 23, 2013) ............................................................9

*SS Richmond v. Harrison, et al.*
3:22-cv-405-DJN (E.D.Va 2022)…………………………………………………………13

*Trimper v. Terminix Intern. Co., Ltd. Partnership*,
82 F.Supp.2d 1 (N.D.N.Y. 2000) ............................................................11

*Trustees of Columbia University v. Gen Digital Inc*
3:13-cv-808 (E.D.Va 2013)………………………………………………………..15

*U.S. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*,
948 F.2d 1338 (2d Cir. 1991) ............................................................11-12

**OTHER AUTHORITIES**

28 U.S.C. § 1927...........................................................................................................5, 12

Fed R. Civ. P. 11………………………………………………………………………….5-6

NYRPC 1.6 ...........................................................................................................................10

NYRPC 3.2 ...........................................................................................................................10

NYRPC 3.3 ...........................................................................................................................10

NYRPC 3.4 ...........................................................................................................................10

NYRPC 3.6 ...........................................................................................................................10

NYRPC 4.1 ...........................................................................................................................11

NYRPC 4.4 ...........................................................................................................................11

## INTRODUCTION

Plaintiffs file this cross-motion in response to Defendants' motion to amend the final judgment of this Court. ECF No. 116. Defendants' motion violates the December 11, 2023, Order of this Court, ECF No. 105, by, "public disclosures of private correspondence," namely, Plaintiffs' confidential settlement demand. ECF No. 118, Ex. 1. While the Court declined to sanction Defendants' disclosure of a defective and defamatory FRCP Rule 11 letter to the New York Post, the Court stated: **"My ruling in this instance does not prevent either side from seeking sanctions if there are further public disclosures of private correspondence."** ECF No. 105, p. 2. As such, defense counsel should be sanctioned and disqualified due to their violation of FRCP Rule 11, Title 28 U.S.C. § 1927 and the December 11, 2023, Order of this Court.

Defendants' motion to amend was filed for the improper purpose of discouraging an appeal by Plaintiffs, yet another violation of FRCP Rule 11. Since Defendants' 2023 motion for sanctions under the PLSRA and FRCP Rule 11, ECF No. 86, was denied in a decision, ECF No. 105, where the Court stated that, **"Defendants' motion for Rule 11 sanctions is denied. Plaintiffs have presented non-frivolous and good-faith issues to litigate, which are appropriate for dispositive motions and at trial,"** Defendants knew they had no chance of prevailing on their motion to amend. They merely filed it in the hope that their threat to seek $750,000 in legal fees would cause Plaintiffs and their attorney to abandon a good faith appeal to the Second Circuit. Lastly, Defendants have fraudulently inflated their legal bills, including the number of hours, their hourly rate, and the duration of representation to deter Plaintiffs from pursuing a good faith appeal. Defense counsel has a history of overbilling. As such, Plaintiffs request that Defendants be sanctioned and disqualified for their pattern of unethical conduct.

6

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed their initial Complaint in this case on June 16, 2022, ECF No. 1. On September 6, 2022, Plaintiffs filed their First Amended Complaint ("FAC") as a matter of course, per FRCP 15(a)(1)(B). ECF No. 9. With Defendants having yet to enter an appearance, Plaintiffs filed their Second Amended Complaint ("SAC") with leave of the Court on December 13, 2022, for the primary purpose of attaching lead plaintiff certifications required by the PSLRA. ECF No. 39. Defendants entered their first appearance on January 18, 2023. ECF No. 48. On June 7, 2023, in response to Defendants' initial motion to dismiss, Plaintiffs filed their Third Amended Complaint ("TAC"), ECF No. 77, with Defendants' stipulation. ECF No. 69.

Just two days later, on June 9, 2023, defense counsel Alex Spiro served a Rule 11 letter on Plaintiffs' Counsel, ECF No. 83, Ex. A, demanding the dismissal of the TAC, based largely on Defendants' word that they were not guilty of the TAC's allegations. Spiro then immediately provided the letter to a contact at the *New York Post*, which dutifully reported the letter's contents on June 15, 2023, directly quoting a portion that attacked Mr. Spencer's competence. ECF No. 83, Ex. B. Mr. Spencer was alerted to the article by one of his clients in this case and needed to perform considerable damage control. Both parties then moved for sanctions, and the Court denied both motions, but stated that it would address the issue again if private materials were made public in the future. ECF No. 105. As an exhibit to Defendants' recently filed motion to amend, Defendants have once again publicized private correspondence, a confidential settlement offer made by Plaintiffs to Defendants. ECF No. 118, Ex. 1. This violates FRCP Rule 11, the New York Rules of Professional Conduct, and the Court's Order of December 11, 2023.

