**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
(202) 538-8122

WRITER'S EMAIL ADDRESS
sarahconcannon@quinnemanuel.com

October 25, 2024

**VIA ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*So ordered*
*10-25-24*
*[signature] A.K. Hellerstein*

Re:   *Johnson v. Musk, et al.*, Case No. 1:22-cv-05037-AKH

Dear Judge Hellerstein:

Pursuant to Your Honor's Individual Practices, Section 4.B, and the S.D.N.Y.'s Electronic Case Filing Rules & Instructions, Section 6, we move on behalf of Defendants Elon Musk and Tesla, Inc. ("Defendants") to maintain under seal certain redacted information filed as Exhibit 2 to the Declaration of Sarah Heaton Concannon in Further Support of Defendants' Motion to Amend, Make Additional Findings, and Amend Final Judgment Pursuant to Federal Rules of Civil Procedure 52(B) and 59(E) and 15 U.S.C. § 78u-4(C) ("Exhibit 2").

Defendants seek approval of their proposed redactions to Exhibit 2 because the redacted information contains personally identifiable information: the full names of attorneys, paralegals, and staff who have performed legal services on behalf of Defendants in this action, including individuals who are not counsel of record. Defendants' redactions are minimal, do not unnecessarily impede the presumption of public access, and are justified to protect the full names of individuals in which they have a privacy interest. These privacy interests are heightened in this action in which Plaintiffs have made two separate motions seeking disqualification and sanctions against counsel of record and have stated that they have filed disciplinary complaints with the New York State Bar Grievance Committee. Dkt. Nos. 82, 83, 85, 85-1 at 5 & 125-27.

**quinn emanuel urquhart & sullivan, llp**
ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Although documents "relevant to the performance of the judicial function and useful in the judicial process" are entitled to a presumption of public access, the presumption of access must be balanced against "competing considerations." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citation omitted). Among the relevant countervailing factors are the "privacy of those resisting disclosure" (*id.* at 120), and the "nature and degree of injury" that will result from disclosure (*Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (citation omitted)).

Defendants respectfully request that the Court grant Defendants' motion to seal the redacted portions of Exhibit 2 to the Declaration.

Respectfully submitted,

*/s/ Sarah Heaton Concannon*

Sarah Heaton Concannon