UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COLBY GOROG, JOSHUA FLINT, LOUIS ROBINSON, and MICHAEL LERRO, individually and on behalf of all others similarly situated,<br><br>                        Plaintiffs,<br><br>        v.<br><br>ELON MUSK and TESLA, INC.,<br><br>                      Defendants. | Civil Action No.: 1:22-cv-05037-AKH<br><br><br><br>**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' CROSS-MOTION TO STRIKE AND IN SUPPORT OF PLAINTIFFS' REPLY** |

*Submitted By:*

EVAN SPENCER LAW, PLLC
Evan Spencer, Esq.
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

LEGAL STANDARD ........................................................................................4

ARGUMENT..................................................................................................4

    I.      THE SPENCER DECLARATION IS
           COMPETENT EVIDENCE...............................................................5

    II.     MR. SPENCER'S AFFIDAVIT IS AMPLE EVIDENCE……………………..7

    II.     DEFENDANTS' ADDITIONAL ARGUMENTS FAIL....................................7

CONCLUSION..................................................................................................8

## <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                       **Page(s)**

*Lipsky v. Commonwealth United Corp.,*
551 F.2d 887 (2d Cir.1976)...................................................................................................4, 6

*Lynch v. Southampton Animal Shelter Found. Inc.,*
278 F.R.D. 55 (E.D.N.Y. 2011)............................................................................................4, 6

*Wideman v. United States Gov't,*
804 F. App'x 883 (10th Cir. 2020)........................................................................................6, 7

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11.................................................................................................................4, 6

Fed. R. Evid. 408...................................................................................................................7

28 U.S.C. § 1927 ..................................................................................................................4, 6

Plaintiffs Colby Gorog, Joshua Flint, Michael Lerro, and Louis Robinson ("Plaintiffs") respectfully submit this response in opposition to Defendants Elon Musk's and Tesla, Inc.'s ("Defendants") Motion to Strike ("Motion"), ECF No. 139, and in support of Plaintiffs' cross-motion for sanctions, ECF. No. 125.

## LEGAL STANDARD

"Motions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation. A Rule 12(f) motion to strike matter as impertinent or immaterial, 'will be denied, unless it can be shown that no evidence in support of the allegation would be admissible.'" *Lynch v. Southampton Animal Shelter Found. Inc*., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) *quoting Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976). "Thus, to prevail on a Rule 12(f) motion to strike, the movant must show (1) no evidence in support of the allegations would be admissible; (2) the allegations have no bearing on the relevant issues; and (3) permitting the allegations to stand would result in prejudice to the movant." *Id*. Defendants do not dispute that this is the applicable standard and Defendants fail to prove any one of these three elements.

## ARGUMENT

Defendants committed at least six major violations of the FRCP and New York Rules of Professional Conduct ("NYRPC") that warrant disqualification and sanctions: (1) Sent an FRCP Rule 11 letter with a 3-day notice rather than the required 21-day notice; (2) Sending that defamatory Rule 11 letter to the NY Post; (3) Filing a frivolous motion for sanctions in 2013; (4) Scheduling a Zoom conference to scare Plaintiffs into abandoning their appeal; (5) Filing frivolous post-judgment motions to induce Plaintiffs to abandon their appeal; and (6) Filing a confidential settlement offer with ECF in violation of a Court Order.

4

Defendants' motion to strike boils down to two main arguments. First, Defendants argue that Mr. Spencer's declaration (ECF No. 127) in support of Plaintiffs' cross-motion for sanctions is defective for lack of personal knowledge as to the factual matters asserted, thus depriving the cross-motion of any evidentiary basis. Second, Defendants falsely assert that they were never served the 21-day safe harbor notice required under Rule 11. Defendants also creatively argue that by pointing, in a Rule 11 motion, to 28 U.S.C. § 1927 as an additional ground for imposing sanctions, Plaintiffs violated the requirement of Rule 11(c)(2) that "[a] motion for sanctions must be made separately from any other motion." Furthermore, having made repeated and gratuitous ad hominem attacks on Plaintiffs' counsel, including in the *New York Post*, Defendants feign offense that Plaintiffs have the temerity to point out their misconduct, and accuse Plaintiffs' counsel, with *absolutely no factual basis*, of unprofessionalism and the use of hurtful "epithets." Plaintiffs address each of Defendants' arguments in turn.

Defendants ignore the fact that pursuant to FRCP Rule 11(c)(3), on the Court's Initiative. On its own, the court may order any attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b), which is appropriate here where Defendants have violated a Court Order and committed a total of at least 6 ethical violations.

