

Evan Spencer <evan@evanspencerlaw.com>

---

## Re: Johnson v. Musk, et al. - CONFIDENTIAL RULE 11 FRCP 21-DAY SAFE HARBOR NOTICE
2 messages

---

**Evan Spencer** <evan@evanspencerlaw.com>  Mon, Oct 28, 2024 at 7:33 PM
To: Sarah Heaton Concannon <sarahconcannon@quinnemanuel.com>, alexspiro@quinnemanuel.com

Counselors:

This is a confidential 21-day safe harbor notice under FRCP Rule 11, regarding your frivolous and unethical motion filed September 27, 2024, the attached exhibit (my confidential settlement offer), and your subsequent reply and request for oral argument. As you are aware, the Court already denied your motion for sanctions regarding the TAC, stating that "**Plaintiffs have presented non-frivolous and good-faith issues to litigate, which are appropriate for dispositive motions and at trial,**" so the matter of PSLRA and FRCP Rule 11 sanctions is res judicata. Since that order was entered, Plaintiffs modified their pleadings once in good faith to the best of their ability *with the permission of the Court* based upon the arguments made in your motion to dismiss the TAC and the instructions given by the Court, by reducing its length, exhibits, and footnotes. Plaintiffs' memorandum of law and declarations in opposition to your motion, the expert narrative report of Dr. Stan Smith along with Plaintiffs' 51-page memorandum in opposition to your motion to dismiss the 4AC demonstrate that my clients and I acted in good faith and did not violate the PSLRA or FRCP Rule 11.

While the PSLRA provides no 21-day safe harbor period, any Rule 11 grievances you may have had regarding the state law claims in the 4AC required a 21-day safe harbor notice so your request for sanctions under the 4AC's state law claims is frivolous. The 4AC was otherwise substantially similar to the TAC and was in no way frivolous. In fact, prior to filing the 4AC, I spoke with one of the nation's top economists, who confirmed the financial allegations of the 4AC and your client's liability. Multiple class action securities law firms have confirmed the legitimacy of this case from a legal standpoint and multiple appellate attorneys admitted in the Second Circuit have advised me that my clients have a viable appeal. My expert economist estimates there is a class of 7 million people with damages of approximately $5 billion.

It is 100% clear that your post-judgment motions and threats are desperate attempts to keep this case out of the Second Circuit Court of Appeals. I could provide a dozen valid reasons for our appeal, but I'm not required to do so at this time in the District Court as this might prejudice my clients' case. Your motion violates FRCP Rule 11(b)(1) because it is being presented for the improper purpose of preventing and/or delaying an appeal and increasing costs for Plaintiffs. Your motion violates FRCP Rule 11(b)(2) because it is not, "warranted by existing law," as

you are seeking sanctions for a case that the Court has already said is "non-frivolous" with "good-faith issues." You only filed your motion to amend after a Notice of Appeal was filed and during our Zoom call Ms. Concannon said she was "surprised" at the Notice of Appeal and indicated that your forthcoming motion was in response to the Notice of Appeal. You do not have a good faith belief that your clients are entitled to attorney's fees, rather, you are simply trying to bully my clients and I into abandoning the appeal.

If you do not withdraw your motion to amend within 21 days and allow Plaintiffs to pursue their appeal without further harassment, you will be responsible for all costs incurred in Plaintiffs' opposition to your frivolous motions after they are denied, all costs of Plaintiffs' responses, replies, cross-motion, oral arguments and all damages suffered as a result of your publication of Plaintiffs' confidential offer of settlement. If your defense is as strong as you think, you'll have no problem winning the appeal and the case will be over forever without the possibility of new cases arising with other attorneys or Plaintiffs.

The reason I did not send an FRCP 21-day notice sooner is because you have engaged in a pattern of sending confidential documents to the media and filing them with the Court. However, since you requested a 21-day safe harbor notice in your most recent filings, I have attached this confidential Rule 11 notice with the hope that it remains confidential and that you act in good faith and enter a joint stipulation to withdraw your post-judgment motions.

Sincerely,

*Evan Spencer*
**EVAN SPENCER**
Evan Spencer Law, PLLC

Tel. 917.547.4665
Evan@EvanSpencerLaw.com
EvanSpencerLaw.com

305 Broadway, 7th Floor
New York, NY 10007

**Confidentiality:** This e-mail and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this e-mail in error please notify the sender immediately at the address shown above and delete this message from your computer without further action. Any dissemination, distribution or copying of this message or any files transmitted with it by an unauthorized recipient is strictly prohibited. THIS CONFIDENTIAL DOCUMENT MAY NOT BE FILED WITH THE COURT OR SHARED WITH THE PUBLIC, MEDIA, OR ANY THIRD PARTIES.

📄 **FRCP Rule 11 Letter 10.28.24.pdf**
138K

---

**Evan Spencer** <evan@evanspencerlaw.com>                                          Tue, Nov 5, 2024 at 8:16 PM
To: Aaron Cress <aaron.cress@yahoo.com>

[Quoted text hidden]