Lastly, Defendants have filed an outrageous, unsupportable and unsworn declaration claiming $750,000 in attorneys' fees for three substantially similar dismissal motions. The bill

includes no allocation of hours billed, hourly rates, dates or the attorneys to whom these fees are attributable. Defendants state that they incurred fees as early as July 2022, six months prior to their entries of appearance. ECF Nos. 45-52. Defendants also claim attorneys' fees for an elective FRCP Rule 11 motion that was dismissed when the Court ruled that Plaintiffs have presented "non-frivolous" and "good-faith" matters to litigate. Defendants have a history of overbilling cases and clients and in this instance, they are using a fraudulently inflated estimate of fees for the improper purpose of deterring Plaintiffs and their attorney from pursuing a good faith appeal to the Second Circuit.

In light of defense counsels' pattern of unethical conduct, Plaintiffs request that defense counsel be disqualified and sanctioned monetarily.

## ARGUMENT

## I. DEFENSE COUNSEL SHOULD BE DISQUALIFIED

A federal court's power to disqualify an attorney derives from its, "inherent power to preserve the integrity of the adversary process," *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream,* 409 F.3d 127, 132 (2d Cir.2005) (internal citation and quotation marks omitted) and is appropriate where allowing the representation to continue would pose a, "significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.,* 653 F.2d 746, 748 (2d Cir.1981) (internal quotation marks omitted). In exercising this power, courts look for general guidance to the American Bar Association ("ABA") and state disciplinary rules. Although the Second Circuit has emphasized that, "not every violation of a disciplinary rule will necessarily lead to disqualification," *Hempstead Video,* 409 F.3d at 132, "any doubt is to be resolved in favor of disqualification." *Hull v. Celanese Corp.,* 513 F.2d 568, 571 (2d Cir.1975) and an "attorney's many years of experience is an aggravating factor." ABA Standards for Imposing Lawyer Sanctions ("ABA

Standards") § 9.22(i) (1986, amended 1992) (listing "substantial experience in the practice of law" as an aggravating factor)," *In re Bank*, 20-90010-am, at *5 (2d Cir. May 3, 2021).

By leaking their June 2023 letter to the *New York Post*, and filing Plaintiffs' confidential settlement offer into the docket, ECF No. 118, Ex. 1, defense counsel has violated FRCP Rule 11 and demonstrated that their continued defense of this case poses a serious risk of trial taint. Their motion to amend was filed for the sole purpose of deterring an appeal, ECF No. 116, and their claim of $750,000 in attorneys' fees is unsworn and unsubstantiated. ECF No. 118. "Although courts should pause before depriving a party of the counsel of its choice, disqualification is appropriate when a lawyer's conduct might taint the case. In general, then, a district judge should disqualify the offending counsel when the integrity of the adversarial process is at stake." *Papanicolaou v. Chase Manhattan Bank, N.A.*, 720 F. Supp. 1080, 1082-83 (S.D.N.Y. 1989).

In *Papanicolaou*, the court disqualified the defendant's law firm after the attorney in charge of defending the case met with the plaintiff for ninety minutes outside the presence of plaintiff's counsel. The court noted that,

> The responsible **Milbank partner disparaged Kreindler's competence**. His comments are alleged to have upset the equilibrium of the relationship between Kreindler and its client, the plaintiff. In the conduct of litigation it is essential that the attorney have the full confidence of his client. Attorney-client relationships are delicate and may never fully recover from such attacks. According to Kreindler, the partner has also made it difficult for the firm to maintain a normal, professional adversarial relationship with Milbank. If the relationship between the attorneys in this case has deteriorated to the extent that plaintiff's counsel cannot feel secure, the course of the trial may well be affected, with resulting adverse consequences for the plaintiff. Accordingly, the **Court concludes that Milbank should be disqualified**. 720 F. Supp. 1080, 1087 (S.D.N.Y. 1989) (emphasis added)

Here, the pre-planned publication of Mr. Spiro's malicious, false attack on Mr. Spencer's competence and integrity, "upset the equilibrium of the relationship" between Mr. Spencer and his clients, one of whom read the *New York Post* article and brought it to Mr. Spencer's attention

in a panic. Considerable damage control became necessary, largely because of the client's faith in the integrity of the bar and his consequent disbelief that Mr. Spiro, who is a partner in Quinn Emanuel and a lawyer for celebrity A-list clients, would lower himself to lying in the press.