## I.    THE SPENCER DECLARATION IS COMPETENT EVIDENCE

Defendants assert that the Spencer Declaration, ECF No. 127, "should be stricken because [it] does not present a *single fact* supported by personal knowledge as required by [Fed. R. Evid.] 602," ECF No. 141, p. 1, and that, "Spencer does not even claim to have personal knowledge of the matters asserted in his Declaration." *Id*., p. 3. Defendants' assertions there verge on the frivolous: the Spencer Declaration clearly states, "during my Zoom conference with defense counsel, they made it clear that they were 'surprised' by my Notice of Appeal and that

their motion to amend and sanction was in response to the Notice of Appeal." ECF No. 127, ¶ 7. This is patently a matter of personal knowledge which speaks directly to the entire theory of Plaintiff's Cross Motion (ECF No. 125), *viz*., that "Defendants' motion to amend was filed for the improper purpose of discouraging an appeal by Plaintiffs." ECF No. 126, p. 6. Indeed, Defendants readily concede that Paragraph 7 of the Spencer Declaration asserts factual matter based on personal knowledge, when they argue that, "Spencer incorrectly summarizes the meet and confer between counsel that took place on September 25, 2024." ECF No. 141, p. 12.

Defendants adduce no authority for their argument that a Declaration absolutely must include an explicit recitation that it is made from personal knowledge; and of course, "[the] court will not consider issues adverted to in a perfunctory manner..." *Wideman v. United States Gov't*, 804 F. App'x 883, 889 (10th Cir. 2020). Defendants assert that, "there is no basis to 'reasonably infer personal knowledge from the declaration itself.'" ECF No. 141, *quoting Campbell Harrison & Dagley*, *L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 App'x 192, 198 (5th Cir. 2018). Again, this argument verges on the frivolous. Obviously, if Mr. Spencer declares that he was party to a conversation, and recounts details of that conversation, there is a reasonable basis to infer that he is asserting those matters from personal knowledge. If Mr. Spencer's account of a conversation he was a party to is not "based on personal knowledge," then neither is Defense Counsel Sarah Concannon's account of that same conversation, and her Declaration (ECF No. 142) which purports to recount that conversation, should likewise be stricken. But a motion to strike, "will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lynch v. Southampton Animal Shelter Found. Inc*., 278 F.R.D. 55, 63 (E.D.N.Y. 2011) *quoting Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir.1976). Clearly, Defendants' motion to strike cannot make that showing, and must be denied.

## II.    MR. SPENCER'S AFFIDAVIT IS AMPLE EVIDENCE

In response to Defendants' allegations and criticisms regarding the declaration of Plaintiffs' attorney Evan Spencer ECF No. 127, an 11-page affidavit by Mr. Spencer is attached, ECF No. 145, in conjunction with this response to support and clarify this declaration, along with six exhibits in support **(Exhibits "A – F").**

## III.    DEFENDANTS ADDITIONAL ARGUMENTS FAIL

Defendants make a number of additional arguments and assertions. *First*, Defendants assert that they were never served safe harbor notice. However, Defendants were served safe harbor notice on October 28, 2024. *See* Spencer Affidavit, ECF No. 145. Plaintiffs were deterred from providing this notice (until it became necessary after Defendants filed their Motion to Strike), due to Defendants' practice of publicizing the parties' confidential correspondence. *See* Spencer Declaration, ECF No. 127, ¶ 4. Furthermore, Plaintiffs filed numerous documents on October 10, 2024, ECF No. 119-127, including three memorandums of law and five declarations plus exhibits which put Defendants on notice that their motion to amend was frivolous.

*Second*, Defendants creatively argue that, by pointing, in a Rule 11 motion, to 28 U.S.C. § 1927 as an additional ground for imposing sanctions, Plaintiffs violated the requirement of Rule 11(c)(2) that "[a] motion for sanctions must be made separately from any other motion." Again, this argument verges on the frivolous. By its plain language, Rule 11(c)(2) does not preclude a movant from seeking sanctions under both Rule 11 and § 1927, and Defendants adduce no authority to suggest that the Court must read Rule 11(c)(2) that way. Again, "[the] court will not consider issues adverted to in a perfunctory manner..." *Wideman v. United States Gov't*, 804 F. App'x 883, 889 (10th Cir. 2020).

7

*Third*, Defendants argue that the confidential email they docketed, "is not marked private, confidential, settlement privileged, or pursuant to Federal Rule of Evidence 408." ECF No. 141, p. 10. But a settlement offer is *always* subject to Fed. R. Evid. 408. Again, Defendants adduce no authority for their suggestion that the Court require an explicit recitation here. Once more, Defendants' argument verges on the frivolous. Had they not realized that their docketing of the settlement offer was wrongful and prejudicial, they would not have filed a letter motion to seal, ECF No. 129, on Columbus Day (a court holiday), in direct response to the Cross-Motion filed four days earlier. ECF No. 125. Defendants' docketing of confidential correspondence directly violated an order of this Court, and they knew it. *See* ECF No. 105 ("My ruling in this instance does not prevent either side from seeking sanctions if there are further public disclosures of private correspondence.")

## **CONCLUSION**

For the reasons set forth above, Defendant's motion to strike should be denied and Plaintiff's motion for sanctions and to disqualify should be granted.

Respectfully submitted,

By: *s/ Evan Spencer*
Evan Spencer, Esq.
EVAN SPENCER LAW PLLC
305 Broadway, 7th Floor
New York, NY 10007
(917) 547-4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

*Attorney for Plaintiffs*

8

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 8th, 2024, a true and correct copy of the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, giving notice to all parties in this action.

*/s/ Evan Spencer*
Evan Spencer

9