The public disclosure of Plaintiffs' settlement offer damages the case of the four Lead Plaintiffs and 100+ additional clients represented by Plaintiffs' Counsel, as well as the prospective class. The accompanying false allegations further damage Mr. Spencer's reputation. The publication of Plaintiffs' private written settlement will deter Plaintiffs from corresponding with defense counsel or attempting to negotiate a settlement, which is not in the best interest of the parties or the Court. Filing a post judgment motion to obtain sanctions for the improper purpose of discouraging an appeal is yet another violation of FRCP Rule 11. Defendants made it clear during a September Zoom call that they were "surprised" by the Notice of Appeal and were filing their motion to amend in response to it.

Mr. Spiro's and Ms. Concannon's misconduct, "has also made it difficult for [Mr. Spencer] to maintain a normal, professional adversarial relationship" with Quinn Emanuel, "to the extent that plaintiff's counsel cannot feel secure." *Papanicalaou*, supra, 720 F. Supp. at 1082-83. This is because the extraordinary act of leaking a purported Rule 11 letter (containing flagrant mischaracterizations of the pleadings and a false attack on opposing counsel's character) to a major circulation tabloid, and publicly filing a confidential settlement offer, and filing two frivolous repetitive motions for sanctions, violates numerous provisions of the New York Rules of Professional Conduct, including the following:

RULE 3.2 In representing a client, a lawyer shall not use means that have no substantial purpose other than to delay or prolong the proceeding or to cause needless expense.

RULE 3.3(f)(2) In appearing as a lawyer before a tribunal, a lawyer shall not engage in discourteous conduct.

RULE 3.4(a)(6) A lawyer shall not knowingly engage in conduct contrary to these Rules.

RULE 3.6(a) A lawyer who is participating in a civil matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.

RULE 4.1 In the course of representing a client, a lawyer shall not knowingly make a false statement of fact or law to a third person.

RULE 4.4(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass a third person.

Other courts have wisely cited *Papanicolaou* to support disqualification of attorneys for disparaging acts adversely affecting opposing counsel's relationship with clients. See, e.g., *Trimper v. Terminix Intern. Co., Ltd. Partnership*, 82 F.Supp.2d 1, 6+ (N.D.N.Y. 2000) and *Bedoya v. Aventura Limousine & Transp. Service, Inc*. 861 F.Supp.2d 1346, 1371+, S.D.Fla. In this case, Mr. Spiro's disparaging acts created needless expense by compelling Plaintiffs' counsel to prepare to respond to two separate motions for sanctions. It was discourteous. It involved public communications that were intended to materially prejudice the proceedings. It involved false statements of fact and law to third persons, namely the entire city of New York. And it had no substantial purpose other than to embarrass Mr. Spencer and prejudice Plaintiffs' case. By these ethical violations, Alex Spiro, his co-counsel Sarah Concannon and Brenna Nelinson, and Quinn Emanual have demonstrated a willingness to fight dirty that threatens to significantly taint the trial of this case.

For these reasons, Quinn Emanuel must be immediately disqualified from further representation of Defendants.

## II. DEFENSE COUNSEL SHOULD BE MONETARILY SANCTIONED

The Court's inherent authority to impose sanctions includes, "the power to assess costs and attorneys' fees against either the client or his attorney where a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 948 F.2d 1338, 1345 (2d Cir. 1991). Moreover, Title 28 U.S.C. § 1927 provides that any attorney appearing before a federal court, "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Sanctions imposed pursuant to § 1927 or the Court's inherent authority are, "proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose…" *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir. 1986).

Here, the vexatious, oppressive and improper nature of Spiro's and Concannon's conduct is readily apparent. Defense counsel sent a confidential and libelous 3-page letter to the news media. They baselessly refused consent to a motion for leave to amend, then delayed service of their purported Rule 11 letter in bad faith until after the TAC was filed, when they had weeks to do so before the TAC was filed. They filed a retaliatory demand for sanctions after Plaintiffs filed a Notice of Appeal, including a confidential settlement offer. Their conduct was wanton, and not only should the resulting costs incurred by Plaintiffs be reimbursed, but monetary sanctions should be imposed to deter future misconduct, to protect the public, and to uphold

public trust in the integrity, authority and dignity of the judicial system and of the legal profession.

Lastly, Defendants' fraudulent bill of $750,000 was filed with the Court and presented for an improper purpose. Defendants' previous demand for sanctions, which is nearly identical to their present motion, was already denied by the Court. Defendants' bill purports to claim fees for a seven-month period prior to their entry of appearance, it includes requests for sanctions that the Court has already denied, and considering the minimal amount of work performed by Defense counsel (three similar motions to dismiss) it would be impossible to accumulate bills close to $1 million without padding invoices and fraudulently inflating hourly rates.

Defendants have a history of overbilling: recently, a federal judge in Virginia drastically reduced Quinn Emanuel's requested fees from $1,305 and $1,385 per hour for associates and $1,690 for lead partner to $400 and $650 per hour respectively, *SS Richmond v. Harrison* 3:22-cv-405 (DJN), a nearly 70% reduction. In another case regarding Obamacare, Quinn Emanuel charged $18,000 per hour, a $185 million legal fee that was struck down by the Court of Appeals in 2023 for being "extraordinarily high." **Quinn Emanuel was also accused in that case of inflating the number of hours and failing to accurately account for more than 10,000 hours billed.** *Health Republic Insurance Co v. United States,* 1:16-cv-00259-KCD (Fed. Cl 2024). (emphasis added).

Furthermore, a case that Quinn Emanuel hailed in 2015 as a "stunning" victory ended in a dispute over legal fees between the firm and its onetime client, former oil executive Joseph Sigelman. In a demand for arbitration, Quinn Emanuel said Sigelman owed $3.69 million in unpaid legal fees but in a countersuit brought in Florida state court in Miami on March 7, 2016, Sigelman claimed that he already paid the firm $8.4 million, and that **he never received**

"**complete invoices or backup for the astronomical amount of expenses**" he was accused of

not paying.

"[A] court has the inherent power to sanction a party for perpetrating a fraud on the

court." *Kortright Capital Partners LP*, 327 F. Supp. 3d at 688. In determining whether a party

has perpetrated a fraud on the court, courts in the Second Circuit consider the following factors:

> "(1) whether the misconduct was the product of intentional bad faith; (2) whether and to
> what extent the misconduct prejudiced the other party; (3) whether there is a pattern of
> misbehavior, rather than an isolated instance; (4) whether and when the misconduct was
> corrected; and (5) whether further misconduct is likely to continue in the future."
> *McMunn v. Memorial Sloan-Kettering Cancer Center*, 191 F. Supp. 2d 440, 446
> (S.D.N.Y. 2002) (citation omitted); *accord Bravia Capital Partners, Inc. v. Fike*, No. 09-
> CV-6375 (JFK), 2015 WL 1332334, at *3 (S.D.N.Y. Mar. 25, 2015). However, "as a
> general matter, a court should not impose sanctions on a party or attorney pursuant to its
> inherent authority unless it finds, by clear and convincing evidence, that [a] party or
> attorney knowingly [made or] submitted [ ] materially false or misleading [statements and
> evidence], or knowingly failed to correct false statements, as part of a deliberate and
> unconscionable scheme to interfere with the Court's ability to adjudicate the case
> fairly." *Almeciga v. Center for Investigative Reporting, Inc.*, 185 F. Supp. 3d 401, 427
> (S.D.N.Y. 2016) (citations omitted).

Defendants' unsupported, inflated, and fraudulent legal bill of $750,000 submitted with

their motion to amend is a materially false and misleading, part of a deliberate and

unconscionable scheme, warranting the sanctioning and disqualification of defense counsel.

Overbilling is an ethical violation and a crime in the State of New York:

> "**(attorney) had knowingly overbilled the Assigned Counsel Plan for 1993 in the
> amount of approximately $6,000**, in connection with his representation of criminal
> defendants … On or about July 16, 1996, respondent pleaded guilty to a single count of
> petit larceny (Penal Law § 155.25), an A misdemeanor, in Criminal Court in connection
> with the overbilling. Charges one through three accused respondent of conduct involving
> dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional
> Responsibility DR 1–102(A)(4) (22 NYCRR 1200.3); the fourth charge accused
> respondent of engaging in conduct prejudicial to the administration of justice, in violation
> of DR 1–102(A)(5); and the fifth charge accused respondent of engaging in conduct
> adversely reflecting on his fitness to practice law, in violation of DR 1–102(A)(8), **all
> charges arising from respondent's admitted false billing**." Matter of Stone, 230
> A.D.2d 481, 482, 657 N.Y.S.2d 2, 3 (1997), reinstatement granted sub nom. In re Stone,
> 256 A.D.2d 285, 683 N.Y.S.2d 834 (1998) (emphasis added)

## III. DEFENSE COUNSEL HAVE A HISTORY OF MISCONDUCT

Defense counsel Quinn Emanuel was recently sanctioned $296 million for legal misconduct. Quinn Emanuel represented Gen Digital Inc., formerly NortonLifeLock, which was sued by Columbia University in 2013 for infringing its patented computer security technology. A federal district judge in Virginia enhanced the award by $296 million, after finding Quinn Emanuel had prevented a computer scientist from giving, "what would almost certainly be damaging testimony to Norton" at the trial. The litigation misconduct, "has been some of the most 'egregious' this court has ever observed," Judge Lauck said.

> 17. Columbia is awarded enhanced damages of 2.6 times the jury's award of One Hundred Eighty-Five Million One Hundred Twelve Thousand Seven Hundred Twenty-Seven Dollars ($185, 112,727.00), for a total damages award of Four Hundred Eighty One Million Two Hundred Ninety Three Thousand Ninety Dollars ($481,293,090.00). (ECF No. 1334.) 18. Columbia is awarded reasonable attorneys' fees related to the post-remand **litigation misconduct** identified in the Court's Memorandum Opinion re: Columbia's Motion for Enhanced Damages Under 35 U.S.C. § 284 and Columbia's Motion for Attorneys' Fees Under 35 U.S.C. § 285. (ECF No. 1333 (sealed). <u>Trustees of Columbia Univ. in the City of New York v. Gen Digital Inc.</u>, No. 3:13CV808, 2023 WL 8646273, at *2 (E.D. Va. Sept. 30, 2023) (emphasis added)

Recently in a Texas case in the District Court of Travis County, where Defendant Musk falsely accused a 22-year old of being a "neo-nazi," defense counsel accused "celebrity attorney" Alex Spiro (defense counsel in this case) of professional misconduct. *Brody v. Musk*, D-1-GN-23-6883. In that case, plaintiffs' attorney Mark Bankston's motion stated that Spiro was, "astonishingly unprofessional, as he continually interrupted the deposition with commentary, gave numerous improper instructions not to answer, berated opposing counsel, insulted plaintiff's claims, mocked counsel's questions and generally acted in the most obnoxious manner one could contemplate without crossing into parody."

In 2014, California Magistrate Judge Paul S. Grewal sanctioned Quinn Emanuel in *Apple v. Samsung*, 12-CV-00630-LHK: "Quinn Emanuel shall reimburse Apple, Nokia, and their

15

counsel for any and all costs and fees incurred in litigating this motion and the discovery
associated with it, as required by Rule 37 in the absence of 'substantial justification' or other
showing of 'harmlessness,' neither of which the court finds here. That expense, in addition to the
public findings of wrongdoing, is, in the court's opinion, sufficient both to remedy Apple and
Nokia's harm and to discourage similar conduct in the future."

Just as they have had no qualms about fighting dirty and grossly inflating their purported
fees in other cases, defense counsel are fighting dirty here, and perpetrating a fraud on the Court.

## CONCLUSION

As a result of their pattern of unethical and improper conduct, Plaintiffs respectfully
request that defense counsel be disqualified and monetarily sanctioned to compensate Plaintiffs'
counsel and to deter such conduct in the future.

WHEREFORE, Plaintiffs respectfully request the following relief:

A. That the firm of Quinn Emanual Urquhart & Sullivan and its lawyers Alex Spiro, Sarah
Concannon, and Brenna Nelinson be disqualified from representing either Defendant in
this case;

B. That a gag order be issued against Defendants and their attorneys prohibiting them from
future publications to the media until after it is resolved;

C. That an order be issued enjoining Defendants from publishing private and/or confidential
documents regarding this case with the Court, on pain of further monetary sanctions;

D. That Plaintiffs' confidential settlement offer be sealed by the Court;

E. That Plaintiffs' legal counsel be granted legal fees in the amount of $25,000 for opposing
Defendants' frivolous motion to amend;

F. That Lead Plaintiffs' be granted $100,000 for the damages caused by Defendants'
   publication of Plaintiffs' settlement offer;

G. That defense counsel be sanctioned $250,000 to penalize them and deter such conduct in
   the future,

H. And that this Court grant such other and further relief as it deems just and proper.

DATED: October 10, 2024

Respectfully submitted,

By: *s/ Evan Spencer*
Evan Spencer, Esq.
EVAN SPENCER LAW PLLC
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 10th Day of October 2024, a true and correct copy of
the above and foregoing document was electronically filed with the Clerk of the Court using the
CM/ECF system, giving notice to all parties in this action.

*/s/Evan Spencer*
Evan Spencer